**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THERESA MARIE SIMEONE, Personal | : | |
| Representative of the Estate of Albert | : | |
| Francis Simeone, Jr. Deceased, and | : | CIVIL ACTION NO. 02CV4852 |
| THERESA MARIE SIMEONE, In Her Own Right | : | |
| 52 Pusey Mill Road | : | |
| Cochranville, PA  19330 | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | |
| MARY ANN LENGYEL, Personal | : | |
| Representative of the Estate of George Lengyel, | : | |
| Deceased, and MARY ANN LENGYEL, | : | |
| In Her Own Right | : | |
| 3 Cannoner Circle | : | |
| Chadds Ford, PA  19317 | : | |
| | : | |
| v. | : | |
| | : | |
| BOMBARDIER-ROTAX GmbH, Individually | : | |
| And as a Joint Venture and/or d/b/a Rotax | : | |
| A-4623 Gunskirchen, Austria | : | |
| | : | |
| and | : | |
| | : | |
| BOMBARDIER, INC., Individually and as a Joint | : | |
| Venture and/or d/b/a Rotax | : | |
| 800 Rene-Levesque Boulevard | : | |
| 29th Floor | : | |
| Montreal, Quebec | : | |
| Canada H3B 1Y8 | : | |
| | : | |
| and | : | |
| | : | |
| BOMBARDIER CORPORATION, Individually | : | |
| and as a Joint Venture and/or d/b/a Rotax | : | |
| c/o CT Corporation System | : | |
| 1515 Market Street, Suite 1210 | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| and | : | |
| | : | |

KODIAK RESEARCH LTD., Nassau, Bahamas          :
Individually and as a Joint Venture and/or d/b/a     :
Rotax                                          :
P.O. Box N9455                                 :
Nassau, The Bahamas                            :
                                               :
              and                              :
                                               :
ROTECH RESEARCH CANADA                         :
LTD., a/k/a KODIAK RESEARCH                     :
CANADA, LTD., Individually and as a Joint      :
Venture and/or d/b/a Rotax                     :
6235 Okanagan Landing Road                     :
Vernon, British Columbia                       :
Canada  V1H 1MS                                :
                                               :
              and                              :
                                               :
INTERPLANE USA, INC., Individually and as a    :
Joint Venture and/or d/b/a Skyboy Sport Aircraft :
3460 Airplane Drive                            :
Lakeland, FL  33540                            :
                                               :
              and                              :
                                               :
INTERPLANE USA, LLC, Individually and as a     :
Joint Venture and/or d/b/a Skyboy Sport Aircraft :
39440 South Avenue                             :
Zephyrhills, FL  33540                         :
                                               :
              and                              :
                                               :
INTERPLANE, spol.s.r.o, Individually and as a  :
Joint Venture and/or d/b/a Skyboy Sport Aircraft :
285 21 Zbraslavice                             :
Czech Republic                                 :
                                               :
              and                              :
                                               :
INTER-PLANE, INC., Individually and as a       :
Joint Venture and/or d/b/a Skyboy Sport Aircraft :
146 Monroe Center                              :
Suite 1326                                     :
Grand Rapids, MI  49503                        :
                                               :
              and                              :

2

INTERPLANE USA, INC., Individually and as a                    :
Joint Venture and/or d/b/a Skyboy Sport Aircraft              :
30 Lee Gate Lane                                              :
Grosse Pointe Farms, MI  48236                               :
                                                             :
                    and                                      :
                                                             :
INTERPLANE USA, LLC, Individually and as a                    :
Joint Venture and/or d/b/a Skyboy Sport Aircraft              :
30 Lee Gate Farm                                             :
Grosse Pointe Farm, MI  48236                               :
                                                             :
                    and                                      :
                                                             :
INTERPLANE LLC, Individually and as a                         :
Joint Venture and/or d/b/a Skyboy Sport Aircraft              :
39440 South Avenue                                           :
Zephyrhills, FL  33540                                        :
                                                             :
                    and                                      :
                                                             :
JERSEY CENTRAL POWER AND                                     :
LIGHT COMPANY, Individually and as a Joint                    :
Venture and/or d/b/a GPU ENERGY,                             :
METROPOLITAN EDISON, PENNSYLVANIA                            :
ELECTRIC, GPU, INC., AND FIRST ENERGY                        :
c/o CT Corporation Systems                                   :
1515 Market Street, Suite 1210                               :
Philadelphia, PA 19102                                       :
                                                             :
                    and                                      :
                                                             :
METROPOLITAN EDISON, Individually and as                      :
A Joint Venture and/or d/b/a GPU ENERGY, INC.                 :
JERSEY CENTRAL POWER AND LIGHT                               :
COMPANY, PENNSYLVANIA ELECTRIC                               :
COMPANY, GPU, INC., AND FIRSTENERGY                          :
CORPORATION                                                  :
2800 Pottsville Pike                                         :
Reading, PA  19640                                           :
                                                             :
                    and                                      :
                                                             :
PENNSYLVANIA ELECTRIC COMPANY,                               :
Individually and as a Joint Venture and/or                   :
d/b/a GPU, ENERGY, INC., JERSEY CENTRAL                       :

