ANAPOL, SCHWARTZ, WEISS, COHAN, FELDMAN & SMALLEY, P.C.
BY: NATHANIEL E. P. EHRLICH, ESQUIRE
Attorney I.D. No. 39977
146 N. 6th Street                              Attorney for Defendants
Reading, PA 19601
(610) 375-2750

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative Of the Estate of Albert Francis Simeone, Jr., Deceased And THERESA MARIE SIMEONE, In her Own Right | : IN THE UNITED STATES DISTRICT COURT<br>: FOR THE EASTERN DISTRICT OF<br>: PENNSYLVANIA<br>:<br>: CIVIL ACTION NO. 02CV4852 |
| and | :<br>: JURY TRIAL DEMANDED |
| MARY ANN LENGYEL, Personal Representative Of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br>    v. | :<br>:<br>:<br>: |
| JERSEY CENTRAL POWER & LIGHT COMPANY, Individually and/or as a Joint Venture and/or d/b/a GPU ENERGY, INC. METROPOLITAN EDISON PENNSYLVANIA ELECTRIC GPU, INC., AND FIRST ENERGY CORPORATION | :<br>:<br>:<br>:<br>: |
| and | : |
| FIRSTENERGY CORPORATION, Individually and/or As a Joint Venture and d/b/a GPU ENERGY, METROPOLITAN EDISON COMPANY, PENNSYLVANIA ELECTRIC COMPANY, GPU, INC AND JERSEY CENTRAL POWER AND LIGHT COMPANY | :<br>:<br>:<br>:<br>: |

**ANSWER OF DEFENDANTS FIRSTENERGY CORPORATION and JERSEY CENTRAL POWER & LIGHT COMPANY TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial of material.

2. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

3. Said allegation is directed to a defendant other than answering defendants and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

4. Said allegation is directed to a defendant other than answering defendant and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

5. Said allegation is directed to a defendant other than answering defendants and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

6. Said allegation is directed to a defendant other than answering defendants and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

7. Denied as stated. Admitted only that defendant Jersey Central Power & Light Company is a public utility organized and existing under the laws of the State of New Jersey with an authorized agent for service of process located in Philadelphia County. It is specifically denied that Jersey Central Power and Light Company individually, as a joint venture, and/or doing business as another entity, owned, maintained, operated or controlled the power lines that ran southeast of the York County Airport.

8. Denied as stated. It is admitted only that FirstEnergy Corp. is a corporation organized and existing under the laws of the State of Ohio and is a registered holding company subject to the Public Utility Holding Company Act of 1935. It is specifically denied that FirstEnergy or FirstEnergy Corp. is a public utility or individually, as a joint venture, and/or doing business as another entity, was the co-owner, sole owner or maintained, operated and/or controlled the power lines southeast of the York County Airport.

9. Admitted only that plaintiff so asserts.

10. Denied as a legal conclusion to which no response is necessary. Insofar as a response maybe necessary it is denied that jurisdiction in Pennsylvania or Federal Court is appropriate.

11. Said allegation is directed to a defendant other than answering defendants and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

12. Denied as a legal conclusion to which no response is necessary. Insofar as a response may be necessary, it is denied that diversity exists.

13. Denied as a legal conclusion to which no response is necessary. Insofar as a response maybe necessary it is denied that jurisdiction in Pennsylvania or Federal Court is appropriate.

14. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

15. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

16. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

17. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

18. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

19. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

20. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

21. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

22. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

23. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

24. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

25. After reasonable investigation, answering defendants are without sufficient information to admit or deny said allegation and accordingly, said allegation is denied with strict proof thereof demanded at time of trial if material.

26. Denied as stated. FirstEnergy Corp. is a registered holding company subject to the Public Utility Holding Company Act of 1935. It is specifically denied that FirstEnergy or Jersey Central Power and Light Company owned, maintained operated or controlled the power lines that ran southeast of the York County Airport. It is alleged that said power lines and other electrical equipment owned, maintained, and operated by York County Airport had some form or type of markings on them and were open, obvious and visible to pilots who were flying in the vicinity of said power lines. It is admitted that there were no balls or flashers on said power lines at the subject

location. It is specifically denied that any such balls, flashers or other similar or customary markings advise pilots flying in the vicinity of an airport of the location or existence of power lines that are open obvious, visible and not on the path of intended flight.

27. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

28. Denied as a legal conclusion to which no response is necessary, insofar as a response may be necessary, after reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

29. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

30. Denied as a legal conclusion to which no response is necessary, insofar as a response may be necessary, after reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegation is denied with strict proof thereof demanded at time of trial if material.

