UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**Plaintiffs**

THERESA MARIE SIMEONE, et al.,

v.

**Defendants**

BOMBARDIER-ROTAX GmbH, et al.,

CIVIL ACTION NO.: 2:02-cv-04852-(BMS)

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of the motion of Defendants, Bombardier Corporation and Bombardier Inc. for Pro Hac Vice Admission of Robert J. Kelly, Esquire, it is hereby ordered that Defendants motion is GRANTED. Mr. Kelly is granted leave to actively participate in the conduct of pre-trial, trial and post-trial proceedings in this matter.

BY THE COURT:

_____
Hon. Berle M. Schiller, U.S.D.J.

355839.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Plaintiffs** | : |
| | : CIVIL ACTION NO.: 2:02-cv-04852-(BMS) |
| THERESA MARIE SIMEONE, et al., | : |
| v. | : |
| **Defendants** | : |
| BOMBARDIER-ROTAX GmbH, et al., | : |

## MOTION OF DEFENDANTS BOMBARDIER CORPORATION AND BOMBARDIER INC. FOR PRO HAC VICE ADMISSION OF ROBERT J. KELLY, ESQUIRE

Defendants, Bombardier Corporation and Bombardier Inc. by their attorneys, move this Court for Pro Hac Vice Admission of Robert J. Kelly, Esquire, and aver in support thereof:

1. Defendants, Bombardier Corporation and Bombardier Inc. are presently represented in this litigation by Robert J. Kelly, Esq., who is not admitted to practice in this court.

2. Mr. Kelly is a partner in the Newark, New Jersey office of Wilson, Elser, Moskowitz, Edelman & Dicker LLP.

3. Mr. Kelly received his undergraduate degree in 1974 from the University of Notre

355839.1

- 2 -

Dame, and his law degree in 1977 from the University of Richmond.

4. Mr. Kelly was admitted to practice in the State of New Jersey in 1977. His license to practice in that state has been continuously in good standing since that time, remains so today and has never been suspended, revoked or in any way impaired.

5. In addition to New Jersey, Mr. Kelly is also admitted to practice in all New Jersey State and Federal courts; New York State courts and the Court of Appeals for the Second Circuit. Since his admission to the bar of each of these courts, Mr. Kelly has remained in good standing up to and including the present, and has never had his right to practice suspended, revoked or in any way impaired.

6. Mr. Kelly also been granted pro hac vice admission to handle specific matters in the courts of the Commonwealth of Massachusetts, and the States of Delaware, Georgia and Pennsylvania.

7. Mr. Kelly has never been and, to the best of his knowledge is not presently, the subject of any investigatory or enforcement proceedings which could result in the suspension, revocation or impairment of my privilege to practice in any of the jurisdictions in which he has appeared.

8. If permitted to appear before this court, Mr. Kelly will familiarize himself with and abide by the Local Rules, and will continue to associate with his partner, Jonathan Dryer, as required by Local Rule 83.5.2(a).

WHEREFORE, Defendants, Bombardier Corporation and Bombardier Inc., respectfully request that Robert J. Kelly, Esquire be granted leave to actively participate in pre-trial, trial and post-trial proceedings before this court.

      Respectfully submitted,

      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

BY: _____
      Jonathan Dryer, Esq.
      Attorney for Defendants, Bombardier Corporation and Bombardier Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Plaintiffs** <br><br> THERESA MARIE SIMEONE, et al., <br><br> v. <br><br> **Defendants** <br><br> BOMBARDIER-ROTAX GmbH, et al., | : CIVIL ACTION NO.: 2:02-cv-04852-(BMS) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM OF LAW

Local Rule 83.5.2 permits attorneys who are not generally admitted to practice before this court to appear and participate in individual matters on leave of court. In this action, Defendant, Bombardier Corporation and Bombardier Inc., seek to have their New Jersey counsel participate in the pre-trial, trial and post-trial stages of this litigation. The proposed representative of the firm, Robert J. Kelly, is presently admitted in all New Jersey state and federal courts; New York state courts and the Court of Appeals for the Second Circuit. Mr. Kelly has also been granted pro hac vice admission to handle specific matters in the Commonwealth of Massachussettes and in the States of Delaware, Georgia and Pennsylvania. Should the court grant leave, Mr. Kelly will continue to associate with the undersigned as required by Local Rule 83.5.2(a). Under the circumstances, Defendants, Bombardier Corporation and Bombardier Inc., respectfully request that this court grant leave for Robert J. Kelly, Esquire to participate as outlined above.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

BY: _____
Jonathan Dryer
Attorney for Defendants,
Bombardier Corporation and Bombardier Inc.

## CERTIFICATE OF SERVICE

Jonathan Dryer, Esquire, attorney for Defendant, Bombardier Corporation and Bombardier Inc., certifies that on August ___9th___, 2004 he sent by United States mail, first class, postage prepaid, a true and correct copy of Defendant's Motion for Pro Hac Vice to:

> Christopher J. Cerski, Esq.
> Wolk & Genter
> 1710-12 Locust Street
> Philadelphia, PA 19103

*Jonathan Dryer, Esquire*

355839.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Plaintiffs** | : |
| | : CIVIL ACTION NO.: 2:02-cv-04852-(BMS) |
| THERESA MARIE SIMEONE, et al., | : |
| v. | : |
| **Defendants** | : |
| BOMBARDIER-ROTAX GmbH, et al., | : |

### AFFIDAVIT OF ROBERT J. KELLY
### FOR PRO HAC VICE ADMISSION

Robert J. Kelly, Esquire, being duly sworn, deposes and says as follows:

1.    I am a partner in the Newark, New Jersey office of Wilson, Elser, Moskowitz, Edelman & Dicker LLP. I received my undergraduate degree in 1974 from the University of Notre Dame, and my law degree in 1977 from the University of Richmond.

2.    I was admitted to practice in the State of New Jersey in 1977. My license to practice in that state has been continuously in good standing since that time, remains so today and has never been suspended, revoked or in any way impaired.

3.    In addition to New Jersey, I am also admitted to practice all New Jersey State and Federal courts; New York State courts and the Court of Appeals for the Second Circuit. Since my admission to the bar of each of these courts, I have remained in good standing up to and

including the present, and have never had my right to practice suspended, revoked or in any way impaired.

4. I have also been granted pro hac vice admission to handle specific matters in the courts of the Commonwealth of Massachusetts, and the States of Delaware, Georgia.

5. I have never been and, to the best of my knowledge am not presently, the subject of any investigatory or enforcement proceedings which could result in the suspension, revocation or impairment of my privilege to practice in any of the jurisdictions in which I have appeared.

6. If I am permitted to appear before this court, I will familiarize myself with and abide by the local rules, and will associate with my partner, Jonathan Dryer, as required by Local Rule 83.5.2(a).

7. The foregoing is true and correct to the best of my knowledge.

_____
Robert J. Kelly

Subscribed and sworn to before me
This 9th day of August, 2004

_____
Notary Public

**NIDIA SEGARRA**
**Notary Public of New Jersey**
**My Commission Expires Nov. 9, 2006**