IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right : : : : : : : : : : | CIVIL ACTION NO. 02CV4852  JURY TRIAL DEMANDED |
| Plaintiffs, : : | |
| v. : : | |
| BOMBARDIER-ROTAX GmbH, et al. : : | |
| Defendants. : | |

## ORDER

AND NOW, this ____ day of _____, 2005, after consideration of Brief in Support of Defendant BRP-Rotax GmbH & Co. KG's and Defendant Bombardier Inc.'s Motion for Amendment of Order Pursuant to 28 U.S.C. § 1292(b) and Plaintiffs' opposition thereto, it is hereby ORDERED and DECREED that said motion is DENIED.

BY THE COURT:

_____
HON. BERLE M. SCHILLER

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>                Plaintiffs,<br><br>                v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>                Defendants. | CIVIL ACTION NO. 02CV4852<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSITION TO BRIEF IN SUPPORT OF DEFENDANT
BRP-ROTAX GMBH & CO. KG'S AND DEFENDANT BOMBARDIER INC.'S
<u>MOTION FOR AMENDMENT OF ORDER PURSUANT TO 28 U.S.C. § 1292(B)</u>**

     Plaintiffs, Theresa Marie and Mary Ann Lengyel, by and through their undersigned counsel, submit this Opposition to Brief in Support of Defendant BRP-Rotax GMBH & Co. KG's and Defendant Bombardier, Inc.'s Motion for Amendment of Order Pursuant to 28 U.S.C. § 1292(b).

**I.    DEFENDANTS' DO NOT PRESENT A CONTROLLING QUESTION OF LAW
       FOR REVIEW**

     The Bombardier defendants' motion is nothing more than an attempt to re-litigate the factual determinations made by the Court in its March 8, 2005 Order denying Rotax's motion to dismiss and Bombardier's motion for summary judgment. The Court's interlocutory order should not be certified for immediate appeal. A district court may only certify an interlocutory order for appeal:

2

> When a district judge . . . shall be of the opinion that such order involves <u>a controlling question of law</u> as to which there is substantial ground for difference of opinion <u>and that an immediate appeal from the order may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added).

Despite defendants' assertions to the contrary, the Third Circuit does not routinely grant permission for immediate appeal of an order denying a motion to dismiss for lack of personal jurisdiction. (See, Defendants' Motion at 10). The cases cited by defendants for this proposition demonstrate the necessity for a "question of law" to be reviewed. In *City of Englewood v. Socialist People's Libyan Arab*, 773 F.2d 31 (3rd. Cir. 1985), the Third Circuit reviewed whether the Foreign Sovereign Immunities Act exceptions applied, which would allow or disallow personal jurisdiction. In *Nehemiah v. Athletics Congress of USA,* 765 F.2d 42 (3rd. Cir. 1985), the Court evaluated whether personal service in the Commonwealth negated the necessity to analyze minimum contacts of unincorporated association. In *Pennzoil Prods. Co. v. Colelli & Assciates, Inc.*, 149 F.2d 197 (3rd. Cir. 1998), the Third Circuit analyzed the validity of each stream of commerce test articulated in *Asahi Metal Industry Co., Ltd., v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)[1]. In *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290 (3rd. Cir. 1985), the Third Circuit was asked "to decide whether personal jurisdiction over an alien defendant, who is being sued on a claim arising under federal law, may be founded on the alien's aggregated contacts with the United States, regardless of the sufficiency of his contacts with the state."

In the instant case, defendants' motion does not provide a controlling question of law for appellate review. Defendants attempt to mask the lack of a question of law by arguing a self-

---

[1] The Court declined to adopt one test over the other because the *Asahi* facts passed each test.

created dichotomy between "macro-management" and "micro-management" of parent-subsidiary relationships. The defendants' argument, however, ignores already existing Third Circuit precedent on alter ego theory under Pennsylvania law. This circuit recognizes that:

