IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THERESA MARIE SIMEONE, et al.,** | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **BOMBARDIER-ROTAX GmbH & Co. KG, et al.,** | : | |
| | : | **No. 02-4852** |
| Defendants. | : | |

**ORDER**

**AND NOW**, this **19th** day of **September**, **2005**, upon consideration of Defendants' Motion for Summary Judgment (Document No. 52), and Plaintiffs' response thereto, and for the following reasons, it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When evaluating a motion brought under Rule 56(c), a court must view the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). A court must also avoid making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002). The moving party bears the initial burden of identifying those portions of the record that it believes illustrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party makes such a demonstration, then the burden shifts to the non-moving party, who must offer evidence that establishes a genuine issue of material fact that should proceed to trial. *Id.* at 324; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

   The Court finds that genuine issues of material fact exist with respect to all of Plaintiffs' claims: strict liability, negligence, breach of warranty, and reckless, willful and wanton misconduct, fraud and deceit. For example, the parties disagree on the following: (1) the origins of any defects in the aircraft engine; (2) whether Decedents' actions contributed to the accident; (3) whether Decedents were aware of any alleged defects; and (4) the accuracy and effect of the

BY THE COURT:

_____
**Berle M. Schiller, J.**

---

warnings accompanying the aircraft engine.  Such issues of material fact make summary judgment inappropriate, and this case shall proceed to trial.