IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right : : : : : : : : : : | CIVIL ACTION NO. 02CV4852 JURY TRIAL DEMANDED |
| Plaintiffs, : : v. : : BOMBARDIER-ROTAX GmbH, et al. : : Defendants. : | |

**PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF PREVIOUS
PRECAUTIONARY LANDING BY MR. SIMEONE**

It is believed that Defendants will attempt to offer evidence that, some time prior to the fatal crash, Mr. Simeone made a precautionary landing in a field even though the incident resulted in no injuries whatsoever, and only minor damage to the landing gear. As the story goes, the throttle on the aircraft stuck in the open position precluding a reduction in power so that Mr. Simeone was required to shut the engine off in order to make a precautionary landing. In their Motion for Summary Judgment, Defendants stated, "[c]ertainly, this experience would have made decedent Simeone aware that flying ultralight aircraft was dangerous." [Defendants' Memorandum of Law at p. 27, emphasis in the original]

Even if Defendants were correct that Mr. Simeone should have had some apprehension about flying in general, a prior experience with a throttle that stuck open

does not lead to the conclusion that Mr. Simeone assumed the risk of the specific defects in the Rotax 582 engine that are alleged in this case. *See,* <u>Berkebile v. Brantly Helicopter Corp.</u>, 337 A.2d 893, 901 (Pa. 1975) ("A Plaintiff cannot be precluded from recovery in a strict liability case because of his own negligence. He is precluded only if he knows of the *specific* defect eventually causing his injury and voluntarily proceeds to use the product with knowledge of the danger caused by the defect.")

Fed. R. Evid. 401 states,

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Since the evidence relating to the previous precautionary landing does not establish that Mr. Simeone had knowledge of the defects that caused the fatal accident, it is simply not relevant to the issues in this case.

Further, even if there was some relevance (which is denied), the evidence would have to be excluded.

Rule 403 provides that,

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Despite the fact that the previous precautionary landing was the result of an entirely different problem, totally unrelated to the defects that caused the fatal crash, the jury might be swayed to conclude that Mr. Simeone assumed some general risk of flying ultralight aircraft – a result apparently desired by Defendants. Additionally, this conclusion may be linked to Mr. Lengyel even though he was not involved in the previous precautionary landing. Such a result is not supported by the Rules of Evidence.

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion.

                        Respectfully submitted,

                        */s/ Alan D. Mattioni, Esq.*
                        Arthur Alan Wolk, Esquire
                        Alan D. Mattioni, Esquire
                        THE WOLK LAW FIRM
                        1710-12 Locust Street
                        Philadelphia, PA 19103
                        (215) 545-4220

Case 2:02-cv-04852-BMS    Document 58    Filed 09/30/2005    Page 3 of 4

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon the following via first class mail, postage prepaid, on September 30, 2005:

        Robert J. Kelly, Esquire
        WILSON ELSER MOSKOWITZ
          EDELMAN & DICKER LLP
        33 Washington Street, 18th Floor
        Newark, NJ  07102

        **THE WOLK LAW FIRM**


        */s/ Alan D. Mattioni, Esq.*
        Alan D. Mattioni, Esquire
        1710-12 Locust Street
        Philadelphia, PA  19103
        (215) 545-4220