IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THERESA MARIE SIMEONE, Personal :
Representative of the Estate of Albert Francis :
Simeone, Jr., Deceased, and THERESA MARIE : CIVIL ACTION NO. 02CV4852
SIMEONE, In Her Own Right, and :
MARY ANN LENGYEL, Personal :
Representative of the Estate of George Lengyel, :
Deceased, and MARY ANN LENGYEL, : JURY TRIAL DEMANDED
In Her Own Right :
:
               Plaintiffs, :
:
      v. :
:
BOMBARDIER-ROTAX GmbH, et al. :
:
           Defendants. :

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OF PRIOR ACCIDENTS**

    Defendants BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG and

Bombardier Inc. respectfully request, pursuant to Rules 402 and 403 of the Federal Rules of

Evidence and the case law cited below, that this Honorable Court preclude Plaintiffs and their

counsel from mentioning, eliciting testimony from witnesses (fact and expert), or offering any

information or evidence relating, generally, to ultralight aircraft accidents and, specifically, to

any prior ultralight aircraft accidents in which the aircraft was powered by an engine

manufactured and distributed by defendants. In support of this motion *in limine*, Defendants

state the following:

443597.1

1.      This is a product liability action arising out of an ultralight aircraft accident, which occurred on July 22, 2000 in or around York, Pennsylvania.  Albert Francis Simeone, Jr. and George Lengyel were killed when the ultralight aircraft that they were flying crashed into a cornfield.  Plaintiffs allege that the engine in the ultralight aircraft failed, causing the subject crash.  They filed suit in this Court based on diversity of citizenship and the amount in controversy being in excess one hundred and fifty thousand dollars ($150,000.00) (a copy of Plaintiffs' First Amended Complaint is attached to Appendix as Exhibit "A").

2.      Defendants denied the material allegations set forth in Plaintiffs' First Amended Complaint (Defendants' Answers to First Amended Complaint is attached hereto to Appendix as Exhibit "B").

3.      Plaintiff Theresa Marie Simeone is the widow of decedent Albert Francis Simeone, Jr. and Plaintiff Mary Ann Lengyel is the widow of decedent George Lengyel (Exhibit A).

4.      The subject engine was manufactured by Defendant BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG, which is a subsidiary of Defendant Bombardier Inc.

5.      Plaintiffs brought causes of action sounding in strict product liability; negligence; breach of warranty (express and implied); willful and wanton misconduct; and fraud and deceit (Exhibit A).

6.      Plaintiffs specifically allege that "the aircraft which plaintiffs' decedents were traveling approached the airport on July 22, 2000, it was required to execute a go-around because of other aircraft on the runway, and while executing that go-around, the engine of the aircraft failed, requiring plaintiffs' decedents to commence an emergency landing…[a]s the aircraft

attempted to maneuver for the emergency landing, it struck…power lines and crashed…(Exhibit A, paragraphs 25 and 27).

7.      Plaintiffs, in their Complaint, also allege that the subject engine had, improperly monitored fuel flows; pistons that would result in seizure; inadequate design and manufacture of the oil supply system; inadequate design and manufacture of the fuel system; and inadequate design and manufacture of the engine cooling system (Exhibit A).

8.      Plaintiffs served an expert report authored by Manuel Raefsky.  In his report. Mr. Raefsky opines that the engine was not functioning at the time of impact and that the engine quit due to the fouled condition of the spark plugs (a copy of Manuel Raefsky's report, dated July 12, 2005, is attached to Appendix as Exhibit "C").

9.      Plaintiffs also served an expert report authored by Donald Sommer.  In his report. Mr. Sommer opines that the subject aircraft had improper fuel scheduling due to a malfunctioning carburetor; improper spark plug firing due to buildup of carbon, lead and debris in the electrode area of the spark plugs; and improper oil distribution due to a defective oil distribution system (a copy of Donald Sommer's report, dated July 15, 2005, is attached to Appendix as Exhibit "D").

10.     Evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.  See also U.S. v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996); Woodhouse v. Motel 6 G.P., Inc., 1995 U.S. App. Lexis 28347, 11-13 (9th Cir. 1995).

