IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO. 02CV4852 JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | |
| BOMBARDIER-ROTAX GmbH, et al. | |
| Defendants. | |

**PLAINTIFFS' MOTION IN LIMINE
TO EXCLUDE OPINIONS OF OFFICER JOSEPH YATSKO**

**I.   STATEMENT OF FACTS**

It is believed that Defendants may attempt to utilize some or all of the lay opinions of Officer Joseph Yatsko, formerly of the Jackson Township Police Department. Those opinions are contained in the accident report/notes prepared by Officer Yatsko and deposition testimony elicited by Defendants.

Because the accident in this case involved an ultralight aircraft, there was no NTSB or FAA investigation.[1] As a result, Officer Yatsko was forced to undertake a cursory investigation and concluded that "[m]y investigation leads me to believe pilot error was the cause of the crash and fatalities." (Exhibit "A") In the very next sentence of his report, however, Officer Yatsko states, "I would like to stress that this is a lay person's opinion, in that I have no formal training in these types of investigations."

---
[1] Even if the NTSB had investigated, its probable cause determination would have been inadmissible pursuant to 49 U.S.C. § 1154 (b).

Despite this admitted lack of experience with aircraft accident investigation, Officer Yatsko was, nevertheless, asked by Defendants to offer expert opinions on virtually every question in this case: (1) whether the propeller was rotating at impact – p. 88; (2) whether the engine was operating at impact – pp. 72-73; and (3) whether the aircraft struck power lines before crashing – pp. 58-59.

To his credit, Officer Yatsko acknowledged his lack of knowledge, skill, experience, training, and education and that each of his opinions are those of a lay person:

> Q. Could you detail for the record the training you had had in accident investigation and reconstruction as of the date of this accident?
>
> A. I had gone, I believe, to the first two schools in a four-school session for accident reconstruction. ***Nothing to do with any aircraft***.

[Yatsko at p. 90]

> Q. As an officer at the Jackson Township Police Department, what would your role be with respect to an aircraft accident at the York Airport?
>
> A. Securing the scene, making sure there was no criminal activity involved in the accident. And notifying the NTSB is usually what happened and I don't think we ever had one where they declined prior to this one, so they would have handled the accident.

[Yatsko at pp. 94-95]

> Q. As I understood your testimony, you had as a layperson come to a conclusion that the propeller was rotating at the time of the crash?

>   A. Could you ask -- I believe that the answer is yes. Could you ask that again.
>
>   Q. Yes, I was -- it was a lay opinion of yours that the propeller on the accident aircraft was rotating at the time it crashed?
>
>   A. That's correct.

[Yatsko at p. 97]

Similarly, Officer Yatsko repeatedly admitted that he had little knowledge about engines and, for this reason, made no observations of his own about the subject Rotax 582 engine. [Yatsko at pp. 72, 127, 130] [2]

As to the aircraft striking power lines, Officer Yatsko came to the conclusion that there had been a wire strike based in part upon a bent antenna but candidly admitted that he was completely unfamiliar with the normal appearance of an aircraft nav/com antenna and did not know if the bend pre-existed the crash. [Yatsko at p. 101]

In light of the foregoing, Officer Yatsko should not be forced into the role of an aircraft accident investigator in this case.

## II.    LEGAL ARGUMENT

Fed. R. Evid. 701, *Opinion Testimony by Lay Witness*, states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Rule 702, *Testimony by Experts,* provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as

---

[2] "I'm not familiar with engines." Yatsko at pp. 127.

an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

At the risk of overstating that obvious, aircraft accident investigation is not a subject for lay witnesses as specialized knowledge is required in order to assist the trier of fact. *See, Springer v. U.S.*, 819 F.2d 1139 (4th Cir. 1987). Therefore, Officer Yatsko's opinions should be excluded as unsubstantiated, not proven, and unreliable expert testimony.

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion.

Respectfully submitted,

*/s/ Alan D. Mattioni, Esq.*
Arthur Alan Wolk, Esquire
Alan D. Mattioni, Esquire
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following via first class mail, postage prepaid, on September 30, 2005:

>Robert J. Kelly, Esquire
>WILSON ELSER MOSKOWITZ
>   EDELMAN & DICKER LLP
>33 Washington Street, 18th Floor
>Newark, NJ  07102

>**THE WOLK LAW FIRM**

>*/s/ Alan D. Mattioni, Esq.*
>Alan D. Mattioni, Esquire
>1710-12 Locust Street
>Philadelphia, PA  19103
>(215) 545-4220