IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>Plaintiffs,<br><br>v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>Defendants. | : : : CIVIL ACTION NO. 02CV4852 : : : : : JURY TRIAL DEMANDED : : : : : : : : |

**PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE REFERENCE TO AGREEMENT
BETWEEN DONALD SOMMER AND THE FAA**

I.  **STATEMENT OF FACTS**

Plaintiffs intend to present the expert testimony of Mr. Donald E. Sommer. Mr. Sommer is an accident investigator, mechanical engineer, Airline Transport Rated Pilot, and FAA-certificated Airframe and Powerplant ("A & P") Mechanic with Inspection Authorization. As an A & P Mechanic, Mr. Sommer is permitted under Part 43 of the Federal Aviation Regulations to perform maintenance on certificated aircraft. A & P Mechanics like Mr. Sommer who obtain Inspection Authorization are also permitted to perform "Annual Inspections" on such aircraft.

It is anticipated that Defendant may attempt to cross-examine Mr. Sommer about a settlement agreement with the Federal Aviation Administration ("FAA") relating to a

"paperwork violation" *in October 1985* that resulted in a ninety-day suspension of his Inspection Authorization (not his A & P Mechanic's Certificate).

Under the terms of the settlement agreement, Mr. Sommer admitted only the following:

> I acknowledge that I violated Section [43.15(a)] of the Federal Aviation Regulations on or about October 1, 1985 when I inspected a Cessna Model 170B, N432W. I acknowledge that the *inadvertent violation* occurred because the required documentation of the updated and improved control wheels and left rudder pedals was not found in the aircraft file.[1]

Such cross-examination would not be relevant to any issue in this case. Ultralight aircraft like the Interplane Skyboy are not governed by Part 43 of the Federal Aviation Regulations. Nor can such a 20-year old violation legitimately impact Mr. Sommer's qualifications as an expert in this action. Accordingly, any reference thereto should be precluded.

## II.   LEGAL ARGUMENT

Fed. R. Evid. 609, *Impeachment by Evidence of Conviction of Crime*, provides as follows:

> **(a) General rule.**  For the purpose of attacking the credibility of a witness,
>
> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>
> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>
> **(b) Time limit.**  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the

---

[1] A Form 337 relating to installation of the referenced equipment was not part of the aircraft file when inspected by Mr. Sommer.

2

release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.  However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Obviously, Mr. Sommer's *inadvertent* violation of a Federal Aviation Regulation does not amount to conviction of a crime punishable by death or imprisonment in excess of one year.  Nor does such a violation in any way involve dishonesty or false statement.  Further, the violation asserted against Mr. Sommer occurred twenty (20) years ago.  Accordingly, Rule 609 provides no basis for admission of such evidence.

Fed. R. Evid. 608, *Evidence of Character and Conduct of Witness*, provides as follows:

> **(a) Opinion and reputation evidence of character.**  The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> **(b) Specific instances of conduct.**  Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence.  They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

By its terms, Rule 608 (b) precludes extrinsic evidence of specific instances of conduct.  Nor is this particular incident admissible "in the discretion of the court" because such evidence is not probative of Mr. Sommer's truthfulness.  In fact, this very issue was presented and decided in <u>Datskow v. Teledyne Industries, Inc.</u>, No. 88-1299L

(W.D.N.Y. Jan. 29, 1993) where the Honorable David G. Larimer held that any inquiry into the circumstances surrounding the ninety-day suspension of Mr. Sommer's Inspection Authorization did not relate to truthfulness or untruthfulness. Therefore, Defendants should be precluded from using the existence of this agreement in any manner at the time of trial.

### III.    CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion.

Respectfully submitted,

*/s/ Alan D. Mattioni, Esq.*
Arthur Alan Wolk, Esquire
Alan D. Mattioni, Esquire
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following via first class mail, postage prepaid, on September 30, 2005:

>Robert J. Kelly, Esquire
>WILSON ELSER MOSKOWITZ
>   EDELMAN & DICKER LLP
>33 Washington Street, 18th Floor
>Newark, NJ  07102

>**THE WOLK LAW FIRM**

>*/s/ Alan D. Mattioni, Esq.*
>Alan D. Mattioni, Esquire
>1710-12 Locust Street
>Philadelphia, PA  19103
>(215) 545-4220

5