**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>     Plaintiffs,<br><br>     v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>     Defendants. | : : : CIVIL ACTION NO. 02CV4852 : : : : : JURY TRIAL DEMANDED : : : : : : : : |

**PLAINTIFFS' MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE OF SHIPPING DAMAGE**
**TO THE INTERPLANE SKYBOY AIRCRAFT**

Defendants may attempt to offer evidence of shipping damage that occurred to the Skyboy aircraft before Mr. Simeone took delivery. In their Motion for Summary Judgment, Defendants stated:

> Decedent Simeone originally took delivery of a partially disassembled Skyboy, which decedent Simeone assembled.[1] Further, the Skyboy was damaged upon delivery to decedent Simeone. However, there is no evidence whatsoever that suggests that the aircraft was assembled properly or that the engine, and/or other components of the aircraft were not damaged during the assembly process. Further, there is no evidence that the aircraft was assembled by a qualified aircraft mechanic.

[Defendants' Memorandum of Law at p. 33]

Fed. R. Evid. 401 states,

"Relevant evidence" means evidence having any tendency to make the existence

---

[1] Defendants refer to the shipping documents for this assertion. Needless to say, those documents do not state that Mr. Simeone assembled the aircraft.

of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 402 provides,

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

The product at issue in this action is the Rotax 582 engine, not the Interplane Skyboy aircraft. Consequently, it is entirely irrelevant for present purposes that the aircraft suffered shipping damage that was *limited to the airframe* as opposed to the engine. There has never been any indication that the engine itself was damaged when the aircraft was shipped from Florida to Pennsylvania and no one has suggested that the crash on July 22, 2000 was in any way related to the repairs done as a result of the shipping damage.

As far as the actual shipping damage is concerned, that *is* documented in photographs and none show damage to the Rotax 582 engine.[2] It is also interesting to note, that Interplane USA itself was so undeterred by the shipping damage, and the manner in which it was repaired, that it attempted to buy back Mr. Simeone's airplane for use as a demonstrator. [Mandarino 35:16-24]

As for Defendants' suggestion that the aircraft and/or engine *may* have been damaged during the assembly process, once again there is no evidence or expert testimony to support such an assertion - let alone any claim that this phantom "damage" caused or contributed to the accident. Recall that Defendants believe the engine was running at impact so how could any hypothesized engine damage have caused this

---

[2] Copies were supplied to the Court with Plaintiffs' Response to Defendants' Motion for Summary Judgment which is hereby incorporated by reference.

accident. In reality, there can be no damage to the engine during "assembly" because the only assembly that needs to be done after the aircraft arrives from the Czech Republic is to reattach the wings. [Dawson 48:22-24]

Under the circumstances, no legitimate basis exists for admission of any evidence concerning repairs that resulted from shipping damage prior delivery of the aircraft to Mr. Simeone.

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion.

Respectfully submitted,

*/s/ Alan D. Mattioni, Esq.*
Arthur Alan Wolk, Esquire
Alan D. Mattioni, Esquire
THE WOLK LAW FIRM
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following via first class mail, postage prepaid, on September 30, 2005:

>Robert J. Kelly, Esquire
>WILSON ELSER MOSKOWITZ
>  EDELMAN & DICKER LLP
>33 Washington Street, 18th Floor
>Newark, NJ  07102

**THE WOLK LAW FIRM**

*/s/ Alan D. Mattioni, Esq.*
Alan D. Mattioni, Esquire
1710-12 Locust Street
Philadelphia, PA  19103
(215) 545-4220