# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THERESA MARIE SIMEONE, Personal      :

Representative of the Estate of Albert Francis      :

Simeone, Jr., Deceased, and THERESA MARIE      :

SIMEONE, In Her Own Right, and      :

MARY ANN LENGYEL, Personal      :   CIVIL ACTION NO. 02CV4852

Representative of the Estate of George Lengyel,      :

Deceased, and MARY ANN LENGYEL,      :   JURY TRIAL DEMANDED

In Her Own Right,      :

     :   **PROPOSED JURY CHARGES**

         Plaintiffs,      :

     :

         v.      :

     :

BOMBARDIER-ROTAX GmbH, Individually      :

and as a Joint Venture and/or d/b/a Rotax, and      :

BOMBARDIER INC., Individually and as a Joint      :

Venture and/or d/b/a Rotax,      :

     :

         Defendants.      :

 

Defendants BRP-ROTAX GmbH & Co. KG f/k/a BOMBARDIER-ROTAX GmbH & Co. KG'S ("Rotax") and BOMBARDIER INC. ("Bombardier") respectfully request that the following Jury Charges be presented to the jury.

        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
        Attorneys for Defendants

        By____/s/ Robert J. Kelly____
            Robert J. Kelly

DATED: October 6, 2005

# I.    GENERAL PROVISIONS AND OUTLINE FOR STANDARD CHARGE

## A.    PURPOSE OF CHARGE

I am now going to tell you about the principles of law governing this case.  You are required to accept my instruction as the law.

You should consider these instructions as a whole, and do not pick out any particular instruction and place undue emphasis upon it.

Any ideas you have of what the law is or what the law should be or any statements by the attorneys as to what the law may be, must be disregarded by you, if they are in conflict with my charge.

## B.    ROLE OF THE COURT

You have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## C.    ROLE OF THE ATTORNEY

The lawyers are here as advocates for their clients.  In their opening statements and in their summations they have given you their views of the evidence and their arguments in favor of their clients' position.  While you may consider their comments, nothing that the attorneys say is evidence and their comments are not binding upon you.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## D.    ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts.  You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have    determined    them,    and    you    determine    the    weight    of    the    evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the

objections, or in their questions is not evidence. Nor is what I may have said--or what I may say in these instructions--about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs or Defendants have proven their case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party. Your decision in this case must be based solely on the evidence presented and my instructions on the law.

You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

### E.     CORPORATIONS AND CORPORATE RESPONSIBILITY

In this case, one or more of the Defendants is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

Separate corporations are to be treated as separate entities unless there are justifiable reasons in light of all the circumstances not to treat them separately.

### F.     THE EVIDENCE

The evidence in this case includes the testimony of witnesses, documents, and other things received as exhibits in court. It may also include any facts that have been stipulated to or formally agreed to by the parties and any facts that have been judicially noticed—that is, facts that I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

(1)     Statements, arguments, questions, and comments by lawyers are not evidence.

(2)     During the course of the trial, you will hear from the attorneys on numerous occasions. Always bear in mind that the attorneys are not witnesses and what they say is not evidence in the case, whether they are arguing, objecting, or asking questions. The attorneys are here as advocates and spokespersons for their clients' positions.

(3)     Objections are not evidence. Lawyers have the right to object. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

(4)     Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

443635.3

(5)     Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

## G.     CONTENTION OF THE PARTIES

Plaintiffs contend that the subject engine was defectively designed and manufactured and that these defects resulted in the sudden stoppage of the engine. Plaintiffs also contend that the Defendants Rotax and Bombardier (collectively "Defendants), failed to warn users that the engine could suddenly stop. Plaintiffs further contend that the Defendants were negligent in breaching a duty of care to supply an airworthy engine; that they breached warranties owed to their decedents; and that Defendants engaged in wilful and wanton misconduct and fraud and deceit. Defendants, on the other hand, deny all of Plaintiffs' allegations and contend that the subject engine was not defectively designed or manufactured and that the subject product contained adequate warnings.

## H.     BURDEN OF PROOF

Plaintiffs seek damages in this case based upon claims of product liability; negligence; breach of express and implied warranties; and reckless, willful and wanton misconduct as well as fraud and deceit. In civil cases such as this one, the Plaintiffs have the burden of proving those contentions that entitle them to relief. The Plaintiffs have the burden of proving their case as to products liability; breach of warranties; negligence; and reckless, willful and wanton misconduct by a preponderance of the evidence. Claims of fraud and deceit must be established through clear and convincing evidence.

6

### 1.    Preponderance of the Evidence

A fair preponderance of the evidence means you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, to the scales of justice, which is really an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the Plaintiffs; onto the other side, place all of the evidence favorable to the Defendants. If, after considering the comparable with of the evidence, you feel that the scales tip, ever so slightly, in favor of the Plaintiffs, you verdict must be for the Plaintiffs.  If the scales are equally balanced or tip in favor of the Defendants, you verdict must be for Defendants.  Porter v. American Export Lines, Inc., 387 F.2d 409 (3rd Cir. 1968).

In this case, the Plaintiffs have the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the claims of product liability; breach of warranty; negligence; and reckless, willful and wanton misconduct against each Defendant.

### 2.    Clear and Convincing Evidence

To satisfy the burden of proof as to these issues, the Plaintiffs must prove every element of these claims by clear and convincing evidence. For evidence to be clear and convincing, the witnesses must be found credible; the facts to which they testify must be distinctly remembered, and the testimony must be so clear, direct, weighty, and convincing that you can reach a clear conviction, without hesitancy, of the truth of the precise facts in issue. Although this is a significant burden of proof, it is not necessary that the evidence be uncontradicted, as long as the evidence leads you to a clear conviction of its truth.

### I.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as the testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence (often called "inferences") is proof of one or more facts from which you could find another fact.  For instance, a chain of circumstances pointing to the existence of certain facts.  Circumstantial evidence is based upon deductions or logical conclusions that you reach from the direct evidence.

Let me give you an example of direct and circumstantial evidence.  If a witness testified that he/she observed snow falling last night, that would be an example of direct evidence.  On the other hand, if a witness testified that there was no snow on the ground before going to sleep and that when he/she arose in the morning the ground was snow covered, you could *infer* from these facts that it snowed during the night.  That would be an example of circumstantial evidence.

