IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>Plaintiffs,<br><br>v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>Defendants. | CIVIL ACTION NO. 02CV4852<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF INTERPLANE USA WAIVERS/RELEASES

Defendants BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG and Bombardier Inc. (collectively herein, "Defendants") submit the following Opposition to Plaintiffs' motion *in limine* to exclude evidence of Interplane USA Waivers/Releases:

Defendants incorporate by reference, their Memorandum of Law and Reply Memorandum of Law in connection with their motion for summary judgment which briefed the very issue which is the subject of Plaintiffs' motion *in limine*. This Court denied Defendants' motion, without specifically addressing the Waivers/Releases that are the subject of the instant motion, finding only that genuine issues of material fact exist with respect to Plaintiffs' claims. The evidence that Plaintiffs seek to exclude shows the Decedent Simeone's awareness of the

444371.1

risks of ultralight flying and demonstrates the knowledge and experience base that Decedent Simeone brought to this situation, and supports Defendants' contention that the cause of the accident was pilot error.

In their motion, Plaintiffs contend that the two (2) releases that Decedent Simeone executed "have no relevance to any issue in this case and must be excluded." Nothing could be further from the truth. Defendants unequivocally submit that the Waivers/Releases that Plaintiffs seek to exclude are relevant to this action. Plaintiffs couch their argument by stating the agreements do not apply to Defendants because they were not Interplane USA suppliers. This assertion is incredible in light of the fact that Plaintiffs filed this lawsuit alleging that the Defendants' engine, which powered the ultralight aircraft that Decedents were operating on the day of the accident, was responsible for Decedents' death. If Decedents did not supply the engine, which was clearly a "part" of the Interplane Skyboy ultralight aircraft that Decedents were operating on July 22, 2000, then who did?

Although it is true that Interplane USA did not purchase the engine directly from Defendants, the engine was nevertheless supplied by Defendants. Further, the Waiver that Decedent Simeone executed at the time that he purchased the Interplane Skyboy ultralight aircraft, and the only Waiver that Defendants contend expressly absolve them of liability as to Decedent Simeone, could not be clearer with respect to who and what is covered:

> RELEASE
>
> I understand that flying ultralight aircraft is a potentially dangerous activity that can result in mishap, injury or death. I acknowledge that no warranties, either express or implied, have been given to me concerning the fitness of the aircraft or any of its parts. I agree to indemnify and hold harmless Interplane USA and ***its suppliers from any action or cause arising from the sale and use of this aircraft and/or parts***. [Emphasis added.]

[See Exhibit "A"]

Plaintiffs appear to allege that the intention of the parties is not spelled out in the Waiver. While Defendants are unclear how Plaintiffs reached this conclusion, "the court 'must use common sense in interpreting the agreement.'" Nicholson v. Mount Airy Lodge, 1997 U.S. Dist. LEXIS 21035 (E.D. Pa. 1997), at 7, citing Weiner v. Mt. Airy Lodge, 719 F. Supp. 342, 345 (M.D. Pa. 1989). If Defendants are not a "supplier" of a "part" of the Interplane Skyboy ultralight aircraft then who could be a supplier. Simply put, common sense dictates that Defendants are suppliers. Further, Plaintiffs have cited no case law which would tend to show that Defendants, in this situation, are not suppliers within the context of the agreement.

Plaintiffs' statement that Defendants are trying to "profit" from this release only shows the desperation of their position. Indeed, it is Plaintiffs and, specifically, Plaintiff Simeone who seeks to avoid this clearly valid waiver. Interestingly, Plaintiffs have not argued that the Waiver/Release does not meet the criteria necessary to constitute a valid waiver. See Zimmer v. Mitchell & Ness, 254 Pa. Super. 474, 478; 385 A.2d 437 (1978), affirmed, 490 Pa. 428; 416 A.2d 437 (1980); See also, Employers Liability Assur. Corp. v. Greenville Business Men's Ass'n., 423 Pa. 288; 224 A.2d 620 (1966).

Plaintiffs also suggest that Defendants are not entitled to put forth an assumption of risk defense contending, "[t]here has never been any evidence presented to establish that either Mr. Simeone or Mr. Lengyel had any knowledge of specific defects in the Rotax." This argument, too, is without merit. Plaintiffs appear to argue that decedents must have been aware of allegedly defective components in the aircraft engine in order for decedents to have assumed any risk. In other words, by way of example, Plaintiffs contend that Decedents would have needed to be aware that the engine had a faulty carburetor and proceeded in spite of this knowledge. This logic is flawed. "Assumption of risk is based on the notion that, by taking the chance of injury

from a known risk, the plaintiff has consented to relieve the defendant of its duty toward him." Wagner v. Firestone Tire & Rubber Co., 890 F.2d 652 (3d Cir. 1989). See Green v. Sanitary Scale Co., 431 F.2d 371, 374 (3d Cir. 1970); Restatement (Second) of Torts § 496C. The defense is predicated on a plaintiff's "subjective awareness of the risk inherent in the activity and a willingness to accept it. Mucowski v. Clark, 404 Pa. Super. 197, 201 (1990), quoting Berman v. Radnor Rools, Inc., 374 Pa. Super. 118, 136 (1988).

