IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>Plaintiffs,<br><br>v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>Defendants. | CIVIL ACTION NO. 02CV4852<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY BY WILLIAM LOSEY**

Defendants BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG and Bombardier Inc. (collectively herein, "Defendants") submit the following Opposition to Plaintiffs' motion *in limine* to preclude Defendants from eliciting testimony from William Losey concerning his opinions:

Defendants incorporate by reference, their Memorandum of Law and Reply Memorandum of Law in connection with their motion for summary judgment. The evidence that Plaintiffs seek to exclude shows the Decedents' awareness of the risks of ultralight flying and demonstrates the knowledge and experience base that Decedents brought to this situation, and supports Defendants' contention that the cause of the accident was pilot error. Plaintiffs, in their

445011.1

motion, seek to preclude Defendants from eliciting testimony from witness William Losey concerning his, (1) opinions regarding the accident, specifically, that there was a struggle for the controls; and (2) assertions regarding the "temperament" of Decedent Simeone as related to flying aircraft, specifically that Decedent Simeone had "more confidence than ability."

At the time of the accident, William Losey, who was flying in an ultralight aircraft ahead of Decedents on the date of the accident, was a licensed general aviation pilot with many years of experience and over eight hundred (800) hours of flight time in general aviation aircraft, and he was also a certified ultralight pilot. Further, he knew and had spent time with both Decedents prior to the subject accident.

Plaintiffs allege that allowing Mr. Losey to testify about his opinion that there was a struggle for the controls would be tantamount to allowing Mr. Losey to provide expert opinion pursuant to Fed. R. Evid. 702. Defendants will not seek to elicit testimony from Mr. Losey concerning his opinion that there was a struggle for controls. However, Mr. Losey should not be precluded from testifying about his opinions that are based on his own observations and knowledge.

> Fed. R. Evid. 701 states:
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Mr. Losey is an experienced pilot who has significant knowledge about the facts of this case. In particular Mr. Losey, based on his experience flying with Decedent Lengyel, is of the opinion that, "[decedents] powered back and they descended to make a low inside pattern on the opposite side of the airport, mad when powering back they stalled the airplane." [Losey deposition at 83.] Mr.

-3-

Losey testified at his deposition, and Plaintiffs do not contend otherwise, the Decedent Lengyel enjoyed flying low inside patterns on the opposite side of airports. The location of this accident site, southeast of the airport, is consistent with Mr. Losey's opinion that Decedents' aircraft made an inside pattern on the opposite side of the airport and then stalled. This is also consistent with Ronald Madison's testimony that the aircraft "went off into the right and went down..." [Madison deposition at page 10.] Further, Mr. Losey, as an experienced pilot, certainly would be familiar that an aircraft can stall when its engine is powered down. In any event, Mr. Losey would only be testifying to his opinions which are based on his own observations and knowledge, not opinions which are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Plaintiffs also seek to preclude Mr. Losey from offering his opinion regarding the "temperament" of Decedent Simeone as related to flying aircraft, specifically that Decedent Simeone had "more confidence than ability." Plaintiffs allege that this testimony should be precluded because Mr. Losey's opinion "cannot possibly be rationally based on the perception of the witness because Mr. Losey never flew with Mr. Simeone." [Plaintiffs' motion, page 4.] This logic is misplaced. Mr. Losey testified, concerning the basis for this opinion,

> A. He was a--the man had--had more confidence than ability. Much, much more confidence than ability. Much, much, much more.
>
> Q. And how had you observed that?
>
> A. Just by being around him. And a number of other things that probably—that I knew happened or I was privy to that happened, prior to all this.
>
> Q. I may have asked you this earlier and if I did, I apologize, but what was your understanding of Mr. Simeone's level of flying experience?

> A. Very little. In fact, I talked to [Decedent Lengyel], this would be a day or so before that, and I said, How is he doing, and he said, Well, I've had him flying to Harris field, he can turn left but he can't turn right. And I thought, well, you know, that isn't much progress if he can turn left and not turn right…[Losey deposition at pages 85-86].

Clearly, Mr. Losey's opinion is rationally based on his perception of Decedent Simeone through his dealings with Decedent Simeone, Decedent Lengyel, and others. Moreover, this evidence is relevant, pursuant to Fed. R. Evid. 401, which Plaintiffs do not dispute.

Based on the foregoing, evidence of Mr. Losey's opinions should not be precluded.

> Respectfully submitted,
>
> WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
> Attorney for Defendant BRP-Rotax GmbH & Co. KG
>
> BY:   /s/ Robert J. Kelly
>       Robert J. Kelly, Esquire
>       33 Washington Street – 18th Floor
>       Newark, N.J. 07102
>
>       And
>
> By:   Jonathan Dryer, Esq.
>       P.A. Attorney ID 34496
>       The Curtis Center-Suite 1130 East
>       Independence Square West
>       Philadelphia, PA 19106

Date: October 6, 2005

445011.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right : : : : : : : : : : | CIVIL ACTION NO. 02CV4852 <br><br> JURY TRIAL DEMANDED |
| Plaintiffs, : : v. : : BOMBARDIER CORPORATION GmbH, et al. : : Defendants. : | |

### CERTIFICATE OF SERVICE

I, Christopher W. McClanahan, certify as follows:

I am an attorney with the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG and Bombardier Inc.

I certify that the foregoing Opposition to motion *in limine* was forwarded to the United States District Court, Eastern District of Pennsylvania, pursuant to the direct filing system on this same date.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

/s/ Christopher W. McClanahan
Christopher W. McClanahan

Dated: October 6, 2005

445011.1