# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA MARIE SIMEONE, Personal | : | |
| Representative of the Estate of Albert Francis | : | |
| Simeone, Jr., Deceased, and THERESA MARIE | : | CIVIL ACTION NO. 02CV4852 |
| SIMEONE, In Her Own Right, and | : | |
| MARY ANN LENGYEL, Personal | : | |
| Representative of the Estate of George Lengyel, | : | |
| Deceased, and MARY ANN LENGYEL, | : | JURY TRIAL DEMANDED |
| In Her Own Right | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BOMBARDIER-ROTAX GmbH, et al. | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
### *IN LIMINE* TO PRECLUDE REFERENCE TO AGREEMENT
### BETWEEN DONALD SOMMER AND THE FAA

Defendants BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH & Co. KG and

Bombardier Inc. (collectively herein, "Defendants") submit the following Opposition to

Plaintiffs' motion *in limine* to preclude reference to an agreement between Donald Sommer and

the Federal Aviation Administration:

Defendants incorporate by reference, their Memorandum of Law and Reply

Memorandum of Law in connection with their motion for summary judgment. Plaintiffs, in their

motion, seek to preclude Defendants from cross examining Plaintiffs' expert, Donald Sommer,

about " a settlement agreement with the Federal Aviation Administration ("FAA") relating to a

'paperwork violation' in October 1985 that resulted in a ninety-day suspension of his Inspection

Authorization" (Plaintiffs' motion, pages 1-2). Defendants, for the reasons set forth below, contend that Plaintiffs' legal argument is without merit and that Defendants should be able to cross examine Mr. Sommer about this and other evidence which relates to Mr. Sommer's suspension by the FAA.

Before embarking upon Defendants' legal argument in support of their Opposition to this motion, it is important to recite <u>all</u> of the facts concerning Mr. Sommer's "settlement agreement" with the FAA. Initially, on July 1, 1987, the FAA made a <u>determination</u> that Mr. Sommer violated Federal Aviation Regulation ("FAR") 43.15(a), "which requires each person performing an inspection under this chapter to perform the inspection so as to determine whether the aircraft, or portions thereof under inspection, meets all applicable airworthiness requirements" (Exhibit "A," page2). To that end, the FAA issued an Order of Revocation of Mr. Sommer's Inspection Authorization, requiring Mr. Sommer to surrender his Inspection Authorization certificate and prohibiting him from reapplying for same for ten (10) years, or until July 1997 (Exhibit "A").

Thereafter, on or about March 4, 1991, Mr. Sommer entered into a settlement agreement with the FAA in which the aforementioned revocation was reduced to a suspension of one hundred eighty (180) days (not ninety (90) as Plaintiffs allege). In this agreement, Mr. Sommer admitted that he violated FAR 43.15(a) (Exhibit "B"). Thereafter, on May 24, 1991, the FAA issued a Substitution of Order of Suspension, in which it listed fourteen (14) separate violations that Mr. Sommer committed and suspended his Inspection Authorization for one hundred eighty (180) days (Exhibit "C").

It appears that Mr. Sommer was not satisfied with the wording of the Substitution of Order of Suspension, which was based on the March 4, 1991 settlement agreement that his attorney drafted, so he filed a petition for Writ of Mandamus with the United States District

-2-

Court. The District Court denied Mr. Sommer's petition and the United States Court of Appeals for the Tenth Circuit upheld the lower court's ruling (Exhibit "D").

As set forth above, Plaintiffs' legal argument for the preclusion of the above-referenced evidence is without merit. First, Plaintiffs discuss Fed. R. Evid. 609, which deals with impeachment evidence concerning convictions of crime. For obvious reasons, this Rule has no relevance to the evidence that Plaintiffs seek to preclude and, therefore, no discussion is warranted. However, Fed. R. Evid. 608, states:

> (a) **Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

> (b) **Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross

This Rule applies and supports Defendants' argument that, the aforementioned evidence of the FAA's one hundred eighty (180) day Order of Suspension (which was originally a ten (10) year Order of Revocation) of Mr. Sommer's Inspection Authorization certificate, is certainly admissible to ascertain the truthfulness or untruthfulness of Mr. Sommer's testimony. Plaintiffs contend that Mr. Sommer's fourteen (14) violations were the result of "errant" paperwork and that the suspension only involved ninety (90) days, and they failed to tell this Court that Mr. Sommer's Inspection Authorization certificate was originally revoked for ten (10) years as a result of his misconduct.