3

POWER AND LIGHT COMPANY,                          :
METROPOLITAN EDISON COMPANY, GPU,                 :
INC., AND FIRST ENERGY CORPORATION               :
c/o CT Corporation Systems                        :
1515 Market Street, Suite 1210                    :
Philadelphia, PA  19102                           :
                                                  :
             and                                  :
                                                  :
GPU, INC., Individually and as a Joint            :
Venture and/or d/b/a JERSEY CENTRAL               :
POWER AND LIGHT COMPANY,                          :
GPU ENERGY, INC., METROPOLITAN                    :
EDISON COMPANY, PENNSYLVANIA                      :
ELECTRIC COMPANY, GPU, INC., AND                  :
FIRST ENERGY CORPORATION                          :
300 Madison Avenue                                :
Morristown, NJ  07960                             :
                                                  :
             and                                  :
                                                  :
GPU ENERGY, INC., Individually and as a Joint     :
Venture and/or d/b/a JERSEY CENTRAL               :
POWER AND LIGHT COMPANY,                          :
GPU ENERGY, INC., METROPOLITAN                    :
EDISON COMPANY, PENNSYLVANIA                      :
ELECTRIC COMPANY, GPU, INC., AND                  :
FIRSTENERGY CORPORATION                           :
300 Madison Avenue                                :
Morristown, NJ  07960                             :
                                                  :
             and                                  :
                                                  :
FIRST ENERGY CORPORATION , Individually           :
and as a Joint Venture and/or d/b/a  GPU ENERGY   :
METROPOLITAN EDISON                               :
COMPANY, PENNSYLVANIA                             :
ELECTRIC COMPANY, GPU, INC., AND                  :
JERSEY CENTRAL POWER AND LIGHT                    :
COMPANY,                                          :
76 South Main Street                              :
Akron, OH  44308                                  :

4

## CIVIL ACTION

Defendants, INTERPLANE USA, L.L.C., INTERPLANE USA, LLC., INTERPLANE, spol.s.r.o., and INTERPLANE LLC, (HEREINAFTER "Interplane"), incorrectly named as INTERPLANE USA, INC., INTERPLANE USA, LLC, INTER-PLANE, INC., INTERPLANE USA, INC., INTERPLANE USA, LLC., and INTERPLANE LLC., present the following Answers to Plaintiff's Complaint:

1.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of the Complaint, and demands strict proof thereof at the time of trial.

2.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of the Complaint, and demands strict proof thereof at the time of trial.

3.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 3 of the Complaint, and demands strict proof thereof at the time of trial.

4.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and demands strict proof thereof at the time of trial.

5.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Complaint, and demands strict proof thereof at the time of trial.

6.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of the Complaint, and demands strict proof thereof at the time of trial.

7.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the Complaint, and demands strict proof thereof at the time of trial.

8.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 8 of the Complaint, and demands strict proof thereof at the time of trial.

785969 v.1

9.      Interplane denies the allegations contained in Paragraph 9 of the Complaint. Further answering, Interplane states that Interplane USA, LLC (improperly named as Interplane USA, Inc.) is a Florida Corporation with its principal place of business located in Florida and is in the business of owning Interplane LLC.

10.      Interplane denies the allegations in paragraph 10 of the Complaint.  Further answering, Interplane states that Interplane USA, L.L.C., (improperly named as Interplane USA, Inc.) is a Michigan corporation with its principal place of business in Florida, and is in the business of leasing hangar space in Lakeland, Florida to unrelated parties, and was dissolved on December 31, 2002 due to continuous operating losses.