### COUNT I

31-38. Said allegations are directed to a defendant other than answering defendant and accordingly said allegations are denied with strict proof thereof demanded at time of trial if material.

**WHEREFORE**, answering defendants demand judgment in their favor together with counsel fees and cost.

### COUNT II

39-45. Said allegations are directed to a defendant other than answering defendant and accordingly said allegations are denied with strict proof thereof domanded at time of trial if material.

**WHEREFORE**, answering defendants demand judgment in their favor together with counsel fees and cost.

7/28/03                                                                 5

## COUNT III

46-62.   Said allegations are directed to a defendant other than answering defendant and accordingly said allegations are denied with strict proof thereof demanded at time of trial if material.

**WHEREFORE**, answering defendants demand judgment in their favor together with counsel fees and cost.

## COUNT IV

63-70.   Said allegations are directed to a defendant other than answering defendant and accordingly said allegations are denied with strict proof thereof demanded at time of trial if material.

**WHEREFORE**, answering defendants demand judgment in their favor together with counsel fees and cost.

## COUNT VIII (sic)

71.   Answering defendants incorporate hereby reference their responses to paragraphs 1 through 70 as if same were fully said forth herein at length.

72.   Denied as a legal conclusion to which no response is necessary.  Insofar as a response may be necessary it is averred that answering defendants exercised "reasonable care with respect to certain power lines each maintained."  By way of further answer, it is denied that answering defendants had any duty with regard to the power lines in question as they did not own, maintain or operate said power lines.   It is further alleged that said power lines and other electrical equipment were open, obvious and visible to pilots who were flying in the vicinity of said power lines and were marked in accordance with all applicable regulations.

73.   Denied as a legal conclusion to which no response is necessary.  Insofar as a response may be necessary it is denied that answering defendants were negligent or breached their respective duties of care. By way of further answer it is further denied that answering defendants owned, maintained or operated the power lines in question or that they:

    a.   Failed to comply with the Federal Aviation Regulations with respect to identification and marking of power lines.

  b. Failed to comply with industry standards with respect to identification and marking of power lines.

  c. Failed to exercise reasonable care and judgment with respect to the marking of power lines in close proximity to an airport.

  d. Failed to comply with custom and usage in the industry for marking of power lines in close proximity to an airport.

  e. Failed to comply with the regulatory requirements, suggestions and recommendations of governmental authorities with respect to the marking of power lines in close proximity to an airport.

  f. Failed to heed warnings from industry and trade sources with respect to the importance of marking power lines in close proximity to an airport.

  g. Failed to exercise reasonable care with respect to the ownership, maintenance and control of power lines.

  h. Failed to heed warnings from their own experience with regard to aircraft wire strike accidents to ensure that power lines in close proximity to an airport are marked so as to preclude impacts between aircraft and power lines.

  i. Otherwise violated the obligations of an owner, maintainer or lessee of power lines to mark them in the vicinity of an airport and

  j. Failed to advise agents, successors, assigns, employees and others that the power lines in close proximity to the York County Airport were unmarked.

74. After reasonable investigation answering defendants are without sufficient information to admit or deny said allegation and accordingly said allegations are denied with strict proof thereof demanded at time of trial if material. By way of further answer, plaintiffs' allegations with regard to the cause of plaintiffs' accident are denied as a legal conclusion to which no response is necessary. Insofar as a response may be necessary, it is denied that the defendants' conduct was in anyway a direct or proximate cause of plaintiffs' decedents' accident. It is alleged that said power lines and other electrical equipment located near the York County Airport were open, obvious and

7/28/03  7

visible to pilots who were flying in the vicinity of said power lines and were marked in accordance with all applicable regulations.

WHEREFORE, answering defendants demand judgment in their favor together with the counsel fees and costs.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred and/or limited by the Doctrine Of Assumption Of The Risk.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred and/or limited by the Doctrine Of Comparative Negligence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred and/or limited by the Doctrine Of Contributory Negligence.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred and/or limited by the Doctrine Of Release.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred and/or limited by the Doctrine Of Laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Neither defendants nor any person acting on their behalf, performed any act, or failed to act in any manner, which caused damages to plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Any damages sustained by the plaintiffs were caused solely by the improper, out of the normal, unforeseeable and/or unintended actions of parties other than answering defendants.

**NINTH AFFIRMATIVE DEFENSE**

Any damages sustained by the plaintiffs were the result of acts and/or failures to act of entities other than answering defendants.