> the Pennsylvania Supreme Court set forth, in a formula familiar to the courts of that state, the following principles which are to be applied when a trial court disregards corporate forms and, "piercing the corporate veil," hold that one individual or corporation is the alter ego of another:
> [Th]e legal fiction of a separate corporate entity was designed to serve convenience and justice . . . and will be disregarded whenever justice or public policy demand and where rights of innocent parties are not prejudiced nor the theory of the corporate entity rendered useless . . . We have said that whenever one in control of a corporation uses that control, or uses the corporate assets, to further his or her own personal interests, the fiction of the separate corporate entity may properly be disregarded. *Ashley v. Ashley*, 482 Pa. 228, 393 A.2d 637 (1978)(citations omitted). Pennsylvania courts have largely embraced the flexible tenor of the *Ashley* standard, holding, for instance, that no finding or fraud or illegality is required before the corporate veil may be pierced, but rather, that the corporate entity may be disregarded "whenever it is necessary to avoid injustice." *Rinck v. Rinck*, 363 Pa. Super. 593, 526 A.2d 1221, 1223 (1987). Accord *Lycoming County Nursing Home Ass'n, Inc. v. Com. Dept. of Labor and Industry, Prevailing Wage Appeal Bd.*, 156 Pa. Cmwlth. 280, 627 A.2d 238, 243-44 (1993). We have said that Pennsylvania alter ego law requires a showing that the subordinate company "acted robot- or puppet'like in mechanical response to the controller's tugs on its strings or pressure on its buttons." *Culbreth v. Amosa (Pty) Ltd.*, 898 F.2d 13, 15 (3d Cir. 1990).

*Ragan v. Tri-County Excavating, Inc.,* 62 F.3d 501, 508 (3rd. Cir. 1995).

Moreover, the cases cited in the March 8, 2005 Order demonstrate the propriety of the control analysis utilized by the Court. See, *Directory Dividends, Inc. v. SBC Communications, Inc.*, Civ. A. No. 01-CV-1974, 2003 WL 21961448, at *3, 2003 U.S. Dist. LEXIS 12214, at *8 (E.D.Pa. July 2, 2003)(quoting *Clemens v. Gerber Scientific, Inc.*, Civ. A. No. 87-5949, 1989 WL 3480, at *1, 1989 U.S. Dist. LEXIS 376, at *4 (E.D.Pa. Jan. 13, 1989); *Arch v. Am. Tobacco*

*Co.*, 984 F.Supp. 830, 837 (E.D.Pa. 1997); *Zwick v. Revco Drug Store*, 580 F.Supp. 64, 66 (W.D.Pa. 1984); *Aamco Automatic Transmissions, Inc. v. Tayloe*, 368 F.Supp. 1283, 1300 (E.D.Pa. 1973).

Defendants' entire argument simply criticizes the Court's application and review of the factual record. The defendants assume the Court overlooked certain facts in the record; however, defendants highlighted these facts in their reply brief and at oral argument. (See, Defendants' Reply at 12-14). This Court provided all parties ample time to brief and be heard on these issues.

The defendants' problem is not that the Court misapplied the law, but rather, the record demonstrated that Bombardier, Inc. controlled Rotax to the extent that Rotax was "robot or puppet-like." (See, *Simeone v. Bombardier Rotax, et. al.,* __ F.Supp.2d __, 2005 WL 545390 at *8-10)(E.D.Pa. March 8, 2005). Defendants attempt to criticize the Court's weighing of the facts falls far short of presenting a controlling question of law for interlocutory appeal. *See, Amkor Tech. v. Alcatel Business Systems,* 2003 WL 23162386 (E.D.Pa. 2003) ("The crux of defendants' argument in support of their motion is that this court erred in its application of existing law to the facts of the case--not that the court's ruling was keyed to a "controlling issue of law" the answer to which is in doubt and prompt appellate resolution of which "may materially advance the ultimate termination of the litigation; [accordingly the defendant's motion to certify is denied.]").

Because the Court's decision was applied within the scope of well-established Third Circuit and Eastern District of Pennsylvania precedent on this Pennsylvania law issue, plaintiffs respectfully request the Court to deny defendants' motion to amend and certify the March 8, 2005 Order as immediately appealable.