11.     Even if evidence may have some probative value, "[e]vidence may [still] be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

443597.1

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. See also <u>Kostar v. Pepsi-Cola Metro. Bottling Co.</u>, 1998 U.S. Dist. LEXIS 19163, at 16-17 (E.D. Pa. 1998).

12.    "The Court of Appeals for the Third Circuit has repeatedly held that evidence of other injuries is not admissible unless the circumstances of the other occurrences are "substantially similar" to those in the case at bar." <u>Soldo v. Sandoz Pharms. Corp.</u>, 244 F. Supp. 2d 434 (W.D. Pa. 2003). <u>See</u>, e.g., <u>Barker v. Deere and Co.</u>, 60 F. 3d 158, 162 (3d Cir. 1995) (noting "substantially similar" standard is held by all other federal courts of appeal).

13.    Concerning the admissibility of evidence relating to prior accidents, "[t]he plaintiff bears the burden of establishing sufficient similarity between the prior incidents and his own theory of how the accident occurred, so that admitting the prior incident evidence "'will make the existence of any fact that is of consequence to the determination of the action more probable'" than it would be without the evidence." <u>Stecyk v. Bell Helicopter Textron</u>, 1998 U.S. Dist. LEXIS 16772, at 11 (E.D. Pa. 1998); <u>Gumbs v. International Harvester, Inc.</u>, 718 F.2d 88, 97 (3d Cir. 1983) (quoting <u>Fed. R. Evid</u>. 401).

14.    Plaintiffs have not identified any prior accidents that meet these criteria.

15.    Permitting at trial, the statements and/or admission of the testimony and evidence sought to be precluded, would only cloud the issues, unfairly prejudice Defendants, and create a danger that the jury would decide this case on something other than the merits.

WHEREFORE, for the reasons stated above and in the attached memorandum of law, Defendants respectfully request that this Honorable Court enter the attached order and preclude Plaintiffs and their counsel, at trial in this matter, from mentioning, eliciting testimony from witnesses (fact and expert), or offering any information or evidence relating, generally, to

443597.1

ultralight aircraft accidents and, specifically, to any prior ultralight aircraft accidents in which the aircraft was powered by an engine manufactured by defendants.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorney for Defendant BRP-Rotax GmbH & Co. KG

BY:     /s/ Robert J. Kelly
        Robert J. Kelly, Esquire
        33 Washington Street – 18th Floor
        Newark, N.J.  07102

        And

By:     Jonathan Dryer, Esq.
        P.A. Attorney ID 34496
        The Curtis Center-Suite  1130 East
        Independence Square West
        Philadelphia, PA 19106

Date:  September 30, 2005

443597.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA MARIE SIMEONE, Personal | : | |
| Representative of the Estate of Albert Francis | : | |
| Simeone, Jr., Deceased, and THERESA MARIE | : | CIVIL ACTION NO. 02CV4852 |
| SIMEONE, In Her Own Right, and | : | |
| MARY ANN LENGYEL, Personal | : | |
| Representative of the Estate of George Lengyel, | : | |
| Deceased, and MARY ANN LENGYEL, | : | JURY TRIAL DEMANDED |
| In Her Own Right | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BOMBARDIER CORPORATION GmbH, et al. | : | |
| | : | |
| Defendants. | : | |

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PRIOR ACCIDENTS

---

### INTRODUCTION

This is a product liability action arising out of an ultralight aircraft accident, which occurred on July 22, 2000 in or around York, Pennsylvania. Albert Francis Simeone, Jr. and George Lengyel were killed when the ultralight aircraft that they were flying crashed into a cornfield. Plaintiffs allege that the engine, which was manufactured and distributed by Defendants, in the ultralight aircraft failed, causing the subject crash.

### SUMMARY OF FACTS

A summary of facts is set forth in Defendants' motion *in limine*, paragraph nos. 1-9, which this Memorandum of Law supports.