You may consider both direct and circumstantial evidence in deciding this case.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

### J.    WITNESS TESTIMONY

#### 1.    Number of Witnesses

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence.  It is a factor, but only one of many factors that you should consider.  Whether the witnesses appear to be biased or unbiased or whether they are interested or disinterested  persons, are among the important factors that indicate the reliability of their testimony.  The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the  greater number of witnesses or presents the greater quantity of evidence; but which

443635.3

witness or witnesses, and which evidence, you consider most worthy of belief.  Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to theirs.  Obviously, however, where the testimony of the witnesses appears to you to be the same quality, the weight of numbers assumes particular significance.

### 2.    Lay Opinion Testimony

A witness who is not an expert may give testimony in the form of an opinion or inference if such testimony is rationally based on the perception of the witness and helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. If you find that the testimony of a lay witness is based on his/her personal knowledge and such testimony is helpful to you in understanding the subject upon which he/she testified, you may consider such testimony in determining the facts relating to this witness' testimony. Remember that lay witness must have personal knowledge of the facts and circumstances on which his/her opinion is based.

### 3.    Expert Opinion Testimony

You have heard testimony from witnesses who were called as experts.  Generally, witnesses can testify only about the facts and are not permitted to give opinions.  However, an exception to this rule exists in the case of an expert witness.  A witness who has special knowledge, skill, experience, training or education in a particular science, profession, or occupation may give an opinion as an expert as to any matter in which he or she is skilled.

In this case, both Plaintiffs and Defendants have offered the testimony of expert witnesses who testified about certain opinions.

In determining the weight to be given to the expert's opinion, you should consider the qualifications and reliability of the expert and the reasons and facts given for the opinion, including all the considerations that generally apply when you are deciding whether or not to believe a

9

witness' testimony.  In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other source, or from the combination of these.

Finally, you are not bound by an expert's opinion merely because he/she is an expert; you may accept or reject it, as in the case of other witnesses.

### a.    Optional Charge Concerning Hypothetical Questions

An expert witness was asked to assume that certain facts were true and to give an opinion based on that assumption.  This is called a hypothetical question.  If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question.  By material fact, we mean one that was important to the expert in forming his/her opinion.  Similarly, if the expert has made it clear that his/her opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion. Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 Ed. 2d 469 (1993); In re TML Litigation, 193 F.3d 613 (3rd Cir. 1999)

### b.    Optional Charge In Case Of Conflicting Expert Testimony

It is for you the jury to resolve any conflicts in the testimony of the experts. In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

443635.3

### K.    CREDIBILITY

#### 1. Witness Reliability

As judges of the facts, you are the only judges of the credibility of the witnesses and their testimony. This means that you must judge the truthfulness and accuracy of each witness' testimony and decide whether to believe all, or part, or none of that witness' testimony. The following are some of the factors that you may and should consider when judging credibility and deciding whether or not to believe witnesses.

(a)    Was the witness able to see, hear, or know the things about which he or she testified?

(b)    How well could the witness remember and describe those things?

(c)    Was the ability of the witness to see, hear, know, remember, or describe those things affected by youth or old age or by any physical, mental, or intellectual deficiency?

(d)    Did the witness testify in a convincing manner? How did the witness look, act, and speak while testifying? Was the testimony uncertain, confused, self-contradictory, or presented in any kind of evasive manner?

(e)    Did the witness have any interest in the outcome of the case, or any bias, or any prejudice, or any other motive that might have affected the testimony?

(f)    How well does the testimony of the witness square with the other evidence in the case, including the testimony of other witnesses? Was it contradicted or supported by the other evidence and testimony?

(g)    Does the testimony make sense to you?

11

(h)    If you believe some part of the testimony of a witness to be inaccurate, consider whether that inaccuracy cast doubt upon the rest of that same witness' testimony. This may depend on whether the inaccuracy is in an important matter or in a minor detail.

(i)    You should also consider any possible explanation for the inaccuracy. Did the witness make an honest mistake or simply forget, or was there a deliberate attempt to present false testimony to you?

(j)    If you find that a witness deliberately testified falsely on a material or significant point, that is, on a matter that might affect the outcome of the trial, you may, for that reason alone, choose to disbelieve other parts or all of that same witness' testimony. But you are not required to do so. You should consider all the other factors that bear on credibility in determining whether to believe other parts of that witness' testimony.

(k)    While you are judging the credibility of each witness, you are likely to be judging the credibility of other witnesses or other evidence in the case. If there is a real irreconcilable conflict, it is up to you to decide which, if any, of the conflicting testimony or evidence you believe.

As the only judges of credibility and fact in this case, you, the jurors, are responsible to give the testimony of every witness, and all the other evidence, whatever credibility and weight you think it is entitled to receive.


## II.    **PRODUCT LIABILITY ACTION CHARGE**

The manufacturer or seller of a product is subject to liability for the injuries caused to the Plaintiff by a defect in the article, which existed when the product left the possession of the

443635.3

*manufacturer or distributor.* Such liability is imposed even if the manufacturer or distributor has taken all possible care in the preparation and sale of the product. Restatement (Second) of Torts § 402A (1965).

The manufacturer or distributor of a product is a guarantor of its safety. A defendant in a strict liability case who puts a defective product into the market remains liable to the user or consumer, despite the foreseeable conduct, negligent or otherwise, of others, for the harm created by the product as a result of the defect. Azzarello v. Black Brothers, Co., 480 Pa. 547, 550; 391 A.2d 1020 (1978)

The product must be provided with every element necessary to make it safe for its intended use, and without any condition that makes it unsafe for its intended use. If you find that the product, at the time it left the defendant's control, lacked any element necessary to make it safe for its intended use, or contained any condition that made it unsafe for its intended use, then the product was defective and the defendant is liable for all harm caused by the defect.

In other words, to prevail on a cause of action in products liability, a plaintiff must prove by a preponderance of the evidence that:

1)      the product was defective;

2)      the defect existed when it left the hands of the defendant;

3)      the product was not substantially altered after it left the Defendants' control; and

4)      the defect proximately caused injury to him or her.