Moreover, Defendants, in their summary judgment motion papers, have set forth voluminous evidence illustrating both Decedents' knowledge of the dangers associated with, generally, flying ultralight aircraft and, specifically, that the Rotax 582 engine was subject to sudden stoppage. In particular, it is the Waivers that Plaintiffs seek to exclude that specifically demonstrate Decedent Simeone's knowledge that flying ultralight flying can result in injury or death. In fact, Decedent Simeone, in the March 6, 2000 Release, specifically acknowledges the risks and even agrees to indemnify Interplane and its suppliers (which include Defendants) in connection with his purchase and use of the aircraft. Even with this knowledge, Decedents proceeded to fly an ultralight aircraft on July 22, 2000.

Plaintiffs' argument that Defendants should be precluded from offering this defense or that the Waivers are not relevant is absurd. This evidence certainly has the "tendency to make the existence of [a] fact this is of consequence to the determination of the action more probably or less probably that it would be with the evidence." Fed. R. Evid. 401  The Waivers' evidence, coupled with all of the other evidence set forth in Defendants' summary judgment motion papers, demonstrates Decedent Simeone's knowledge of the risks and goes directly to the issue of causation, an element that Plaintiffs must prove under their strict liability and negligence theories. The Waivers' evidence is just another manifestation of Decedent Simeone's

knowledge, demonstrating that he knew or should have known of the risks involved with flying ultralight aircraft and the possibility of engine stoppage, requiring an engine-off landing. Hence, the evidence tends to show that Decedents, armed with this knowledge, committed pilot error, which is relevant to the cause of the accident.

Moreover, as set forth in Defendants' Memorandum, a plaintiff's knowledge of the risk may "be proved 'by circumstantial evidence sufficient to permit an inference that the plaintiff was aware [of] and understood the risk.'" Mucowski v. Clark, 404 Pa. Super. 197, 201 (1990), quoting Berman v. Radnor Rools, Inc., 374 Pa. Super. 118, 136 (1988), citing Staymates v. ITT Holub Industries, 364 Pa. Super. 37, 49; 537 A.2d 140, 146 (1987). Therefore, the evidence of Waivers should be considered by the jury as an additional factor demonstrating at least Decedent Simeone's knowledge of the risks and the issue of causation.

Based on the foregoing, the evidence that Plaintiffs seek to exclude is relevant to this case, pursuant to Fed. R. Evid. 401, and should not be excluded.

       Respectfully submitted,

       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
       Attorney for Defendant BRP-Rotax GmbH & Co. KG

    BY:  /s/ Robert J. Kelly
       Robert J. Kelly, Esquire
       33 Washington Street – 18th Floor
       Newark, N.J. 07102

       And

    By:  Jonathan Dryer, Esq.
       P.A. Attorney ID 34496
       The Curtis Center-Suite 1130 East
       Independence Square West
       Philadelphia, PA 19106

Date: October 6, 2005

444371.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right : : : : : : : : : : Plaintiffs, : : v. : : BOMBARDIER CORPORATION GmbH, et al. : : Defendants. : | CIVIL ACTION NO. 02CV4852<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Christopher W. McClanahan, certify as follows:

I am an attorney with the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG and Bombardier Inc.

I certify that the foregoing motion *in limine* was forwarded to the United States District Court, Eastern District of Pennsylvania, pursuant to the direct filing system on this same date.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

/s/ Christopher W. McClanahan
Christopher W. McClanahan

Dated: October 6, 2005

-6-

444371.1

**EXHIBIT A**

196016.1



# Interplane usa

3460 Aircraft Drive • Lakeland, Florida 33811 • USA • Phone 941-644-7700 • Fax 941-644-6700

## Aircraft/Parts   ORDER — SKYBOY

**Customer:**

Name: FRAN SIMEONE

Address: 6845 MARSHALL RD.
UPPER DARBY PA 19082

Telephone: 610-352-2881  Zip: _____

**Dealer:**

Name: BEN H. DAWSON III

Address: 3460 AIRCRAFT DR.
LAKELAND FL 33811

Telephone: 863-644-7700  Zip: _____

Order Date: 3/6/00

Ship to:
Dealer ☒
Customer ☐
Other ☐

If other, write name & address below:

_____
_____
_____

Telephone _____  Zip _____

Order Verified by: _Ben Dawson III_
Interplane USA Dealer/Representative

---

**Please accept my order for the following:**

| | | |
|---|---|---|
| ___ | Skyboy UL kit | ($14,900) $ _16,900_ |
| ___ | Skyboy UL (assembled) | ($24,900) $ |
| ___ | Skyboy EX kit | ($17,900) $ |
| ___ | Skyboy EX (assembled)* | ($29,900) $ |

* For delivery outside the United States only.
All prices FOB Lakeland, Florida    Prices subject to change without notice

**RELEASE –**

I understand that flying aircraft is a potentially dangerous activity that can result in mishap, injury or death. I acknowledge that no warranties, either expressed or implied, have been given to me concerning the fitness of the aircraft or any of its parts. I agree to indemnify and hold harmless Interplane USA and its suppliers from any action or cause arising from the sale and use of this aircraft and/or parts.

Please enter my order for the merchandise listed on this order.

_Albert V Simeone Jr_
Signature of Purchaser

Aircraft Total       $ _19,900_
Options Total        $ _2,665_
Discount (if any)    $ _3,565_
Additions (if any)   $ _–0–_
Sub Total            $ _19,000_  OUT OF STATE
Sales Tax (if any)   $ _–0–_
TOTAL                $ _19,000_  CHECK #
50% Deposit          $ _10,000_  246
Other Deposit        $ _4,000_ CASH
Balance Due          $ _5,000.00_

Freight is "Collect"
Personal check OK for deposit, but
Cashier's check required for balance
Sorry, No COD's