Mr. Sommer's role in this case involves his inspection and testing of the subject engine and its components, and offering expert testimony at trial concerning his conclusions. Defendants expect Mr. Sommer to testify that he is an expert and go through his list of credentials and accomplishments, without describing his admission of wrongdoing in connection with his inspection of another aircraft. Certainly, the jury is entitled to know Mr. Sommer's full history and that this would help them assess the credibility of his testimony. Further, Plaintiffs misstate the law in their assertion that this Court may not, in its discretion, admit this evidence-this is simply not true.

Based on the foregoing, Plaintiffs' motion *in limine* should be denied in its entirety.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorney for Defendant BRP-Rotax GmbH & Co. KG

BY:     /s/ Robert J. Kelly
        Robert J. Kelly, Esquire
        33 Washington Street – 18th Floor
        Newark, N.J.  07102

        And

By:     Jonathan Dryer, Esq.
        P.A. Attorney ID 34496
        The Curtis Center-Suite  1130 East
        Independence Square West
        Philadelphia, PA 19106

Date:  October 6, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THERESA MARIE SIMEONE, Personal : 
Representative of the Estate of Albert Francis :
Simeone, Jr., Deceased, and THERESA MARIE : CIVIL ACTION NO. 02CV4852
SIMEONE, In Her Own Right, and :
MARY ANN LENGYEL, Personal :
Representative of the Estate of George Lengyel, :
Deceased, and MARY ANN LENGYEL, : JURY TRIAL DEMANDED
In Her Own Right :
                                    :
               Plaintiffs, :
                                    :
         v. :
                                      :
BOMBARDIER CORPORATION GmbH, et al. :
                                    :
             Defendants. :

## CERTIFICATE OF SERVICE

I, Christopher W. McClanahan, certify as follows:

I am an attorney with the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN &

DICKER LLP, attorneys for BRP-Rotax GmbH & Co. KG f/k/a Bombardier-Rotax GmbH &

Co. KG and Bombardier Inc.

I certify that the foregoing Opposition to motion *in limine* was forwarded to the

United States District Court, Eastern District of Pennsylvania, pursuant to the direct filing system

on this same date.

I further certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements are willfully false, I am subject to punishment.

                                  /s/ Christopher W. McClanahan
                                  Christopher W. McClanahan

Dated:  October 6, 2005

445014.1

# EXHIBIT A

In Reply
Refer to:   AGL-7E
            85-GL-63-0162



JUL 0 1 1987                                    Area Code 312 694-7109

CERTIFIED

TO: Mr. Donald E. Sommer
    2121 Airport Road
    Pontiac, MI 48054


                          ORDER OF REVOCATION

It has been determined by the Administrator of the Federal Aviation
Administration, acting by and through his Regional Counsel, that on the basis
of all available information, you violated the Federal Aviation Regulations
hereinafter enumerated in the following respects:

   1.   You now hold, and at all times mentioned herein held, Mechanic
        Certificate number 374469918 with Airframe and Powerplant ratings
        and Inspection Authorization.

   2.   On or about October 1, 1985, you performed an annual inspection on
        civil aircraft number N432W, a Cessna Model 170B, and returned the
        aircraft to service as airworthy when the following discrepancies
        existed:

            Fuel vent line in the right wing root was disconnected.

            Fuel soaked foam packing material was found inside the cabin
        headliner used as insulation, which does not meet flame resistant
        requirements.

            Metal trim tabs were installed on both ailerons, not in
        accordance with the Type Certificate Data Sheets.

            The one-piece windshield installation was not in accordance
        with the PMA holder's instructions to incorporate the same frame
        parts, namely the re-use of the center bracket.

2

–    Both control wheels and the left rudder pedals were replaced without         approved        data.

Both control wheels installed with machine screws and plain nuts.

A 60 ampere alternator was installed with an automotive voltage regulator, using the original wiring and 30 ampere ammeter without approved data.

None of the placards as required by the Type Certificate Data Sheet, Note 2, were installed.

The cabin heat duct was collapsed forward of the firewall.