11.      Interplane admits Interplane, spol.s.r.o., is a Czech Republic corporation in the business of designing, manufacturing, building, and selling aircraft parts assemblies and completed aircraft within the Czech Rebuplic, including Skyboy ultralight aircraft. Interplane denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 12, and demands strict proof thereof at the time of trial.  Further answering, Interplane has no knowledge of, information regarding, and/or associations and business dealings with the Grand Rapids, Michigan corporation Inter-Plane, Inc. and/or InterPlane, Inc.

13.      Interplane denies the allegations contained in Paragraph 13 of the Complaint. Further answering, Interplane states that Interplane USA, L.L.C. is a Michigan corporation with its principal place of business in Florida, and is in the business of owning Interplane LLC.

14.      Interplane denies the allegations contained in Paragraph 14 of the Complaint. Further answering, Interplane states that Interplane USA LLC is a Florida Corporation with its

6

principal place of business in Florida, and is in the business of leasing hangar space in Lakeland, Florida to unrelated parties, and was dissolved on December 31, 2002 due to continuous operating losses.

15.     Interplane denies the allegations of paragraph 15 of the Complaint.  Further answering, Interplane states that Interplane LLC is a Florida corporation with its principal place of business in Florida, and is in the business of buying and selling aircraft parts and assemblies purchased from Interplane, spol.s.r.o., and other suppliers of aircraft parts including but not limited to Warp Drive Propellors, Lockwood Aviation Engine Parts, Gulf Coast Avionics, Karrels Aviation Accessories, and sells kits, parts, and fully assembled aircraft through dealers and direct sales, including the subject aircraft.

16.     Interplane denies the allegations contained in Paragraph 16 of the Complaint.

17.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 17 of the Complaint, and demands strict proof thereof at the time of trial.

18.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 18 of the Complaint, and demands strict proof thereof at the time of trial.

19.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 19 of the Complaint, and demands strict proof thereof at the time of trial.

20.     Interplane denies that the jurisdiction is proper, as alleged in Paragraph 20 of the Complaint.

21.     Interplane denies the allegations set forth in paragraph 21 of the Complaint, as they relate to Interplane.  Further answering, Interplane has insufficient knowledge to either admit or deny the remaining allegations in paragraph 21 of the Complaint.

785969 v.1

22.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 22 of the Complaint, and therefore deny the allegations contained in Paragraph 22 of the Complaint, and demands strict proof thereof at the time of trial.

23.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 23, and therefore deny the allegations contained in Paragraph 23 of the Complaint, and demands strict proof thereof at the time of trial.

24.    Interplane denies that "the Interplane Defendants" designed, built, manufactured, sold and supported the aircraft the Plaintiffs' decedents were traveling in on July 22, 2000. Interplane has insufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 24 of the Complaint, and demands strict proof thereof at the time of trial.

25.    Interplane admits that Bombardier defendants had supplied Rotax powerplants to Interplane.  Interplane denies the remaining allegations of paragraph 25 of the Complaint.

26.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 26 of the Complaint, and demands strict proof thereof at the time of trial.

27.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 27 of the Complaint, and demands strict proof thereof at the time of trial.

28.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 28 of the Complaint, and demands strict proof thereof at the time of trial.

29.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 29 of the Complaint, and demands strict proof thereof at the time of trial.

30.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 30 of the Complaint, and demands strict proof thereof at the time of trial.

31.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 31 of the Complaint, and demands strict proof thereof at the time of trial.

32.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 32 of the Complaint, and demands strict proof thereof at the time of trial.

33.    Interplane denies the allegations contained in paragraph 33 of the Complaint.

34.    Interplane denies the allegations contained in Paragraph 34 of the Complaint.

35.    Interplane denies the allegations contained in Paragraph 35 of the Complaint.

36.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 36 of the Complaint, and demands strict proof thereof at the time of trial.

37.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 37 of the Complaint, and demands strict proof thereof at the time of trial.

38.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 38 of the Complaint, and demands strict proof thereof at the time of trial.

39.    Interplane cannot either admit or deny the allegations contained in Paragraph 39 of the Complaint, as they call for a legal conclusion.

40.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 40 of the Complaint, and demands strict proof thereof at the time of trial.

41.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 41 of the Complaint, and demands strict proof thereof at the time of trial.

42.    Interplane incorporates by reference its answers to Paragraphs 1 through 41 of the Complaint as though set forth herein.

43.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 43 of the Complaint, and demands strict proof thereof at the time of trial.

785969 v.1

44.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 44 of the Complaint, and demands strict proof thereof at the time of trial.