**TENTH AFFIRMATIVE DEFENSE**

Any damages sustained by the plaintiffs were the result of the superseding, intervening, negligence, which supersedes any negligence, which may have been found to have existed on the part of answering defendants, or anyone acting on behalf of answering defendants, the existence of which is expressly denied.

**ELEVENTH AFFIRMATIVE DEFENSE**

Some or all of plaintiffs' claims against answering defendants are barred and/or limited by one or more of the applicable statute of limitations including, but not limited to, the statutes of repose.

**TWELFTH AFFIRMATIVE DEFENSE**

The negligence, if any, on the part of answering defendants, or anyone acting on their behalf, the existence of which is expressly denied, was passive negligence as compared to all of the parties in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

The injuries and/or damages, if any, sustained by plaintiffs were caused solely or in part by the negligence of plaintiffs' decedent, which negligence, along with the Pennsylvania Comparative Negligence Act (Pa. C.S.A. §7102) bars or limits plaintiffs' recovery on the claim set forth in plaintiffs' Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

No act or omission on the part of answering defendants was the proximate cause of any damages that plaintiff may have sustained.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendants acted with due and proper care at all times material hereto.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join an indispensable party.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If the plaintiffs suffered any damages as alleged, they were caused solely and primarily by the negligence, carelessness and recklessness of third parties over whom defendants exercised no control or right to control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' may have failed to take all reasonable and necessary steps to prevent and/or mitigate the damages and injuries allegedly sustained in this action.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' decedents' injuries and/or damages were caused directly and proximately by the negligence of parties other than answering defendants including, but not limited to plaintiffs' decedents.

### TWENTITH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the Doctrine Of Collateral Estoppel.

### TWENTYFIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the Doctrine Of Res Judicata.

### TWENTYSECOND AFFIRMATIVE DEFENSE

Defendants are entitled to a set off for all amounts paid by any person or entity as the consequences of the events alleged in the Complaint.

### TWENTYTHIRD AFFIRMATIVE DEFENSE

Plaintiffs and/or their decedents violated Federal Aviation Regulations.

### TWENTYFOURTH AFFIRMATIVE DEFENSE

Plaintiffs and/or their decedents violated the Aeronautical Information Manual Provisions.

### TWENTYFIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of preemption.

### TWENTYSIXTH AFFIRMATIVE DEFENSE

The decision whether or not the power lines in question should be lighted or otherwise marked was made by the Federal Aviation Administration pursuant to Part 77 of the Regulations adopted by the Federal Aviation Administration, not by answering defendants.

### TWENTYSEVENTH AFFIRMATIVE DEFENSE

The decision of the Federal Aviation Administration regarding marking and/lighting is binding upon the Commonwealth of Pennsylvania pursuant to the Supremacy Clause of the U.S. Constitution. No official of the Commonwealth of Pennsylvania, and no jury impaneled by the authority of the Commonwealth of Pennsylvania, has the power to declare to the contrary.

7/28/03                                                                      11

**TWENTYEIGHTH AFFIRMATIVE DEFENSE**

The doctrine of Federal Preemption under the Supremacy Clause, accordingly applies and prevents plaintiffs in this lawsuit from asserting that the power lines at this particular location should have been marked or lighted, contrary to the decision of the Federal Aviation Administration.

**CROSS CLAIM/COUNTER CLAIM**

1. Answering defendants incorporate herein by reference paragraphs 1 through 74 and their affirmative defenses as if same were fully set forth herein at length.

2. Defendants Jersey Central Power & Light Company and First Energy Corporation aver that if the allegations contained in plaintiffs' Complaint are proven to be true, said allegations having been specifically denied by defendants, then co-defendants Bombardier-Rotax, GmbH, Bombardier Inc., and Bombardier Corporation are solely liable to plaintiff or jointly and severally liable for the claims of plaintiff.

3. Defendants Jersey Central Power & Light Company and First Energy Corporation hereby assert a right of indemnification and/or contribution against the co-defendants Bombardier-Rotax, GmbH, Bombardier Inc., and Bombardier Corporation pursuant to the terms of the Uniform Contribution Among Tortfeasors Act, Pa.42 C.S.A. §8321 and common law, for any amount of any judgment entered in the favor of the plaintiffs.