5

## II.  TRADITIONAL NOTIONS OF FAIRPLAY PERMIT JURISDICTION THROUGH ALTER EGO

Defendants cite no case supporting its proposition that jurisdiction over a subsidiary based upon the alter ego doctrine violates traditional notions of fairplay and substantial justice. As the plaintiffs identified in their response brief, courts have found personal jurisdiction based upon alter ego theory; therefore, the principle itself does not violate traditional notions of fairplay and substantial justice. *See, e.g., Tutu Wells Contamination Litigation v. Texaco, Inc.*, 846 F.Supp. 1243, 1264-1268 (D. Vir. Is. 1993) (Jurisdiction found over parent because of presence of subsidiary in forum.)

The remainder of defendants' argument asserts policy reasons why international companies should not be subject to jurisdiction to loosely or broadly. Defendants' argument does not provide a question of law warranting immediate appeal. See, 28 U.S.C. § 1292(b). Therefore, plaintiffs request the court to deny defendants' motion.

## III.  DENIAL OF SUMMARY JUDGMENT WAS PROPER

The Court's denial of defendant Bombardier, Inc.'s motion for summary judgment was proper and does not create a controlling question of law for immediate appeal. Bombardier's summary judgment motion was denied because, at the very least, plaintiffs established questions of fact as to whether Bombardier controlled Rotax and/or was responsible for development and product support of the engine, which would make Bombardier liable under Pennsylvania products liability law. Based upon the well established standard for summary judgment, the Court could not grant Bombardier's motion. *See, Flores v. The Home Depot, Inc.*, C.A. No. 01-6908 (E.D. Pa., April 3, 2003). Therefore, plaintiffs request the court to deny defendant Bombardier's motion.

6

### IV. THE APPELLATE COURT SYSTEM REQUIRES DENIAL OF DEFENDANTS' MOTION

Granting defendants' motion will not advance the ultimate issues of this case, but will rather create a *slippery slope* for immediate appellate review of interlocutory orders. Congress enacted 28 U.S.C. § 1292 to specifically provide when a defendant could appeal an interlocutory order. The instant case does not meet that threshold. Permitting defendants the ability to appeal motions to dismiss for lack of personal jurisdiction or summary judgment motion upon denial would overwhelm the Court of Appeals and bring litigation to a halt in the district courts. Every defendant would demand immediate appeal to test a district court judge's application of facts to current law. Because § 1292 provides for limited appeals for controlling questions of law, which defendants do not possess, plaintiffs request this Court to deny defendants' motion to amend and certify as directly appealable.

### V. CONCLUSION

Bombardier and Rotax challenge the Court's March 8, 2005 Order by arguing that the facts do not support a finding that Rotax was the alter ego of Bombardier pursuant to existing caselaw. Because the defendants present no controlling question of law to which there is substantial ground for difference, plaintiffs request the Court to deny defendants' motion.

Respectfully submitted,

THE WOLK LAW FIRM

/s/ CJC2134
Christopher J. Cerski, Esquire
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220
Attorneys for Plaintiffs

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 13, 2005, a true and correct copy of the foregoing Plaintiffs' Opposition to Brief in Support of Defendant BRP-Rotax GmbH & Co. KG's and Defendant Bombardier Inc.'s Motion for Amendment of Order Pursuant to 28 U.S.C. § 1292(b) was served via ECF filing and first class mail, postage prepaid, upon the following:

Robert J. Kelly, Esquire
Kelly A. Waters, Esquire
WILSON ELSER MOSKOWITZ
  EDELMAN & DICKER LLP
33 Washington Street, 18th Floor
Newark, NJ  07102

Jonathan Dryer, Esquire
Hope Lester, Esquire
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
The Curtis Center, Suite 1130 East
Independence Square
Philadelphia, PA  19106

Nathaniel E.P. Ehrlich, Esquire
ANAPOL, SWARTZ, WEISS, COHAN,
  FELDMAN & SMALLEY
146 North 6th Street
Reading, PA  19601

THE WOLK LAW FIRM

/s/  CJC2134
Christopher J. Cerski, Esquire
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220
(215) 545-5252 (facsimile)