443597.1

# LEGAL ARGUMENT

## STANDARD

Courts have inherent power to grant motions *in limine* to "manage the course of trials." Luce v. United States, 469 U.S. 38, 41 (1994); U.S. v. Holmquist, 36 F.3d 154, 163 (1st Cir. 1994); Sun Co. v. Carboline Co., 1992 U.S. Dist. LEXIS 16661 (E.D. Pa. 1992). Preliminarily, "[e]vidence which is not relevant" is not admissible at trial and is, therefore, grounds for a motion in limine. Fed. R. Evid. 402; *see* Farahmand v. Cohen, 1999 U.S. Dist. LEXIS 1314, 20-21 (E.D. Pa. 1999) (granting motion in limine based on Fed. R. Evid. 402); Smith v. Airborne Freight Corp., 1996 U.S. App. Lexis 23855 at 12 (9th Cir. 1996). Undue prejudice exists where there is "a genuine risk that the emotions of the jury will be excited to irrational behavior, and ... this risk is disproportionate to the probative value of the offered evidence." U.S. v. Brennan, 1989 U.S. Dist LEXIS 13586 (E.D. Pa. 1989).

Evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. *See also* U.S. v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996); Woodhouse v. Motel 6 G.P., Inc., 1995 U.S. App. Lexis 28347, 11-13 (9th Cir. 1995). "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Even if evidence may have some probative value, "[e]vidence may [still] be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. See also Kostar v. Pepsi-Cola Metro. Bottling Co., 1998 U.S. Dist. LEXIS 19163, at 16-17 (E.D. Pa. 1998).

443597.1

## LEGAL ARGUMENT

## EVIDENCE OF PRIOR ACCIDENTS
## SHOULD BE PRECLUDED

In the Third Circuit, in order for evidence of prior accidents to be admissible in cases involving strict liability, there must exist a substantial similarity of conditions between a prior accident and the accident giving rise to the incident which is the subject of the present lawsuit. "The Court of Appeals for the Third Circuit has repeatedly held that evidence of other injuries is not admissible unless the circumstances of the other occurrences are "substantially similar" to those in the case at bar." Soldo v. Sandoz Pharms. Corp., 244 F. Supp. 2d 434 (W.D. Pa. 2003). See, e.g., Barker v. Deere and Co., 60 F. 3d 158, 162 (3d Cir. 1995)(noting "substantially similar" standard is held by all other federal courts of appeal).[1]   Moreover, the burden of demonstrating that the incidents are substantially similar falls to Plaintiffs.   Indeed, in a strict liability case, "[t]he plaintiff bears the burden of establishing sufficient similarity between the prior incidents and his own theory of how the accident occurred, so that admitting the prior incident evidence "'will make the existence of any fact that is of consequence to the determination of the action more probable'" than it would be without the evidence." Stecyk v.

---

[1]  It is noteworthy that Pennsylvania State law also requires the plaintiff to demonstrate a "substantial similarity of conditions between the prior accident and the incident giving rise to the plaintiff's cause of action." Spino v. John S. Tilley Ladder Co., 448 Pa. Super. 327, 346; 671 A.2d 726, 735 (Pa. Super. 1997).  Further, courts have made it clear that this burden rests with the plaintiff.  "We stress that the proponent of the evidence bears the burden to establish the similarity between the other accidents and the accident at issue before the evidence is admitted." Hutchinson v. Penske Truck Leasing Company, 2005 Pa. Super LEXIS 12181 *p17  (Pa. Super. 2005);  Valentine v. Acme Markets, Inc., 455 Pa Super. 256, 266; 687 A.2d 1157, 1162-1163 (Pa. Super 1997); Spino, 448 Pa. Super. At 346.  "Courts have engaged in several inquires in determining whether the other accidents were sufficiently similar to the accident at issue: Was the same instrumentality involved?  Did the accidents occur under the same or similar conditions or circumstances? Did the accidents occur at substantially the same place?" Id. at 6-7.

Bell Helicopter Textron, 1998 U.S. Dist. LEXIS 16772, at 11 (E.D. Pa. 1998); Gumbs v. International Harvester, Inc., 718 F.2d 88, 97 (3d Cir. 1983) (quoting Fed. R. Evid. 401).