See Putt v. Yates-American Machine, Co. 722 A.2d 217, 220 (Pa. Super. 1998)

In this case, Plaintiffs alleged that the subject engine was defectively designed and manufactured, and that Defendants failed to provide adequate warnings relating to the engine. If you find that the subject engine, at the time that it left Defendants' control, lacked adequate

warnings or contained any condition that made it unreasonably dangerous for use, then the product was defective and Defendants are liable for all harm caused by the defect. However, a product is not defective merely because it is possible to be injured while using it. Restatement (Second) of Torts § 402A.

## A.    FACTUAL CAUSE

If you find that the product was defective, the Defendant is liable for all harm caused by such defective condition. A defective condition is the factual cause of harm if the harm would not have occurred absent the defect. In order for the Plaintiffs to recover in this case, the Defendants' conduct must have been a factual cause of the accident.

The Plaintiffs are not required to prove that the defect caused the accident or initial impact. If the defect increased the severity of the injury over what would have occurred without the defect, the manufacturer and/or distributor is liable for the increased injuries suffered by the Plaintiffs.

## B.    DESIGN DEFECT
### 1.    Plaintiffs' Burden of Proof

The designer/distributor of the subject engine have the duty to make/distribute an engine that is reasonably safe. In this charge when I refer to a reasonably safe engine. I mean an engine that is reasonably fit, suitable and safe for its intended or reasonably foreseeable uses. Defendants owe that duty to direct users of the subject engine, to reasonably foreseeable users of the subject engine, and to those who may reasonably be expected to come into contact with it. In a design defect claim you must determine whether the engine could have been designed more safely. Spino v. Johns Tilley Ladder Company, 548 Pa. 286, 293; 696 A.2d. 1169, 1172 (1997)

14

The Defendants are liable only if Plaintiffs prove that the subject engine causing the harm was not reasonably safe for its intended or reasonably foreseeable uses. In this case, Plaintiffs claim the engine was designed in a defective manner in that it contained intolerant component parts, defective oil supply system, inadequate material, an inadequately designed and manufactured fuel system and engine cooling system. To recover under a design defect claim, the Plaintiffs must establish that

    a.    when the subject Rotax engine left the possession of Defendants, the very design of the engine was defective and unreasonably dangerous to the intended user; and

    b.    that the unreasonably dangerous, defective condition of the engine was a substantial factor in causing the death of Decedents Simeone and Lengyel. <u>Restatement (Second) of Torts</u> § 402 A.

## C. MANUFACTURING DEFECT

A manufacturing defect may be established by proof that as a result of a defect or flaw which happened during production or while in defendants' control, the product failed to perform safely. <u>Riley v. Warren Manufacturing, Inc.</u>, 455 Pa. Super. 384; 688 A.2d. 221 (1997); <u>Phillips Cricket Lighters</u>; 773 A.2d 802 (Pa. Super. 2001)

You must decide what the condition of the product as planned should have been according to Defendants' design specifications or performance standards and what its condition was as it was made. If you find there is no difference between the two conditions, then you cannot say there was a manufacturing defect. If there was a difference, you must decide if that difference made the product not reasonably safe for its intended or reasonably foreseeable uses. If the answer is "yes" then you have found the product to be defective. If you find the answer is "no" then you have found that the product is not defective and the Defendants are not liable.

443635.3

## D.    FAILURE TO WARN

If a product fails to contain an adequate warning or instructions, it is defective. <u>Demmler v. Smithkline Beecham Corp.</u>, 448 Pa. Super, 425, 431; 671 A.2d 1151, 1154 (1996); <u>Fletcher v. Raymond Corp.</u>, 424 Pa. Super. 605, 609-610, 623 A.2d 845, 847 (1993); <u>Incollingo v. Ewing</u>, 444 Pa. 263, 287; 282 A.2d 206, 219 (1971). Even a perfectly made and designed product may be defective if not accompanied by proper warnings and instructions concerning its use. A supplier must give the user or consumer any warnings and instructions of the possible risks of using the product that may be required, or that are created by the inherent limitations in the safety of such use. If you find that such warnings or instructions were not given, the Defendants are liable for all harm caused by the failure to warn.

To establish a claim for failure to warn, the Plaintiffs must establish that any failure to warn was the proximate cause of the Decedents' death. Before liability can be imposed however, the Plaintiffs must establish that the failure to warn adequately of such dangers was the cause in fact and proximate cause of the injuries.

### 1.    DUTY TO WARN--"HEEDING PRESUMPTION," FOR SELLER/DEFENDANT

If you find that the Defendants did provide the needed warning, then you may not find the Defendants liable for a failure to warn based on a determination that the Decedents did not read or heed the warning provided by the Defendants. When a seller provides warnings and/or instructions that are proper and adequate, the seller is entitled to presume--and the law presumes--that those warnings and instructions will be read and heeded.

16

443635.3

2.    **DUTY    TO    WARN--"HEEDING    PRESUMPTION,"    FOR USERCONSUMER/PLAINTIFF**

If you find, instead, that there were warnings or instructions required to make this product nondefective, which were not adequately provided by the Defendants, then you may not find for the Defendants based on a determination that, even if there had been adequate warnings or instructions, the Decedents would not have read or heeded them. Instead, you must presume, that if there had been adequate warnings or instructions, the Decedents would have followed them. Philipps v. A-Best Products Co., 542 Pa. 124, 131-32; 665 A.2d 1167, 1171 (1995).

3.    **DUTY TO WARN--CAUSATION, WHEN "HEEDING   PRESUMPTION" FOR PLAINTIFF IS REBUTTED**

*[In cases where an adequate warning was not provided, but the defense has rebutted the heeding presumption in the Plaintiffs' favor, charge as follows:]*

If you find, that there were warnings or instructions required to make this product non-defective, which were not adequately provided by the Defendants, then you must determine whether that failure by the Defendants was a factual cause of the harm to the Decedents. The question, in other words, is whether Decedents would have been harmed if the needed warning had been provided. If you find that the Decedents would have acted to avoid the underlying hazard if such a warning had been provided, then you should find on this issue in favor of the Plaintiffs. Otherwise, you should find for the Defendants.