Many open holes in the engine firewall.

The wing flaps were not rigged in accordance with the manufacturer's maintenance manual.

No seals on the cabin doors or windows.

The left wing strut creaked when touched; inspection revealed the strut to fuselage attach bolt was loose.

–  No record that the control surfaces were re-balanced after N432W was painted June 1, 1984.

3.    The above-described aircraft was not in an airworthy condition when you approved it for return to service.

By reason of the foregoing circumstances, you violated Section 43.15(a) of the Federal Aviation Regulations, which requires each person performing an inspection under this chapter to perform the inspection so as to determine whether the aircraft, or portions thereof under inspection, meets all applicable airworthiness requirements.

Further, it appears that you lack the degree of care, judgment, and responsibility required of the holder of such certificate.

By reason of the foregoing, the Administrator has determined that safety in air commerce and the public interest require the revocation of the Inspection Authorization portion of your Mechanic Certificate.

NOW, THEREFORE, IT IS ORDERED, pursuant to the authority vested in the Administrator of the Federal Aviation Administration by Section 609 of the Federal Aviation Act of 1958, as amended, that:

1.    The Inspection Authorization portion of your Mechanic Certificate Number 374469918, is hereby revoked;

2.    Such revocation shall be effective JUL 2 2 1997

3

3.  No application for a new Inspection Authorization shall be accepted
    from you, nor shall any Inspection Authorization to be issued to
    you, for a period of one (1) year subsequent to the actual
    surrender of the certificate herein revoked;

4.  You are directed to surrender such certificate by mail or delivery
    to the Regional Counsel for the Great Lakes Region of the Federal
    Aviation Administration.

                              Carl B. Schellenberg
                              Regional Counsel


                    By:

                        Glenn L. Brown
                        Attorney


                        APPEAL

You may appeal from this Order within twenty (20) days from the time of its
service upon you.  Your appeal must be filed within that time with the
National Transportation Safety Board, Attn: ALJ Support Staff, MD-6, 800
Independence Avenue, S.W. (Room 622), Washington, DC 20594, pursuant to the
Board's Rules of Practice in Air Safety Proceedings, Title 49 Code of Federal
Regulations Part 821.  A copy of your appeal must be furnished this office.
Such appeal will stay the effectiveness of this Order.

You are hereby advised that a copy of this Order will be forwarded to the
National Transportation Safety Board in the event you appeal and will be
considered the Administrator's Complaint on Appeal.


cc:
Mr. J. Scott Hamilton, P.C.
Attorney at Law
Suite 1
Jeffco Airport Executive Building
Broomfield, CO  80020

Michigan
Docket
AGC-200
AAC-200
AGL-250
AGL-FSDO-63 (DTW-Vituj)

AGL-7E:Brown:x7313:pad:050487:wp:5g1630162.7e:#23e
AGL-7E:Brown::7313:REV:pad:061787:wp:5g1630162.7e:#23e

# EXHIBIT B





UNITED STATES OF AMERICA
NATIONAL TRANSPORTATION SAFETY BOARD
WASHINGTON, D.C.

JAMES B. BUSEY, Administrator,　　　　)
Federal Aviation Administration,　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Complainant,　　　　　　　)　　Docket No. SE-8407
　　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
DONALD E. SOMMER,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)

**DEFENDANT'S EXHIBIT 37**

<u>SETTLEMENT AGREEMENT</u>

I, Donald E. Sommer, on March 11, 1991, accept the offer of settlement from the Federal Aviation Administration in the matter of James B. Busey, Administrator, Federal Aviation Administration, Complainant vs. Donald E. Sommer, NTSB Docket Number SE-8407.

I acknowledge that I violated Section 43.15(a) of the Federal Aviation Regulations on or about October 1, 1985 when I inspected a Cessna Model 170B, N432W. I acknowledge that the inadvertent violation occurred because the required documentation of the updated and improved control wheels and left rudder pedals was not found in the aircraft file.

In exchange for this acknowledgement, the Administrator will withdraw its Order of Revocation dated July 1, 1987 and substitute an order of suspension setting forth a reduced sanction of 180 day suspension of Respondent's Inspection Authorization Certificate, with said suspension to be 90 days retroactive and 90 days prospective.