45.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 45 of the Complaint, and demands strict proof thereof at the time of trial.

46.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 46, including subparagraphs (a. - l.) of the Complaint, and demands strict proof thereof at the time of trial.

47.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 47 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations in paragraph 47 of the Complaint to the extent that it is directed to Interplane.

48.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 48 of the Complaint, and demands strict proof thereof at the time of trial.

49.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 49 of the Complaint, and demands strict proof thereof at the time of trial.

50.     Interplane incorporates by reference paragraphs 1 through 49 as though set forth herein.

51.     Interplane admits those duties imposed by law, but denies the remaining allegations contained in Paragraph 51 of the Complaint

52.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 52 of the Complaint, and demands strict proof thereof at the time of trial.

53.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 53 of the Complaint, and demands strict proof thereof at the time of trial.

10

785969 v.1

54.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 54 of the Complaint, and demands strict proof thereof at the time of trial.

55.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 55 of the Complaint, including subparagraphs (a. - l.), and demands strict proof thereof at the time of trial.

56.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 56 of the Complaint, and demands strict proof thereof at the time of trial.

57.     Interplane incorporates by reference its answers to Paragraphs 1 through 56 of the Complaints as though set forth herein.

58.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 58 of the Complaint, and demands strict proof thereof at the time of trial.

59.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 59 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 59 of the Complaint to the extent that they are directed to Interplane.

60.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 60 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 60 of the Complaint to the extent that they are directed to Interplane.

61.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 61 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 61 of the Complaint to the extent that they are directed to Interplane.

785969 v.1

62.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 62 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 62 of the Complaint to the extent that they are directed to Interplane.

63.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 63 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 63 of the Complaint to the extent that they are directed to Interplane.

64.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 64 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 64 of the Complaint to the extent that they are directed to Interplane.

65.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 65 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 65 of the Complaint to the extent that they are directed to Interplane.

66.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 66 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 66 of the Complaint to the extent that they are directed to Interplane.

67.      Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 67 of the Complaint, and demands strict proof thereof at the time of trial.

785969 v.1

Further answering, Interplane denies the allegations contained in Paragraph 67 of the Complaint to the extent that they are directed to Interplane.

68.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 68 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 68 of the Complaint to the extent that they are directed to Interplane.

69.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 69 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 69 of the Complaint to the extent that they are directed to Interplane.

70.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 70 of the Complaint, and demands strict proof thereof at the time of trial.

71.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 71 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 71 of the Complaint to the extent that they are directed to Interplane.

72.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 72 of the Complaint, and demands strict proof thereof at the time of trial.

73.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 73 of the Complaint, and demands strict proof thereof at the time of trial. Further answering, Interplane denies the allegations contained in Paragraph 73 of the Complaint to the extent that they are directed to Interplane.

785969 v.1

74.     Interplane incorporates by reference its answers to Paragraphs 1 through 73 as though set forth herein.

75.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 75 of the Complaint, and demands strict proof thereof at the time of trial.

76.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 76 of the Complaint, and demands strict proof thereof at the time of trial.

77.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 77 of the Complaint, and demands strict proof thereof at the time of trial.

78.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 78 of the Complaint, and demands strict proof thereof at the time of trial.

79.     Interplane can neither admit nor deny the allegations contained in Paragraph 79 of the Complaint, as they call for legal conclusions.

80.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 80 of the Complaint, and demands strict proof thereof at the time of trial.

81.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 81 of the Complaint, and demands strict proof thereof at the time of trial.

82.     Interplane incorporates by reference its answers to Paragraphs 1 through 81 of the Complaint as though set forth herein.

83.     Interplane can neither admit nor the allegations contained in Paragraph 83 of the Complaint, as they call for a legal conclusion.

84.     Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 84 of the Complaint, and demands strict proof thereof at the time of trial.

785969 v.1

85.     Interplane denies the allegations contained in Paragraph 85, including subparagraphs (a.- l.), of the Complaint.

86.     Interplane denies the allegations contained in Paragraph 86 of the Complaint.

87.     Interplane denies the allegations contained in Paragraph 87 of the Complaint.

88.     Interplane denies the allegations contained in Paragraph 88 of the Complaint.

89.     Interplane denies the allegations contained in Paragraph 89 of the Complaint.

90.     Interplane incorporates by reference its answers to Paragraphs 1 through 89 as though set forth herein.

91.     Interplane admits those duties imposed by law, but denies the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Interplane denies the allegations contained in Paragraph 92, including subparagraphs (a. - q.) of the Complaint.