4. Defendants Jersey Central Power & Light Company and First Energy Corporation aver that if the allegations contained in the Plaintiffs' Complaint are proven to be true, said allegations having been specifically denied by defendants, then Plaintiff, Mary Ann Lengyel, personal representative of the Estate of George Lengyel deceased is solely liable to Theresa Marie Simeone, personal representative of the Estate of Albert Francis Simeone, Jr. deceased and Theresa Marie Simeone in her own right or jointly and severally liable for the claims of Plaintiff, Theresa Marie Simeone personal representative of the Estate of Albert Francis Simeone, Jr., deceased and Theresa Marie Simeone in her own right, as the result of the negligence, carelessness and recklessness of George Lengyel which included, but is not limited to the following:

    a.   Negligently operating the ultralight or aircraft

    b.   Operating the ultralight or aircraft while impaired

    c.   Improper fuel management

    d.   Carrying excessive weight

7/28/03                                           12

    e.    Carrying a passenger in an ultralight

    f.    Operating the ultralight or aircraft at an excessive speed

    g.    Operating the ultralight or aircraft at an insufficient speed to maintain flight and/or control

    h.    Operating the ultralight or aircraft in violation of Federal Aviation Regulations

    i.    Operating the ultralight or aircraft in violation of the Aeronautical Information Manual Provisions

    j.    Operating the ultralight or aircraft in a manner prohibited by the operator's handbook

    k.    Failing to have sufficient knowledge or training in the ultralight or aircraft

    l.    Failing to keep a proper lookout

    m.    Failing to execute a proper "go-around"

    n.    Failing to maintain the ultralight or aircraft in the expected "pattern"

    o.    Failing to be properly vigilant

    p.    Insufficient training under the circumstances

    q.    Failing to obtain a proper weather briefing

    r.    Failing to obtain sufficient and proper information regarding the route of intended flight

    s.    Failing to have current aeronautical charts and information

    t.    Such other negligence as may be determined during the course of discovery and/or trial

.

    5.  Defendants Jersey Central Power & Light Company and First Energy Corporation hereby assert a right of indemnification and/or contribution against plaintiff, Mary Ann Lengyel, personal representative of the Estate of George Lengyel, deceased pursuant to the terms of the Uniform Contribution among Tortfeasors Act PA 42 C.S.A. §8321 and Common Law for any amount of any judgment entered in favor of the Plaintiffs.

7/28/03                                13

**WHEREFORE,** defendants, Jersey Central Power & Light Company and First Energy Corporation pray that co-defendants Bombardier-Rotax, GmbH, Bombardier Inc., Bombardier Corporation and/or Mary Ann Lengyel, personal representative of the Estate of George Lengyel, deceased, be found solely liable to the plaintiff, or in the alternative be found jointly and severally liable to the plaintiffs or in the alternative be found jointly liable over to defendants Jersey Central Power & Light Company and First Energy Corporation by way of indemnification and/or contribution.

        ANAPOL, SCHWARTZ, WEISS, COHAN,
        FELDMAN & SMALLEY, P.C.

        BY:_____
            NATHANIEL E.P. EHRLICH, ESQUIRE

DATE: _____

7/28/03          14

## CERTIFICATE OF SERVICE

**I, NATHANIEL E.P. EHRLICH, ESQUIRE**, certify that this date _____, by regular, first-class mail, postage prepaid, I have served a true and correct copy of defendants' Answer To Complaint upon the following persons listed below.

SEE ATTACHED LIST

_____
NATHANIEL E.P. EHRLICH, ESQUIRE
Attorney for Defendants

DATED: _____

# **V E R I F I C A T I O N**

I, _____, hereby verify that I have read the foregoing Answer To Complaint; and that the facts contained therein are true and correct to the best of my knowledge, information and belief.  I understand that any false statements made herein are subject to the penalties of 18 PA. C.S.A. §4904, relating to unsworn falsification to authorities

_____

Dated:_____

LIST OF SERVICE

Arthur Alan Wolk, Esquire
Philip J. Ford, Esquire
Christopher J. Cerski, Esquire
WOLK & GENTER
1710-12 Locust Street
Philadelphia, PA  19103
COUNSEL FOR PLAINTIFFS

Jonathan Dryer, Esquire
Wilson, Elser, Moskowitz, Edelman & Dicker
The Curtis Center, Suite 1130 East
Independence Square
Philadelphia, PA  19106
COUNSEL FOR DEFENDANT BOMBARDIER CORPORATION

Bombardier-Rotax GmbH,
A-4623 Gunskirchen, Austria

Bombardier, Inc.
800 Rene-Levesque Boulevard
29th Floor
Montreal, Quebec
Canada H3B 1Y8