In the instant case, Plaintiffs have not identified any prior accidents that meet the criteria required for admissibility. Specifically, Plaintiffs have not identified any ultralight aircraft accidents in which an ultralight aircraft lost engine power (as a result of all of the alleged engine deficiencies set forth in Plaintiffs' Complaint and by their experts) while on final landing approach after having executed a go-around, stuck power lines, and crashed into a cornfield.

Since Plaintiffs have failed to comply with the aforementioned requirements, they should not be allow at trial to offer any statements, testimony or other evidence concerning ultralight aircraft accidents. The probative value of any statements, testimony or other evidence relating to accidents that occurred in different aircraft under different circumstances, would be substantially outweighed by the danger of unfair prejudice, confusion of the issues and would mislead the jury. Fed. R. Evid. 403. Moreover, this type of evidence is superfluous, unnecessary, and would create a danger that the jury would decide this case on something other than its merits. As such, the danger of unfair prejudice clearly and substantially outweighs the probative value of this type of evidence, and the Plaintiffs should be barred.

## CONCLUSION

For the foregoing reasons, pursuant to above-referenced case law, and Fed. R. Evid. 402 and 403, Defendants respectfully request that Plaintiffs and their counsel be precluded from mentioning, eliciting testimony from their witnesses (fact and expert), or offering any information or evidence relating, generally, to ultralight aircraft accidents and, specifically, to

any prior ultralight aircraft accidents in which the aircraft was powered by an engine manufactured by defendants.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorney for Defendants BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG and Bombardier Inc.

BY:    /s/ Robert J. Kelly
       Robert J. Kelly, Esquire
       33 Washington Street – 18th Floor
       Newark, N.J.  07102

       And

By:    Jonathan Dryer, Esq.
       P.A. Attorney ID 34496
       The Curtis Center-Suite 1130 East
       Independence Square West
       Philadelphia, PA 19106

Date: September 30, 2005

-5-

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THERESA MARIE SIMEONE, Personal | : | |
| Representative of the Estate of Albert Francis | : | |
| Simeone, Jr., Deceased, and THERESA MARIE | : | CIVIL ACTION NO. 02CV4852 |
| SIMEONE, In Her Own Right, and | : | |
| MARY ANN LENGYEL, Personal | : | |
| Representative of the Estate of George Lengyel, | : | |
| Deceased, and MARY ANN LENGYEL, | : | JURY TRIAL DEMANDED |
| In Her Own Right | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BOMBARDIER CORPORATION GmbH, et al. | : | |
| | : | |
| Defendants. | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Christopher W. McClanahan, certify as follows:

I am an attorney with the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN &

DICKER LLP, attorneys for BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH &

Co. KG and Bombardier Inc.

I certify that the foregoing motion *in limine* was forwarded to the United States

District Court, Eastern District of Pennsylvania, pursuant to the direct filing system on this same

date.

I further certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements are willfully false, I am subject to punishment.

_____
Christopher W. McClanahan

Dated: September 30, 2005

443597.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal | : |
| Representative of the Estate of Albert Francis | : |
| Simeone, Jr., Deceased, and THERESA MARIE | : CIVIL ACTION NO. 02CV4852 |
| SIMEONE, In Her Own Right, and | : |
| MARY ANN LENGYEL, Personal | : |
| Representative of the Estate of George Lengyel, | : |
| Deceased, and MARY ANN LENGYEL, | : JURY TRIAL DEMANDED |
| In Her Own Right | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| BOMBARDIER-ROTAX GmbH, et al. | : |
| | : |
| Defendants. | : |

## ORDER

AND NOW, this day of , 2005, upon consideration of Defendants' motion in limine to preclude Plaintiffs and their counsel precluded from mentioning, eliciting testimony from their witnesses (fact and expert), or offering any information or evidence relating, generally, to ultralight aircraft accidents and, specifically, to any prior ultralight aircraft accidents in which the aircraft was powered by an engine manufactured by defendants., it is hereby ORDERED and DECREED that Defendants' Motion is GRANTED.

BY THE COURT

_____ J.

443598.1