E.    **PRODUCT LIABILITY DEFENSES**

1.    **Exculpatory Agreement**

Defendants allege that Decedent Simeone waived his right (and the right of his heirs) to institute suit against Defendants by virtue of the exculpatory agreement that he executed in connection with his  purchase of the Interplane Skyboy ultralight aircraft.  Defendants contend that, as a

443635.3

supplier of the engine, that they are third party beneficiaries of a valid agreement between Decedent Simeone and Interplane. If you find that Decedent Simeone expressly waived his right to institute suit, then you must find that Defendants are not liable as towards Plaintiff Simeone. In order to be valid, the agreement must be between individuals relating to their private affairs; each party must be a free bargaining agent, with no recourse but to reject the entire transaction; spell out the intent of the parties with the utmost particularity; and be construed strictly and against the party asserting it. Zimmer v. Mitchell & Ness, 254 Pa. Super. 474, 478; 385 A.2d 437 (1978), affirmed, 490 Pa. 428; 416 A.2d 437 (1980); See also, Employers Liability Assur. Corp. v. Greenville Business Men's Ass'n., 423 Pa. 288; 224 A.2d 620 (1966); Valeo v. Pocono International Raceway, Inc., 347 Pa. Super. 230; 50 A.2d 492 (1985); Schillachi v. Flying Dutchman Motorcycle Club, 751 F. Supp. 1169 (E.D. Pa. 1990).

Defendants also contend that they are beneficiaries of the agreement between Decedent Simeone by virtue of supplying the engine. There is thus a two part test for determining whether Defendants are the intended beneficiaries of the agreement: (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and (2) the performance must "satisfy an obligation of the promise to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Scarpitti v. Weborg, 530 Pa. 366, 371 ; 609 A.2d 147 (1992), citing Guy v. Liederbach, 501 Pa. 47, 60; 459 A.2d 744 (1983).

### 2.    Misuse or Substantial Change Defense

A seller is responsible only for defects that exist at the time the product leaves his or her control. A seller is not liable for defective conditions created by substantial changes in the product occurring after the product has been sold. The seller is also not liable for injuries

18

resulting from the plaintiffs' misuse of the product. <u>Dillinger v. Caterpillar, Inc.</u>, 95 F.2d 430, 445 (3rd Cir. 1992). However, an important qualification to this rule. If you do find that defective conditions were created by substantial changes in the product occurring after it was sold, that finding would not, in itself, relieve the seller of liability. Rather, the seller would still be liable, in that circumstance, unless you also find that the changes were ones that could not reasonably have been foreseen or expected by the seller. That is because a seller's responsibility, under our law, extends to all dangers that result from foreseeable changes to the product.

### 3. Assumption of Risk Defense

If the Decedents knew of the specific defect eventually causing deaths and voluntarily proceeded to use the engine with knowledge of the danger caused by this specific defect, Plaintiffs are barred from recovery. Plaintiffs are not barred from recovery, however, if the Decedents did not actually discover the defect prior to the accident or failed to recognize and appreciate its danger, regardless of what other persons might have done in the same circumstances. Voluntary exposure to a dangerous situation does not bar recovery, unless the danger known and recognized by the Decedents was caused by the specific defect eventually causing their injury. It is the Defendants' burden to prove that the Decedents actually knew of the defect, appreciated its danger, and voluntarily chose to encounter it.

Here Defendants contend that the Decedent Simeone expressly and impliedly assumed the risk of injury or death, and Decedent Lengyel impliedly assumed the risk of injury or death..

### a. Implied Assumption of Risk

Plaintiffs are barred from recovery if Defendants can establish that while Decedents recognized a risk of injury associated with the use of the ultra light aircraft and engine and, they voluntarily chose to operate the ultralight resulting in their harm. <u>Restatement (Second) of Torts</u>, §496C.

### b.    Express Assumption of Risk

Plaintiffs cannot recover for injuries sustained from a defective product if by contract or otherwise express agreement they voluntarily accepted a risk of harm arising from the defendant's negligent or reckless conduct Restatement (Second) of Torts, §496B.    Here, Defendants contend Decedent Simeone executed a written release by which Decedent Simeone agreed to relieve Defendants of any liability toward decedent him or his heirs.

### F.    SUMMARY PRODUCTS LIABILITY

If you find that the Plaintiffs have proven by the preponderance of the credible evidence that: (1) the product as designed, manufactured or sold was defective, in that it was not reasonably safe for its intended or reasonably foreseeable uses; (2) the defect existed when the product left the hands and control of the Defendants; and (4) that the defect caused the Plaintiffs'/Decedents' injuries. If Plaintiff has failed to establish any one of the just mentioned elements, then you must find for Defendants.

## III.    NEGLIGENCE ACTION

### A.    NEGLIGENCE

A defendant is subject to liability for injuries or harm caused to a plaintiff as a result of the defendants' negligent conduct.    The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here. Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.

443635.3

In this case, in order to prove negligence, Plaintiffs must establish:

1.)    the existence of a duty owed to one or both Decedents by Rotax and /or Bombardier;

2)    that the Defendants breached the duty of care to Decedents; and

3)    that this breach was the proximate cause of Decedents' death.

See Griggs v. BIC Corp., 981 F.2d 1429, 1434 (3rd Cir. 1992).

### B.    **BURDEN OF PROOF**

The Plaintiffs claim that the Decedents died as a result of the negligent conduct of the Defendants The Plaintiffs have the burden of proving their claims. The Defendants deny Plaintiffs' claims and assert as an affirmative defense that the Decedents were negligent in their operation of the aircraft, by failing to properly maintain the subject ultralight aircraft, as well as flying over unknown territory where they could not execute a no power landing in the event of an emergency. Defendants content that Decedents' negligence was a factual cause in bringing about the Decedents' accident. The Defendants have the burden of proving this affirmative defense.

Based upon the evidence presented at this trial, the only issues for you to decide in accordance with the law as I will give it to you, are:

1)    Were the Defendants negligent?

2)    Was the Defendants' conduct a factual cause in bringing about harm to the Decedents?

3)    Were the Decedents negligent and was such negligence a factual cause in bringing about their accident?