I, Donald E. Sommer, represent and affirm to the Administrator that I last exercised the privileges of my Inspection Authorization Certificate on December 10, 1990.

This agreed settlement is in full satisfaction of the pending enforcement matter and no further certificate action will be taken thereon by the Federal Aviation Administration.

Donald E. Sommer further agrees to withdraw his appeal of the above-described enforcement action unconditionally and to waive any rights he may have to attorneys fees as a result of this settlement, and to not pursue any legal action against any private or government person involved in this enforcement action.

1 of 2

Dated: _19 Feb_ , 1991

_____
Donald E. Sommer

Dated: _Mar. 4_ , 1991

_____
Victoria C. Swanson
312 S. Weber Street, Suite C
Colorado Springs, CO  80903
(719) 632-1503
Attorney for Respondent

Dated: _3/11_ , 1991

_____
Glenn L. Brown
2300 E. Devon Avenue
Des Plaines, Illinois  60018
(312) 694-7313
Attorney for Federal Aviation
Administration

— 2 —

# EXHIBIT C



DEFENDANT'S
EXHIBIT
36

In Reply
    Refer to: AGL-7E
             85-GL-63-0162

MAY 2 4 1991                                 Area Code 312 694-7085

CERTIFIED

TO: Donald E. Sommer
    Aeroscope, Inc.
      11750 Airport Way, Hangar B12B
      Broomfield, CO 80021

<u>SUBSTITUTION OF ORDER OF SUSPENSION</u>

It has been determined by the Administrator of the Federal Aviation
Administration, acting by and through his Assistant Chief Counsel for the
Great Lakes Region, that in accordance with a settlement reached March 4,
1991, the Order of Revocation dated July 1, 1987, be and is hereby withdrawn
and that this Order of Suspension be substituted therefore. It has further
been determined that, on the basis of all available information, you
violated the Federal Aviation Regulations in the following respects:

1.    You now hold, and at all times mentioned herein held, Mechanic
      Certificate number 374469918 with Airframe and Powerplant ratings
      and Inspection Authorization.

2.    On or about October 1, 1985, you performed an annual inspection
      civil aircraft number N432W, a Cessna Model 170B, and returned the
      aircraft to service as airworthy when the following discrepancies
      existed:

      a.    Fuel vent line in the right wing root was disconnected.

      b.    Fuel soaked foam packing material was found inside the cabin
          headliner used as insulation, which does not meet flame
          resistant requirements.

      c.    Metal trim tabs were installed on both ailerons, not in
          accordance with Type Certificate Data Sheets.

      d.    The one-piece windshield installation was not in accordance
          with the PMA holder's instructions to incorporate the same
          frame parts, namely the re-use of the center bracket.

      e.    Both control wheels and the left rudder pedals were replaced
          without approved data.

FAA Form 1360-14 (5-81)                    OFFICIAL FILE COPY                    ☆ U.S G P.O. 19

f . Both control wheels installed with machine screws and plain nuts.

g. A 60 ampere alternator was installed with an automotive voltage regulator, using the original wiring and 30 ampere ammeter without approved data.

h. None of the placards as required by the Type Certificate Data Sheet, Note 2, were installed.

i. The cabin head duct was collapsed forward of the firewall.

j. Many open holes in the engine firewall.

k. The wing flaps were not rigged in accordance with the manufacturer's maintenance manual.

l. No seals on the cabin doors or windows.

m. The left wing strut creaked when touched; inspection revealed the strut to fuselage attach bolt was loose.

n. No record that the control surfaces were re-balanced after N432W was painted June 1, 1984.

3. The above-described aircraft was not in an airworthy condition when you approved it for return to service.

By reason of the foregoing circumstances, you violated Section 42.15(a) of' the Federal Aviation Regulations, which requires each person performing an inspection under this chapter to perform the inspection so as to determine whether the aircraft, or portions thereof under inspection, meets all applicable airworthiness requirements.

By reason of the foregoing, the Administrator has determined that safety in air commerce and the public interest require the suspension of the Inspection Authorization portion of your certificate.