93.     Interplane denies the allegations contained in Paragraph 93 of the Complaint.

94.     Interplane incorporates by reference its answers to Paragraphs 1 through 93 of the Complaint as though set forth herein.

95.     Interplane denies the allegations contained in Paragraph 95 of the Complaint.

96.     Interplane admits all warranties imposed by law subject to contractual releases and waivers.  Further answering, Interplane denies the remainder of the allegations contained in Paragraph 96 of the Complaint.

97.     Interplane cannot either admit or deny the allegations contained in Paragraph 97 of the Complaint, as they call for conclusions of law.

99.     Interplane denies the allegations contained in Paragraph 99 [sic] of the Complaint.

100.    Interplane denies the allegations contained in Paragraph 100 of the Complaint.

15

101.    Interplane denies the allegations contained in Paragraph 101 of the Complaint.

102.    Interplane incorporates by reference its answers to Paragraphs 1 through 101 of

103.    Interplane admits those duties imposed by law, but denies the remaining allegations contained in Paragraph 103 of the Complaint.

104.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 104, including subparagraphs (a. - j.), of the Complaint, and demands strict proof thereof at the time of trial.

105.    Interplane has insufficient knowledge to either admit or deny the allegations contained in Paragraph 105 of the Complaint, and demands strict proof thereof at the time of trial.

WHEREFORE, Defendants deny that the Plaintiffs are entitled to a judgment in their favor in any amount whatsoever, and respectfully requests that this Court dismiss the Complaint and enter judgment in favor of the Defendant.

## AFFIRMATIVE DEFENSES

By way of further answering, since the laws of states, other than Pennsylvania, may apply in the adjudication of the Complaint, Interplane Defendants plead affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE
## COMPARATIVE FAULT

For their first affirmative defense to the Complaint, Interplane states that the injuries and death of the Plaintiffs' decedents and the Plaintiffs' claimed injuries and/or damages were directly and proximately caused by the negligence of Francis Simeone, Jr. and/or George Lengyel in that on July 22, 2000, one or both of them breached the duty of care owed to themselves and their passengers, in one or more of the following respects:

16

785969 v.1

a)  operating the subject accident aircraft without becoming properly acquainted with its controls and characteristics;

b)  failing to conduct regular and routine inspections and thereby failing to recognize any potentially hazardous anomalies;

c)  failing to conduct a proper pre-flight examination and thereby failing to recognize any potentially hazardous anomalies;

d)  failing to familiarize themselves with the hazards present in the intended area of operations;

e)  failing to properly conduct and execute weight and balance procedures for the aircraft;

f)  operation of the accident aircraft in a manner not intended by the manufacturer(s) and/or distributor(s);

g)  operation of the accident aircraft that had been adversely and materially altered since its original design and/or manufacture;

h)  knowingly failing to properly maintain the accident aircraft and operation of the accident aircraft;

i)  failing to properly execute the landing of the accident aircraft;

j)  failing to keep a proper lookout for potential hazards, such as power lines;

k)  failing to maintain and operate the accident aircraft in a safe manner;

l)  accepting flight from a pilot lacking the skills and experience to competently execute the duties and responsibilities as a pilot;

m) operating the accident aircraft in a careless and reckless manner; and

17

n)  continuing to operate the accident aircraft for an excessive amount of time after complications, as alleged in the complaint, arose.

WHEREFORE, Interplane's liability, if any, should be subject to a pro-rata reduction equal to the Plaintiffs' decedents' comparative fault along with such other and further relief as this Court may deem to be just and proper.

## SECOND AFFIRMATIVE DEFENSE
## ASSUMPTION OF RISK

For their second affirmative defense to the Complaint, Interplane alleges that the Plaintiffs' decedents, Francis Simeone, Jr. and/or George Lengyel assumed the risk of any and all injuries, death, or damages, alleged in the Complaint, arising out of, or in connection with the accident on July 22, 2000 through one or more of the following actions:

a)  knowingly engaging in an ultrahazardous activity;

b)  flying on board the accident aircraft in light of all known risks inherent in the operation of said aircraft, including, but not limited to, all risks alleged by Plaintiffs in their Complaint;

c)  knowingly accepting flight in the accident aircraft without a properly qualified or experienced pilot on board; and

d)  voluntarily and knowingly proceeded in the face of an obvious and dangerous condition presented by flying and landing the accident aircraft, thereby relieving the Interplane Defendants of any duty and/or responsibilities for the wrongful deaths, injuries and damages alleged in the Complaint.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