21

443635.3

C.    **FACTUAL CAUSE**

*[Use the following where the action is against more than one defendant]*

A defendant's negligent conduct need only be *a* factual cause of the plaintiff's harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred. However, it does not need to be the only cause. The existence of other causes of the harm does not relieve the defendant from liability as long as the defendant's negligent conduct was a factual cause of the harm. If you find that one of the alleged acts of a defendant was negligent and a factual cause of the harm, this is sufficient to subject that defendant to liability. See Pegg v. General Motors Corp., 391 A.2d 1074, 1080 (Pa. Super. 1978)

In order for the conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the negligent conduct of the Defendants was more than an insignificant factor in bringing about any harm to the plaintiffs. Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury. However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury. A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

To be a contributing factor, the Defendants' conduct need not be the only factor. The fact that some other cause concurs with the negligence of the Defendant in producing an injury does not relieve the Defendants from liability as long as their own negligence is a factual cause of the

injury.

The negligence of a defendant may be found to be a factual cause of a plaintiff's harm even though it was relatively minor as compared to the negligence of other defendants or the plaintiff. In effect, the test for factual causation has been met when the conduct in question has such an effect in producing the harm as to lead reasonable persons to regard it as one of the contributing causes that is neither insignificant nor inconsequential considering all the circumstances.

Plaintiffs allege that Defendants Rotax and Bombardier were negligent in selling a defective engine. Defendants contend that they did not breach a duty of care to the decedents as the subject engine was not defective; the subject engine was airworthy; and the Decedents were properly warned of the danger of sudden stoppage associate with the engine.

### D.    NEGLIGENCE DEFENSES

#### 1.    Contributory Negligence

Defendants are not liable if: 1) the Decedents were contributorily negligent; and 2) that negligence was the legal cause of the decedent's death. Contributory negligence is conduct on the part of a plaintiff that is a factual cause of the plaintiff's injury. The burden is not on the plaintiff to prove the decedent's freedom from contributory negligence. The defendant has the burden of proving contributory negligence by a fair preponderance of the credible evidence. You must determine whether the Defendants have proven that the Decedents, under all the circumstances present, failed to use reasonable care for their own protection. See Thomson v. Goldman, 382 Pa. 277, 280 (1955).

Contributory negligence is conduct on the part of a plaintiff which falls below the standard of care to which he should conform for his won  protection and which is a legally

contributing cause, cooperating with the negligence of the defendant, in brining about the plaintiff's harm.  Contributory fault may stem either from a plaintiff's careless exposure of himself to danger or from his failure to exercise reasonable diligence for his own protection.

In this case, as demonstrated by all of the evidence Defendants Rotax and Bombardier contend that Decedents were at fault for the happening of their injuries.  Specifically, Defendants contend that pilot error was the legal cause of the Decedents' accident and harm.

Even if you find that the Decedents were negligent, you must also determine whether the Defendants has proven that the Decedents' conduct was a legal cause in bringing about the their injuries. If the Defendants have not sustained that burden of proof, then the defense of contributory negligence has not been made.

**2.  Comparative Negligence and Apportionment Among Joint Tortfeasors.**

If you find that the Decedents were contributorily negligent and such contributory negligence was a factual cause in bringing about their harm, then you must apply the Comparative Negligence Act, which provides as follows:

The fact that a plaintiff (decedent) may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than that his/her own negligence, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff (decedent). 42 Pa. Cons. Stat. Ann. § 7102.

**3.  Multiple Defendants**

Just as the law provides that a plaintiff's damages should be diminished in proportion to the amount of negligence attributable to the plaintiff, so too it provides that an award should be divided among the defendants in proportion to their relative degrees of causal negligence. If you

24

find that more than one defendant is liable to the decedents/plaintiffs, you must also apply section 2 of the Comparative Negligence Act, which provides as follows:

Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed.

Under this act, if you find that the defendants, any defendant or more than one defendant, was causally negligent and you find that the Decedents were also causally negligent, it is your duty to apportion the relative degree of causal negligence between all of the defendants found negligent and the plaintiffs/decedents.

In apportioning the causal negligence you should use your common sense and experience to arrive at a result that is fair and reasonable under the facts of this accident you have determined them from the evidence.

If you find that the plaintiff's causal negligence was greater than the causal negligence of the defendant, the combined causal negligence of those defendants you find to have been negligent, then the plaintiffs are barred from recovery and you need not consider what damages should be awarded.

If you find that the plaintiffs' causal negligence was equal to or less than the causal negligence of the combined causal negligence of the defendants you find to have been causally negligent], then you must set forth the percentages of causal negligence attributable to the plaintiff and the percentage of causal negligence attributable to each of the defendants you find to have been causally negligent. The total of these percentages must be 100 percent. You will then determine the total amount of damages to which the decedents/plaintiffs would be entitled if

they had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the decedents'/plaintiffs fault.   After you return your verdict, the court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attributed to the plaintiff.

To further clarify these instructions, the court will now distribute to each of you a verdict form containing specific questions. At the conclusion of your deliberations, one copy of this form should be signed by your foreman and handed to the court clerk; this will constitute your verdict.

443635.3

## IV.    RECKLESS, WILLFUL AND WANTON MISCONDUCT, FRAUD AND DECEIT

### A.    RECKLESS, WILLFUL AND WANTON MISCONDUCT

A defendant is subject to liability in tort if he acts intentionally in creating a great risk of harm.

1.    **Reckless conduct** is intentional acting or failing to act in complete reckless disregard of a risk of harm to others that is known or should be known to be highly probable and with a conscious indifference to the consequences. Reckless conduct is also acting or failing to act when existing danger is actually known and with an awareness that harm is reasonably certain to result.

2.    **Willful conduct** means that the actor *desired* to bring about the result that followed or realized that it was substantially certain to ensue.

3.    **Wantonness** means that the defendant *acted* intentionally *without regard* to the consequences, despite a known risk to another.

To find Defendants Rotax and Bombardier liable for reckless, willful and wanton conduct you must determine whether in selling the subject engine, the Defendants (1) knew of the great risk, but consciously disregarded it; or (2) had knowledge of facts which would lead a reasonable man to become aware of this risk in time for the actor reasonably to avoid the danger.