NOW, THEREFORE, IT IS ORDERED, pursuant to the authority vested in the Administrator of the Federal Aviation Administration by Section 609 of the Federal Aviation Act of 1958, as amended, that:

1. The Inspection Authorization portion of your certificate is hereby suspended.

2. Said suspension became effective March 11, 1991, the date you surrendered your certificate, and shall continue in effect for a period of 180 days, with 90 days being retroactive for the period

3

during which you did not exercise the privileges of your certificate.    Said suspension will terminate at midnight on June 9, 1991.

Eileen Weikel Johnson
Assistant Chief Counsel

By:

Glenn L. Brown
Supervisory Attorney

### APPEAL

You may appeal from this Order within twenty (20) days from the time of its service upon you.  An original and three copies of your appeal must be filed withinthat time with the National Transportation Safety Board, Office of Judges, Attn: Docket Section, 1951 Kidwell Drive, Suite 505, Vienna, Virginia 22182, [Phone (703) 506-9280], pursuant to the Board's Rules of Practice in Air Safety Proceedings, Title 49 Code of Federal Regulations Part 821.  A copy of your appeal must also be furnished this office.  Such appeal will stay the effectiveness of this Order.

You are hereby advised that a copy of this Order will be forwarded to the National Transportation Safety Board in the event you appeal and will be considered the Administrator's Complaint on Appeal.

cc:    ANM-7
       AVN-460
       AGL-250
       AGL-DTH-FSDO
    AGL-7E:GLB:cl:x7085:5/13/91

# EXHIBIT D

2 of 8 DOCUMENTS

DONALD E. SOMMER, Plaintiff-Appellant, v. FEDERAL AVIATION
ADMINISTRATION, an agency of the United States of America, Defendant-
Appellee.

No. 92-1287

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

25 F.3d 1058; 1994 U.S. App. LEXIS 23003

May 2, 1994, Filed

NOTICE: [*1]  THIS ORDER AND JUDGMENT IS
NOT BINDING PRECEDENT, EXCEPT UNDER THE
DOCTRINES OF LAW OF THE CASE, RES
JUDICATA, AND COLLATERAL ESTOPPEL. THE
COURT GENERALLY DISFAVORS THE CITATION
OF ORDERS AND JUDGMENTS; NEVERTHELESS,
AN ORDER AND JUDGMENT MAY BE CITED
UNDER THE TERMS AND CONDITIONS OF THE
COURT'S GENERAL ORDER FILED NOVEMBER
29, 1993. 151 F.R.D. 470.

PRIOR HISTORY: (D.C. No. 91-C-1184). (D. Colo.)

Reported in Full-Text Format at: *1994 U.S. App. LEXIS
9479.*

OPINION:

    AFFIRMED.

1 of 8 DOCUMENTS

DONALD E. SOMMER, Plaintiff-Appellant, v. FEDERAL AVIATION
ADMINISTRATION, an agency of the United States of America, Defendant-
Appellee.

No. 92-1287

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

*1994 U.S. App. LEXIS 9479*

May 2, 1994, Filed

NOTICE: [*1]  THIS ORDER AND JUDGMENT IS
NOT BINDING PRECEDENT, EXCEPT UNDER THE
DOCTRINES OF LAW OF THE CASE, RES
JUDICATA, AND COLLATERAL ESTOPPEL. THE
COURT GENERALLY DISFAVORS THE CITATION
OF ORDERS AND JUDGMENTS; NEVERTHELESS,
AN ORDER AND JUDGMENT MAY BE CITED
UNDER THE TERMS AND CONDITIONS OF THE
COURT'S GENERAL ORDER FILED NOVEMBER
29, 1993. 151 F.R.D. 470.

SUBSEQUENT HISTORY:

Reported in Table Case Format at: *25 F.3d 1058,
1994 U.S. App. LEXIS 23003.*

PRIOR HISTORY: (D.C. No. 91-C-1184). (D. Colo.)