785969 v.1

## THIRD AFFIRMATIVE DEFENSE
## DETRIMENTAL RELIANCE

For their third affirmative defense to the Complaint, Interplane states that to the extent the engine on the accident aircraft was defective in any manner, which Interplane denies, such information was withheld from Interplane by the Bombardier Defendants on whom Interplane relied upon at all material times related to the allegations of the Complaint.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## FOURTH AFFIRMATIVE DEFENSE
## THIRD PARTY ACTIONS

For their fourth affirmative defense to the Complaint, Interplane states that the injuries and death of the Plaintiffs' decedents and the Plaintiffs' claimed injuries and/or damages were directly and proximately caused by the actions of one or more third parties that Interplane had no right or ability to control, including, but not limited to, those other entities named in Plaintiffs' Complaint in the manner stated therein.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## FIFTH AFFIRMATIVE DEFENSE
## CONTRIBUTORY NEGLIGENCE

For their fifth affirmative defense to the Complaint, Interplane states that the injuries and death of the Plaintiffs' decedents and the Plaintiffs' claimed injuries and/or damages were directly and proximately caused by the negligence of Francis Simeone, Jr. and/or George Lengyel, in that on July 22, 2000 one or both of them breached the duty of care owed to themselves and their passenger, in one or more of the following respects:

19

785969 v.1

a)  operating the subject accident aircraft without becoming properly acquainted with its controls and characteristics;

b)  failing to conduct regular and routine inspections and thereby failing to recognize any potentially hazardous anomalies;

c)  failing to conduct a proper pre-flight examination and thereby failing to recognize any potentially hazardous anomalies;

d)  failing to familiarize themselves with the hazards present in the intended area of operations;

e)  failing to properly conduct and execute weight and balance procedures for the aircraft;

f)  operation of the accident aircraft in a manner not intended by the manufacturer(s) and/or distributor(s);

g)  operation of the accident aircraft that had been adversely and materially altered since its original design and/or manufacture;

h)  knowingly failing to properly maintain the accident aircraft and operating the accident;

i)  failing to properly execute the landing of the accident aircraft;

j)  failing to keep a proper lookout for potential hazards, such as power lines;

k)  failing to maintain and operate the accident aircraft in a safe manner;

l)   accepting flight from a pilot lacking the skills and experience to competently execute the duties and responsibilities as a pilot;

m) operating the accident aircraft in a careless and reckless manner; and

785969 v.1

n) continuing to operate the accident aircraft for an excessive amount of time after complications arose.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## SIXTH AFFIRMATIVE DEFENSE
## STATE OF ART

For their sixth affirmative defense to the Complaint, Interplane states that the Plaintiffs' Decedents voluntarily piloted and/or accepted passage in the accident aircraft, which incorparted a state of the art ultralight aircraft design and components, in all respects, in that there is no other economically feasible alternative to perform according to the intended use, thereby relieving the Interplane Defendants of any duty and or liability for the injuries, wrongful deaths, and/or damages alleged in the Complaint.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## SEVENTH AFFIRMATIVE DEFENSE
## ABNORMAL USE DOCTRINE

For their seventh affirmative defense to the Complaint, Interplane states that notwithstanding the Plaintiffs' strict liability and warranty claims, the injuries and death of the Plaintiffs' decedents and the Plaintiffs' claimed injuries and/or damages were directly and proximately caused by Francis Simeone, Jr. and/or George Lengyel failure to use the accident aircraft for its intended purposes on July 22, 2000, in that one or both of the Plaintiffs' Decedents abnormally used the accident aircraft, in one or more of the following respects:

a) operating the accident aircraft without being properly acquainted with its controls and characteristics;

21

b)  failing to maintain the accident aircraft and thereby failing to recognize any potentially hazardous anomalies;

c)  failing to conduct a proper pre-flight examination and thereby failing to recognize any potentially hazardous anomalies;

d)  failing to operate the accident aircraft in accordance within FAA standards and regulations;

e)  failing to properly conduct and execute weight and balance procedures for the aircraft;

f)  operating the accident aircraft in a manner not intended by the manufacturer(s) and/or distributor(s);

g)  operating the accident aircraft with adversely and materially altered parts and /or components since its original design and/or manufacture;

h)  failing to properly execute the landing of the accident aircraft;

i)  failing to operate the accident aircraft in a safe manner to avoid potential hazards, such as power lines;

j)  accepting flight from a pilot lacking the skills and experience to competently execute the duties and responsibilities as a pilot;

k)  operating the accident aircraft in a careless and reckless manner; and continuing to operate the accident aircraft for an excessive amount of time after the complications, as alleged in the Complaint, arose.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