### B.    FRAUD AND DECEIT

Plaintiffs allege that Defendants Rotax and Bombardier were fraudulent, deceitful and misleading in marketing Rotax aircraft engines that they knew were defective and unreliable. A person who makes a fraudulent misrepresentation of material fact to another person is

27

443635.3

responsible for all injuries resulting from that other person's reliance on the fraudulent misrepresentation.

In order for the Plaintiff to recover against Defendants Rotax and Bombardier on a theory of fraud, the Plaintiffs must prove by clear and convincing evidence: (1) that the Defendants made a misrepresentation to the Decedents about the subject Rotax engine, (2) that the misrepresentation made by the Defendants to the Decedemts was fraudulent, (3) that the misrepresentation was of a material fact, (4) that the Defendants intended that the Decedents rely on the Defendants' misrepresentation, (5) that the Decedents relied on the Defendants' misrepresentation, and (6) that the Decedents' reliance on the Defendants' misrepresentation was a factual cause of the harm suffered by the Decedents. Debbs v. Chrysler Corp., 810 A.2d 137, 15 (2002); Gibbs v. Ernst, 538 Pa. 193, 647 A.2d 882, 889 (1992)

1.     A misrepresentation is any assertion, by words or conduct that is not in accordance with the facts. An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product. An assertion by conduct may, for example, arise from a usage of trade or a course of dealing. Pa.SSJI (Cv)13.14.

2.     A usage of trade is any practice or method of dealing that has been regularly observed among persons in a particular place, trade, or vocation. Because a usage of trade is so regularly observed, a buyer may justifiably expect it to be observed by the seller in any sale. Pa.SSJI (Cv)13.14.

3.     A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct. An assertion by conduct may also arise when the seller knows the

443635.3

particular purpose for which the user or consumer requires the goods or product, and the seller furnishes the goods or product for that particular purpose. Pa.SSJI (Cv)13.14.

4.    A misrepresentation is fraudulent when the person making the misrepresentation (a) knows that it is untrue, or (b) does not believe it is true or is indifferent as to whether it is true, or (c) by reason of special circumstance has a duty to know whether it is true. Pa.SSJI (Cv)13.14.

5.    A fact is material if it is one that would be of importance to a reasonable person in determining a choice of action. A material fact need not be the sole or even a substantial factor in inducing or influencing a reasonable person's decision. A fact is also material if the maker of the misrepresentation knows that the person to whom it is made is likely to regard it as important even though a reasonable person would not regard it as important. Pa.SSJI (Cv)13.14.

6.    "Reliance" means a person would not have acted (or would not have failed to act) as he or she did unless he or she considered the misrepresentation to be true. Pa.SSJI (Cv)13.14.

## V.    BREACH OF WARRANTY ACTION

### A.    GENERAL INSTRUCTION ON WARRANTY

Plaintiffs contend that Defendants Rotax and Bombardier breached express and implied warranties by selling defective engines after advertising that the subject engines were are safe for their intended use.

A warranty is a promise, either express or implied, made by a seller of goods that the goods he or she sells will possess a certain characteristic or characteristics. I will give you the legal definition[s] of warranty, and you will find upon the evidence either that a warranty was or was not in effect in the manner the plaintiff contends. If you find that a warranty was in effect in the manner the Plaintiffs contend, you must then decide whether one or both defendants

443635.3

breached the warranty. If you find that one or both Defendants breached the warranty, you must finally decide whether the breach was a substantial factor in causing the harm that the Plaintiffs claim Decedents suffered. The three questions you must decide are: (1) whether a warranty existed; (2) whether the defendant breached the warranty; and (3) whether the breach of the warranty was a substantial factor in causing harm to the Plaintiffs' Decedents. If you find in favor of one or both Plaintiffs on all three questions, you will need to decide whether one or both Plaintiffs were intended third party beneficiaries of any warranty. A warranty extends to any natural person who is in the family or household of his buyer or who is a guest in his home, if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. 13 Pa.C.S. § 2318. If you find that one or both Plaintiffs are beneficiaries of a warranty then you will return a verdict for that Plaintiff.

## B.    EXPRESS WARRANTY

When a seller states a fact or makes a promise or causes another person to state a fact or make a promise relating to the goods he or she sells, the seller has created an express warranty that the goods will conform to that statement or promise. In this case, Defendants contend that Interplane sold the ultralight aircraft, with the subject engine, to Decedent Simeone. Defendants supplied the engine that powered the ultralight aircraft. Defendants contend that Decedent executed a written agreement expressly releasing Interplane and it suppliers liable for any claims in connection with the purchase and use of the ultralight aircraft. Defendants also contend that it did not provide an express agreement to either Plaintiff.

A description by the seller of the goods he or she sells creates an express warranty that the goods sold will conform to that description.

A seller who promises that the goods he or she sells will conform to a sample or model or who describes the goods he or she sells by way of a sample or model creates an express warranty that the goods sold will conform to that sample or model.

It is not necessary that a seller use formal words such as "warrant" or "guarantee" to create an express warranty. It is not necessary that a seller have a specific intention to create a warranty. An express warranty may be made before, at the time of, or after the sale of goods.

A statement as to the value of the goods or a statement purporting to be merely the seller's own opinion of the quality of the goods does not create an express warranty.

### 1.    Exclusion or Modification of Express Warranties

Words or conduct relevant to the creation of an express warranty and words or conduct tending to exclude or limit a warranty will be construed as consistent with each other whenever such a construction is reasonable. If you find that Bombardier or Rotax have here used words or conduct relevant to the creation of an express warranty and have also used words or conduct tending to exclude or limit the warranty, it is your duty to attempt to construe them as consistent with each other, but if you find that they cannot reasonably be construed as consistent with each other, you will disregard the words or conduct tending to exclude or limit the warranty.

### C.    IMPLIED WARRANTY

### 1.    Implied Warranty of Fitness for a Particular Purpose

Where the seller at the time of the sale has reason to know the specific use for which the buyer is purchasing the goods and that the buyer is relying on being induced or influenced to purchase by the seller's skill or judgment to select or furnish goods suitable for that use, an implied warranty is created that the goods will be fit for that particular purpose.