LexisNexis(R) Headnotes

JUDGES: Before BALDOCK and McKAY, Circuit
Judges, and BROWN, ** District Judge, ***

** Honorable Wesley E. Brown, Senior District
Judge, United States District Court for the
District of Kansas, sitting by designation.***
After examining the briefs and appellate record,
this panel has determined unanimously that oral
argument would not materially assist the
determination of this appeal. See Fed. R. App. P.
34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

OPINIONBY: BOBBY R. BALDOCK

OPINION: ORDER AND JUDGMENT *

* This order and judgment is not binding
precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The
court generally disfavors the citation of orders
and judgments; nevertheless, an order and
judgment may be cited under the terms and
conditions of the court's General Order filed
November 29, 1993. *151 F.R.D. 470.*

[*2]
Donald E. Sommer appeals from a district court order
denying his petition for a writ of mandamus. He sought
the writ to compel officials of defendant Federal
Aviation Administration (FAA) to modify a 180-day
suspension order issued as part of a settlement the parties
had reached in a civil disciplinary proceeding. Plaintiff
did not contest the penalty, but alleged the order violated
the agreement by "listing multiple violations of Federal
Air Regulations to which [Mr. Sommer] did not agree or
confess." App. at 2. The district court held mandamus
relief "precluded by the availability of other adequate
means to attain the relief desired[,] for example, . . . an
action for breach of contract against the FAA." Id. at 29.

On appeal, we review the denial of mandamus relief
only for an abuse of discretion. See *Franchi v. Manbeck,
972 F.2d 1283, 1289 (Fed. Cir. 1992);* see, e.g.,
*Marathon Oil Co. v. Lujan, 937 F.2d 498, 500 (10th Cir.
1991).* However, we consider de novo whether the legal
prerequisites for mandamus are present. See *Azurin v.
Von Raab, 803 F.2d 993, 995 (9th Cir. 1986),* cert.  [*3]
denied, *483 U.S. 1021, 97 L. Ed. 2d 763, 107 S. Ct. 3264*

1994 U.S. App. LEXIS 9479, *

*(1987); see also Marathon Oil Co., 937 F.2d at 500* (mandamus is within discretion of issuing court "once the conditions [for issuing the writ] are satisfied" (quotation omitted and emphasis added)). See generally *Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir. 1992)*(questions of law are reviewed de novo).

To qualify for mandamus relief, a petitioner must show "[1] a clear right to the relief sought, [2] a plainly defined and peremptory duty on the part of the respondent to do the action in question, and [3] no other adequate remedy available. Petitioner must also show that his right to the writ is 'clear and indisputable.'" *Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990)*(citations omitted). The district court relied on the third condition to find Mr. Sommer ineligible for mandamus relief. We affirm the district court's ultimate conclusion that mandamus is not available, but, for reasons discussed below, relate the legal deficiency of the petition instead [*4] to the first two conditions.

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *28 U.S.C. 1361.* Moreover, through *28 U.S.C. 1331* (federal question jurisdiction), the district courts have jurisdiction to review agency action under the pertinent provisions of the Administrative Procedures Act (APA), which also contemplate enforcement of agency duties through "writs of . . . mandatory injunction," see *5 U.S.C. 703, 706.* Under appropriate circumstances, these two statutory remedies act in complementary fashion, providing concurrent bases for district court jurisdiction. See, e.g., *Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown, 656 F.2d 564, 566-67 (10th Cir. 1981); Ryan v. Shea, 525 F.2d 268, 271-72 (10th Cir. 1975).* Both were invoked by Mr. Sommer.

We agree with the district court's observation that the availability [*5] of an adequate alternative remedy against the government, suggested in the present context under the Tucker Act, codified at *28 U.S.C. 1346* (district court jurisdiction) and 1491 (court of federal claims jurisdiction), would bar relief under both statutory sources Mr. Sommer relies on. See *New Mexico v. Regan, 745 F.2d 1318, 1321-23 (10th Cir. 1984),* cert. denied, *471 U.S. 1065, 85 L. Ed. 2d 496, 105 S. Ct. 2138 (1985); United States v. O'Neil, 767 F.2d 1111, 1113 (5th Cir. 1985).* However, with certain exceptions not relevant here, only a claim whose "prime objective" or "essential purpose" is the recovery of money damages is cognizable under the Tucker Act. *Hamilton Stores, Inc. v. Hodel, 925 F.2d 1272, 1278 (10th Cir. 1991); Bobula v. United States Dep't of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992)*("While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be

incidental to and collateral to a claim for money damages."). [*6]