785969 v.1

## EIGHT AFFIRMATIVE DEFENSE
## COMPARATIVE FAULT STRICT LIABLITY

For their eighth affirmative defense to the Complaint, Interplane states that the one, or both of the Plaintiffs' decedents, Francis Simeone, Jr. and/or George Lengyel, operated the accident aircraft with knowledge of the defects to the accident aircraft alleged in the Complaint, on and before July 22, 2000, that caused the injuries and death of the Plaintiffs' decedents and the Plaintiffs' claimed injuries and/or damages.

WHEREFORE, Interplane's liability, if any, should be subject to a pro-rata reduction equal to the Plaintiffs' decedents' comparative fault along with such other and further relief as this Court may deem to be just and proper.

## NINTH AFFIRMATIVE DEFENSE
## WARRANTY WAIVER

For their ninth affirmative defense to the Complaint, Interplane states that the Plaintiffs' Decedent, Francis Simeon, Jr. knowingly and voluntarily engaged upon a potentially dangerous activity by flying, piloting and/or accepting passage in the accident aircraft on July 22, 2000 and thereby agreed to waive his rights to any expressed or implied warranties related to the fitness of the accident aircraft, or any of its parts. (See Exhibit "A" attached hereto, Interpalne USA Aircraft/Parts Order – Skyboy)

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## TENTH AFFIRMATIVE DEFENSE
## INDEMNIFICATION

For their tenth affirmative defense to the Complaint, Interplane states that the Plaintiffs' Decedent, Francis Simeon, Jr. knowingly and voluntarily engaged upon a potentially dangerous activity by flying, piloting and/or accepting passage in the accident aircraft on July 22, 2000 and

23

785969 v.1

thereby agreed to indemnify and hold harmless the Defendants Interplane and its suppliers from any action or cause arising from the sale and use of the accident aircraft. (See Exhibit "A" attached hereto, Interplane USA Aircraft /Parts Order – Skyboy)

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## ELEVENTH AFFIRMATIVE DEFENSE
## JOINT VENTURE

For their eleventh affirmative defense to the Complaint, Interplane states that the negligence of the Plaintiffs' decedents was attributable to one another in that a joint venture existed between the Plaintiffs' decedents, Francis Simeone, Jr. and/or George Lengyel, as follows:

a) the purpose of the joint venture was to provide transportation and/or flight training to the respective joint venture participants;

b)  Francis Simeone, Jr. and/or George Lengyel had a community of interest to accomplish the purpose of the joint venture, including, but not limited to contributing money, property, skill, resources, and /or ability in a joint venture for the joint and shared use and operation of the accident aircraft;

c) both joint venture participants had the right to direct and govern the conduct of other joint venture participants in furtherance of the joint venture;

d) Francis Simeone, Jr. and/or George Lengyel were acting in furtherance for the purposes of the joint venture, when the alleged negligent operational acts were committed; and

24

e) In conjunction with the joint venture, Francis Simeone, Jr. and/or George Lengyel shared in, and in furtherance of, the joint venture, sharing use, operation, and maintenance of the accident aircraft.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

**TWELFTH AFFIRMATIVE DEFENSE**
**MATERIAL ALTERATIONS**

For their twelfth affirmative defense to the Complaint, Interplane states that the Plaintiffs' Decedent, Francis Simeon, Jr., accepted receipt from Interplane of the accident aircraft, which was substantially damaged by the freight trucking company, and without consulting Interplane, Francis Simeon, Jr. voluntarily repaired, replaced, and/or maintained the accident aircraft knowing he did not possess such necessary expertise, thereby materially altering the aircraft after it left Interplane's custody and control, and such material alteration proximately and /or actually caused the accident on July 22, 2000.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**ASSUMPTION OF RISK**