A seller need not actually know the specific use for which the buyer is purchasing the

goods or of the buyer's reliance on the seller's skill or judgment, if the circumstances are such that the seller has reason to realize the purpose intended or that reliance exists. If you find that Defendants relied on an agent of Bombardier and/or Rotax when he purchased the subject ultralight aircraft, which contained the subject Rotax engine, then you may find for the Plaintiffs. If you find that that the Plaintiff, Mr. Simeone, did not rely on a Bombardier and/or Rotax employee's skill or judgment, then you must find for the Defendants.

### 2.    Implied Warranty of Merchantability

A merchant is a person who deals in goods or has knowledge or skill peculiar to goods involved in the transaction. A merchant also can be one who employs others who have such knowledge or skill.

Agreement of sale means the bargain of the parties as found in the expressed language or conduct of the parties, or by implication from other circumstances. This includes any course of performance, course of dealing, or usage of trade.

A course of performance is that period during which the seller and buyer have engaged in transactions of such goods.

A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct.

A usage of trade is any particular method of dealing that has been regularly followed by persons in a particular place, trade, or vocation. Because a usage of trade is so regularly followed, a buyer must justifiably expect it to be followed by the seller in any sale.

If the seller is a merchant of goods of the kind sold, an implied warranty of merchantability exists:

443635.3

(1) that the goods as described or designated are of a quality comparable to that generally acceptable in the trade;

(2) that where the goods are sold in units equivalent of any other unit, the units are of fair average quality for such goods;

(3) that the goods are fit for the ordinary purposes for which such goods are used;

(4) that the goods run, within variations permitted by the agreement of sale, of even kind, quality, and quantity within each unit and among all units involved;

(5) that the goods are adequately contained, packaged, and labeled as the agreement of sale may require; and

(6) that the goods conform to the promises or statements of fact made on the container or label.

In addition, other implied warranties may arise from course of dealing or usage of trade. If you find that the evidence establishes both a course of dealing and a usage of trade that are in conflict, then the course of dealing controls.

## VII.    <u>DAMAGES</u>

If the Plaintiffs have proven by a preponderance of the credible evidence that Defendants are liable to them, then you must determine the damages to which the Plaintiffs are entitled. However, you should not infer that the Plaintiffs are entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiffs are entitled to recover.

### A.    DEATH CASES

When a person dies, the damages they would have been entitled to go to their estate or survivors. The estate and survivors are just as entitled to these damages as the deceased person

33

would have been had they survived.

The Plaintiffs, as the administrators of the estate of the decedent, may raise  claims for damages under the Wrongful Death Act and the Survival Act. Here Plaintiffs  Simeone and Lengyel filed a Wrongful Death Action and Survival Act claims on behalf of the estate of their deceased husbands.

1.      Under the Wrongful Death Act, the damages recoverable by the Plaintiffs are as follows:

(a) The Plaintiffs are entitled to be awarded an amount that will cover all hospital, medical, funeral, burial, and estate administration expenses incurred. [It has been stipulated that these expenses amount to $ *[amount]*.]

(b) The Plaintiffs are entitled to be awarded an amount that will fairly and adequately compensate the family of their decedent (wife, children, parents, etc.) for their loss of any contributions they would have received between the time of the death of the decedent and today. This includes all amounts of money that the decedents would have spent for or given to their families for such items as shelter, food, clothing, medical care, education, entertainment, gifts, and recreation.

(c) The Plaintiffs are entitled to be awarded the value of all sums that the decedents would have contributed to the support their families between today and the end of their respective life expectancies.

(d) In addition to the monetary contributions that the decedent would have contributed to their families' support, the Plaintiffs are entitled to be awarded a sum that will fairly and adequately compensate their families for the monetary value of the services, society, and comfort that they would have given to their families had they lived, including such elements as work

34

around the home, provision of physical comforts and services, and provision of society and comfort.

(e) The Plaintiffs, on behalf of the surviving children, if any, are entitled to be awarded an amount that will fairly compensate for the loss of the services that the decedents as fathers would have contributed to their children.

## B.    COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiffs'/decedents' rights. If you find that the defendants are liable on the claims, as I have explained them, then you must award the plaintiffs sufficient damages to compensate them for any injury proximately caused by the defendants' conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole--that is, to compensate him or her for the damage suffered. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered because of a defendant's conduct.

I remind you that you may award compensatory damages only for injuries that the Plaintiffs prove were proximately caused by the defendants Bombardier and Rotax's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that

443635.3

difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### C.    PUNITIVE DAMAGES

If you should find that one or both Defendants are  liable for the Decedents' death, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the Plaintiff prove by a preponderance of the evidence that the Defendants' conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purposes of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct. Restatement (Second) of Torts §908A.

The awarding of punitive damages is within your discretion--you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. Punitive damages are awarded only in rare instances, to punish and deter outrageous, extreme, egregious behavior." Hutchinson v. Penske Truck Leasing Company, 2005 Pa super LEXIS 1281 (Pa.  Super. 2005), citing Martin v. Johns-Manville Corp., 508 Pa. 154, 169; 494 A.2d 1088, 1096-97 (1985).  Punitive damages may not be awarded for a defendant's

ordinary negligence, involving inadvertence, mistake or error of judgment. Id. citing Martin v. Johns-Manville Corp., 508 Pa. at 170.

If you decide to award punitive damages, you must use sound reason in setting the amount--it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the Defendants in fixing the amount of punitive damages and you may impose punitive damages against one or more of the defendants, and not others, or against more than one defendant in different amounts.

## D.  APPORTIONMENT OF DAMAGES UPON MULTIPLE DEFENDANTS

You should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim--he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are two defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

37

443635.3

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages. If you decide that both of the Defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

## VIII.    CONCLUDING INSTRUCTIONS

### A.        NO PREJUDICE, PASSION, BIAS OR SYMPATHY

Your oath as jurors requires you to decide this case fairly and impartially, without sympathy, passion, bias or prejudice. You are to decide this case based solely upon the evidence that you find believable and in accordance with the rules of law that I give you.