Mr. Sommer emphasizes that the only relief he seeks is a writ directing the FAA to amend the language in his suspension order to reflect the terms of the parties' (nonpecuniary) settlement agreement. Since contract damages are plainly inappropriate as a substitute for such relief, the Tucker Act does not provide an alternative remedy to exclude the one invoked here. n1 See *Bowen v. Massachusetts, 487 U.S. 879, 910, 101 L. Ed. 2d 749, 108 S. Ct. 2722 (1988)*("since the orders [sought under 1331 and the APA] are for specific relief . . . rather than for money damages . . , relief in these cases is not barred by the possibility that a purely monetary judgment may be entered [under the Tucker Act]"). Compare *Hamilton Stores, Inc., 925 F.2d at 1276-79* (Tucker Act did not bar claims under APA and 1361 for injunction, mandamus, and declaratory judgment "devoid of any direct or indirect demand for compensatory relief") with *Regan, 745 F.2d at 1321-23* (same claims barred by Tucker Act where "the suit is essentially one designed to reach money which the government owes" [*7] and such claims "are merely incidental and subordinate to the basic suit for money").

n1 We note that, ordinarily, we would be concerned with yet another principle of exclusive jurisdiction. Because "Congress has provided that judicial review of orders of the FAA and NTSB shall be by direct appeal exclusively to the courts of appeals," FAA suspension orders are not subject to collateral attack in district court. *United States v. McBride, 788 F.2d 1429, 1432-33 (10th Cir. 1986)*(citing *49 U.S.C. 1486(a), (d)*). Thus, in the usual case, the aggrieved party's objections to a suspension order must be presented solely through the procedure of administrative appeal followed by judicial review provided under 1486. *McBride, 788 F.2d at 1432-33.* Here, however, Mr. Sommer withdrew his administrative appeal as a condition of the parties' settlement and, upon moving to reopen and/or pursue a belated appeal based on FAA's alleged breach, was told the Board lacked jurisdiction to resolve this ancillary settlement dispute. App. at 12 (following *Administrator v. Rippee, 4 N.T.S.B. 1041, 1042 (1983),* which held remedy for breach of settlement agreement "lies, not in this agency, but in the courts, where judicial enforcement of the terms of the settlement . . . may be sought"). Under the circumstances, we adopt the Board's view that this action is directed at the parties' settlement obligations rather than the suspension order per

1994 U.S. App. LEXIS 9479, *

se, and therefore do not deem it prohibited under McBride.

[*8]

More importantly, however, even if Mr. Sommer had sought damages, the Tucker Act would not have been applicable under the circumstances of this case. "The contract liability which is enforceable under the Tucker Act . . . does not extend to every agreement . . . which can semantically be stated in terms of offer and acceptance or meeting of minds." *Kania v. United States,* 227 Ct. Cl. 458, 650 F.2d 264, 268 (Ct. Cl.), cert. denied, 454 U.S. 895, 70 L. Ed. 2d 210, 102 S. Ct. 393 (1981). To invoke jurisdiction under the Act, there must be a true contract with the government which would "entitle the plaintiff to money damages in the event of the government's breach." *Ransom v. United States,* 900 F.2d 242, 244 (Fed. Cir. 1990). Mr. Sommer's administrative plea bargain simply cannot be forced into the category of ordinary contractual relations governed by the Tucker Act. Cf., e.g., *Roy v. United States,* No. 91-2659- CIV, 1993 U.S. Dist. LEXIS 2848, at * 8– * 10 (S.D. Fla. Feb. 22, 1993)(Act inapplicable to plea bargain); [*9] *Drakes v. United States,* 28 Fed. Cl. 190, 193-94 (Cl. Ct. 1993)(same); cf. also *Kania,* 650 F.2d at 268-69 (Act inapplicable to agreement extending transactional immunity in exchange for witness' grand jury testimony). In short, while a plea agreement creates a duty owed by the government to the party who has conceded culpability in exchange therefor, it is not a contract and its breach does not generate civil contractual remedies. *Johnson v. Sawyer,* 980 F.2d 1490, 1501 (5th Cir. 1992), amended on other grounds, 4 F.3d 369 (1993); see *United States v. Olesen,* 920 F.2d 538, 541-42 (8th Cir. 1990)("Plea agreements are like contracts; however, they are not contracts, and therefore contract doctrines do not always apply to them.").