For their thirteenth affirmative defense to the Complaint, Interplane states that the Plaintiffs' Decedent, George Lengyel voluntarily engaged upon a potentially dangerous activity by flying, piloting and/or accepting passage in the accident aircraft on July 22, 2000 knowing that Francis Simeone, Jr., without the necessary expertise, had caused a dangerous condition and /or defect in the accident aircraft by negligently repairing, replacing, and/or maintaining parts

25

and/or components on the accident aircraft, after it left Interplane Defendants custody and control.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## FOURTEENTH AFFIRMATIVE DEFENSE
## JURISDICTION

For their fourteenth affirmative defense to the Complaint, Interplane states that this Honorable Court lacks the proper jurisdiction to adjudicate the instant cause of action against the Interplane Defendants, in that none of the Interplane Defendants have regularly conducted business in Pennsylvania, or otherwise conducted activities complained of in the Plaintiffs' Complaint in, or directed at, Pennsylvania.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## FIFTEENTH AFFIRMATIVE DEFENSE
## PRIOR PENDING ACTION/DUPLICATIVE PENDING ACTION

For their fifteenth affirmative defense to the Complaint, Interplane states that this Honorable Court should dismiss the Plaintiffs' Complaint in that it is pending in both the Court of Common Pleas Philadelphia County and United States District Court for the Eastern District of Pennsylvania, and in support thereof states as follows:

a)      the actions are truly duplicative;

b)      it is in the interest of judicial administration and efficiency;

c)      the actions arise out of the same transaction, occurrence, and involve the same and/or similar parties;

d)      the actions entail consideration of the same factual and legal issues;

26

e)      the actions seek essentially the same relief; and

f)      there is a significant risk that judicial resources will be consumed needlessly, if litigation proceeds in both Forums.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## SIXTEENTH AFFIRMATIVE DEFENSE
## SUPERCEEDING INTERVENING ACT

For their sixteenth affirmative defense to the Complaint, Interplane states that the injuries and death of the Plaintiffs' decedents and the Plaintiffs' claimed injuries and/or damages alleged in the Complaint were wholly or partly caused by the superceding intervening act of entities or individuals over whom the Interplane Defendants have no control or right of control, causing the aircraft accident on July 22, 2000, including, but not limited to acts of the Plaintiffs' decedents, the Bombardier defendants and/or the Energy Company Defendants.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## SETOFF

For their seventeenth affirmative defense to the Complaint, Interplane states that it is entitled to an offset for all amounts paid by any person or entity, as a consequence of the events alleged in the Complaint.

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further relief as this Court may deem to be just and proper.

785969 v.1

## EIGHTEENTH AFFIRMATIVE DEFENSE
## SOPHISTICATED USER DOCTRINE – STRICT LIABLITY

For their eighteenth affirmative defense to the Complaint, Interplane states that the

Plaintiffs' decedents, Francis Simeone, Jr. and/or George Lengyel were sophisticated

users as set forth in the Restatement (Second) of Torts §388, relieving Interplane

Defendants of any duty to warn Plaintiffs' decedent in that:

a)  Interplane had no knowledge and/or reason to know that the accident aircraft, with its

material alterations, is, or was likely to be dangerous for the use for which it was

intended;

b)  Interplane had no reason to believe that the Plaintiffs' decedents would realize its

dangerous condition;

c)  Interplane exercised reasonable care to inform Plaintiffs' decedents of facts that may

have made the accident aircraft dangerous.  (See Exhibit "A," attached hereto.)

WHEREFORE, Interplane prays for Judgment in its favor and for such other and further

relief as this Court may deem to be just and proper.

## CROSSCLAIM AGAINST BOMBARDIER,
## KODIAK AND ENERGY CO-DEFENDANTS

The Interplane defendants deny any and all responsibility for the subject accident.

However, should it be judicially determined that the Interplane defendants are liable to the

plaintiffs, which liability is expressly denied, then and in such event, the Interplane defendants

785969 v.1

crossclaim against the co-defendants named above and demand indemnity and/or contribution as
is appropriate under the circumstances.

Respectfully Submitted,

Interplane USA. L.L.C., Interplane USA, LLC,
Interplane LLC, and Interplane spol.s.r.o.

MADSEN, FARKAS AND POWEN, LLC

By: _____
Alan L. Farkas
Victoria C. Priola
111 West Washington Street
Suite 1550
Chicago, Illinois 60602
312-379-3444

RAWLE & HENDERSON, LLP

By: _____
John E. Salmon
Joel Herzfeld
One South Penn Square
The Widener Building
Philadelphia, PA  19107
(215) 575-4200

785969 v.1