Sympathy is an emotion which is normal for human beings. No one can be critical of you for feeling some degree of sympathy in this matter. However, that sympathy must play no part in your thinking and in the decision you reach in the jury room. Similarly, your decision must not be based upon bias or prejudice which you might have developed during the trial, for or against any party. Your duty is to decide this case impartially and a decision based on sympathy, passion, bias or prejudice would violate that duty.

You are not advocates for either party. You are judges of the facts. Your sole interest is to determine the truth from the evidence in the case. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without

compromising your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with the other jurors.

### B.    DELIBERATIONS

(1) You now have all the rules of law to properly reach a verdict in this case. In a few minutes, you will begin your deliberations. Before you do so, I would like to give you a few final guidelines on conducting your deliberations and properly arriving at a verdict.

(2) My responsibility, as judge, is to decide all questions of law; therefore, you must accept and follow my rulings and these instructions as to matters of law. But I am not the judge of the facts. You, the jurors, are the only judges of the facts. So your responsibility is to consider the evidence and decide what the true facts are. By applying the rules of law as given to you, to the facts as you find them, you must determine whether the plaintiff has proven [his] [her] [its] claims.

(3) The decision in this case, as I am sure you understand, is a matter of considerable importance. Your responsibility, as jurors, is to reach a verdict based on the evidence presented during the trial, and upon your evaluation of that evidence. You must consider all the testimony you have heard, and all the other evidence presented during this trial, in order to determine the facts.

(4) In deciding the facts, you may properly apply common sense and draw upon your own everyday practical knowledge of life. You should keep your deliberations free of any bias or prejudice. All parties have the right to expect you to consider the evidence conscientiously, and to apply the law as I have outlined it to you.

(5) Before you begin to deliberate, you should select one of your group to be the foreperson. The foreperson will announce the verdict in this courtroom after you have finished

39

deliberating. If, during deliberations, you have a serious doubt about some portion of these instructions, write your question in a note, signed by the foreperson. Give the note to the bailiff. The bailiff will give it to me for response. You should not, however, reveal to anyone how the jury stands numerically.

(6) The verdict should be rendered only after careful and thoughtful deliberations. In the course of your deliberations, you should consult with each other and discuss the evidence freely and fairly, in a sincere effort to arrive at a just verdict. It is your obligation to consider the evidence and the issues presented with a view toward reaching agreement, if you can do so without violating your own individual judgment. Each juror must decide this case for him- or herself, after examining the issues and the evidence with proper regard to the opinions of other jurors. Proper consideration of the issues before you means that you should be willing to reexamine your views and change your opinion, if convinced that it is erroneous; but you are not required to surrender an honest conviction as to the weight or effect of the evidence only because of another juror's opinion, or solely for the purpose of returning a verdict.

(7) Your verdict must represent the jury's considered, final judgment. While the view of every juror must be considered, your verdict need not be unanimous. A verdict rendered by five-sixths of the jury shall constitute the verdict of the entire jury. Five-sixths of twelve is ten. So when ten of you have agreed that you have reached a verdict, indeed, you have. You should tell the bailiff, and we will reconvene court to accept your verdict. *[If this is a jury of less than twelve, the appropriate numbers should be inserted. For example, five-sixths of eight requires a verdict of seven.]*

(8) Please keep in mind that this dispute between the parties is, for them, a most serious

443635.3

matter. They and the court rely upon you to give full and conscientious consideration to the issues and the evidence before you. Neither sympathy nor prejudice may influence your deliberations. You should not be influenced by anything other than the law and the evidence in this case, together with your own judgment and evaluation of that evidence. All parties stand equally before the court, and each is entitled to the same fair and impartial treatment in your hands.

(9) In closing, I suggest that you will be able to deliberate more easily, and in a way that will be better for all concerned, if each of you treats your fellow jurors and their views with the same courtesy and respect as you want your views to be treated, and with the same courtesy and respect as you would treat any other person in your everyday life.

## C.    VERDICT

Since this is a civil case, any verdict of 5-1 or 6-0 is a legal verdict. Therefore, it is not necessary that all six jurors agree on each question. An agreement of any five jurors is sufficient. All six jurors must deliberate fully and fairly on each and every question, and all six jurors must determine and vote upon each question. It is not necessary that the same five jurors agree upon the answers to all questions. Whenever at least five jurors have agreed to any answer, that question has been decided, and you may move on to consider the remaining questions in the case if it is appropriate to do so. All six jurors must participate fully in deliberating on the remaining questions. A juror who has been outvoted on any question shall continue to deliberate with the other jurors fairly, impartially, honestly and conscientiously to decide the remaining questions. Each juror must consider each question with an open mind.

443635.3

When at least five of you have agreed upon a verdict, knock on the jury room door. Indicate to the attendant that you have reached a verdict and say nothing more. The attendant will escort you back to the jury box so that the court may receive your verdict.

### 1.    Jury Verdict Sheet

I have prepared a jury verdict sheet which I believe should make your task simpler. I will be sending that sheet with you to the jury room. The sheet has questions that you must consider and answer within the framework of the instructions that I have given you. I will now review these questions with you. **[Go over sheet.]**  Answering the questions on this sheet will be your verdict.

### 2.    Communications with Court

If during your deliberations you wish to communicate with the court, or you would like me to repeat any part of the jury instruction, please write your request or question and give the note to the attendant. I will respond as quickly as I can by having you in the courtroom on the record. I should caution you, however, that at no point until you reach your final verdict should you indicate to the attendant or anyone else what your vote has been on any question before you. That is a matter that only members of the jury should know until you have reached a verdict.

### IX.   THANKING AND DISCHARGING JURY

Ladies and gentlemen of the jury, the function that you have performed is one of the most important tasks that you will ever be called upon to fulfill.  With the return of your verdict, your service in this case is complete.  I know that your stay with us has involved sacrifice on your part. I trust you leave here knowing that you have made a meaningful contribution to the judicial process and hope that you have enjoyed the experience.  You have been a serious, attentive and

extremely diligent jury. It has been my pleasure to have worked with you. On behalf of everyone in the courtroom, the citizens of Pennsylvania and the entire judicial system, I thank you each and every one of you. We greatly appreciate your willingness to serve and your service.

You are now discharged. Thank you very much.

443635.3