This substantive distinction between an ordinary contractual obligation, enforceable under the law of private contracts, and an official duty assumed pursuant to a plea bargain or similar agreement, enforceable rather as a matter of due process, see *Mabry v. Johnson,* 467 U.S. 504, 509, 81 L. Ed. 2d 437, 104 S. Ct. 2543 (1984); [*10] see, e.g., *United States v. Pelletier,* 898 F.2d 297, 301-03 (2d Cir. 1990), is significant for another reason. A suit against the federal government to compel performance of a contract "requires the specific consent of the sovereign." *Bobula,* 970 F.2d at 860. However, "the only remedy to which the United States has consented in cases of breach of contract is to the payment of money damages [under the Tucker Act]." *Coggeshall Dev. Corp. v. Diamond,* 884 F.2d 1, 3 (1st Cir. 1989). The government's waiver of sovereign immunity as to claims "seeking relief other than money

damages," pursuant to the APA, "does not extend to actions founded on a contract with the United States". *Southeast Kansas Community Action Program, Inc. v. Secretary of Agric.,* 967 F.2d 1452, 1456 & n.5 (10th Cir. 1992). Consequently, "federal courts do not have the power to order specific performance by the United States of its alleged contractual obligations." *Coggeshall Dev. Corp.,* 884 F.2d at 3; see *Bobula,* 970 F.2d at 860. [*11] On the other hand, there is no doubt that the federal courts may order specific performance of plea bargains. See *Santobello v. New York,* 404 U.S. 257, 263, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971); *United States v. Maranzino,* 860 F.2d 981, 984-85 (10th Cir. 1988). The proper characterization of the government's alleged duty in this case, particularly its distinction from an ordinary contractual obligation, is, thus, also critical to establish the sovereign's amenability to suit.

That brings us, finally, to the specific terms of the parties' settlement agreement and the dispositive issue whether Mr. Sommer can show a clear right to the relief sought and a plainly defined, peremptory duty on the part of the FAA to provide it. The agreement states in pertinent part:

I [Mr. Sommer] acknowledge that I violated Section 43.15(a) of the Federal Aviation Regulations [ n2 ] on or about October 1, 1985 when I inspected a Cessna Model 170B, N432W. I acknowledge that the inadvertent violation occurred because the required documentation of the updated and improved control wheels and left rudder pedals was [*12] not found in the aircraft file.

n2 15 C.F.R. 43.15(a) requires a person inspecting an aircraft to determine whether it meets all applicable airworthiness requirements.

In exchange for this acknowledgment, the Administrator will withdraw its Order of Revocation dated July 1, 1987 and substitute an order of suspension setting forth a reduced sanction of 180 day suspension of [Mr. Sommer's] Inspection Authorization Certificate, with said suspension to be 90 days retroactive and 90 days prospective.

. . . .

This agreed settlement is in full satisfaction of the pending enforcement matter and no further certificate action will be taken thereon by the [FAA].

App. at 4. Mr. Sommer contends his specific acknowledgment of the one omission regarding documentation of the modified control wheels and rudder pedals precluded the FAA from retaining numerous others--all relating to the same October 1, 1987

1994 U.S. App. LEXIS 9479, *

inspection--in its "Substitution of Order of Suspension" issued following the settlement. See Appellee's Supplemental App. [*13] at 54-55.

Nothing in the settlement agreement, drafted by Mr. Sommer's counsel, see id. at 64, 68, expressly and affirmatively requires the FAA to delete references to the other omissions underlying Mr. Sommer's admitted regulatory violation. If this point were indeed essential to the settlement, appropriate language could have been included easily enough. In contrast, the agreement plainly accomplishes the paramount objective of reducing an outright revocation of Mr. Sommer's certificate to the lesser penalty of suspension.

Mr. Sommer advances what is, at the very most, a debatable construction of the parties' agreement. As we have seen, however, he must show a clear and indisputable entitlement to justify the extraordinary remedy of mandamus specifically requested in his pleadings. This showing simply has not been made on

our record. Because the prerequisites for issuance of a writ of mandamus--plaintiff's chosen remedy--are not satisfied, we affirm the denial of such relief. n3

n3 We express no opinion regarding either the availability, applicability, or efficacy of other remedies under 1331 and the APA never pursued by plaintiff.

[*14]

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Bobby R. Baldock

Circuit Judge