## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THERESA MARIE SIMEONE, Personal :
Representative of the Estate of Albert Francis :
Simeone, Jr., Deceased, and THERESA MARIE :
SIMEONE, In Her Own Right, and :
MARY ANN LENGYEL, Personal :
Representative of the Estate of George Lengyel, :
Deceased, and MARY ANN LENGYEL, :
In Her Own Right, :
                                   : CIVIL ACTION NO. 02CV4852
          Plaintiffs, :
                                   : JURY TRIAL DEMANDED
          v. :
                                   :
BOMBARDIER-ROTAX GmbH, Individually :
and as a Joint Venture and/or d/b/a Rotax, and :
BOMBARDIER INC., Individually and as a Joint :
Venture and/or d/b/a Rotax, :
                                   :
          Defendants. :

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs, by their attorneys, submit the following proposed jury instructions.

### THE WOLK LAW FIRM


_____
Arthur Alan Wolk, Esquire
Philip J. Ford, Esquire
Christopher J. Cerski, Esquire
Alan D. Mattioni, Esquire

*Attorneys for Johnson Plaintiffs*

## PROPOSED JURY INSTRUCTION NO. 1

## PRELIMINARY INSTRUCTIONS—GENERAL

Good morning, Ladies and Gentlemen of the jury. We're about to start the trial of this case. So I am going to spend a few minutes to give you some insight as to what you may expect to see and hear as the trial progresses.

First, what's your role? Your role is to be the judges of the facts, to decide the true and just verdict, according to the law as I give it to you and according to the evidence in this case.

I am only the judge of the law. I will make evidentiary rulings during the trial and will tell you what law is applicable in reaching your verdict in this case. You, on the other hand, my friends, have the very important job of deciding the facts in the case and applying the law as I explained it to you, to render a just verdict in this case.

You should pay close and careful attention to the evidence that will be presented to you, here in court. It is most important for you to keep in mind that the parties to this lawsuit cannot have their rights determined based, for example, on what you may have read, seen, or heard on radio or television or in newspaper ads that espouse a particular view. Today there is another medium available for information gathering and that is the Internet. You are positively forbidden to gain information about any issue in this case from the Internet, or any other outside source. Also, you may not visit the places where this action may have occurred. To do so would be improper. It is only the evidence, which you hear and see in this courtroom, that you may consider.

So, what is the evidence? It is what you will hear from witnesses along with any trial exhibits that may be presented.

You may receive contradictory testimony. You are the judges of credibility. You must judge what you believe, what you will accept as true for the purposes of reaching the verdict.

The admission of evidence in court is governed by rules of law. During the trial, the attorneys may make objections and it is my duty to rule on those objections and to decide whether certain evidence can be admitted for your consideration. You must not concern yourself with the objections or my reasons for my rulings. The attorneys have the right and duty to make objections in order to make sure that only legally sufficient and relevant evidence is considered by you. You should not penalize any of the litigating parties because his or her attorney makes objections. You must not consider testimony or exhibits to which I have sustained an objection, or which I have ordered stricken from the record. They are not part of the evidence, not part of the case. None of my rulings should be regarded as an indication of my opinion as to what your findings should be, nor should any questions I may ask witnesses. In fact, you should not take anything I say or do to imply any opinion on my part about this case. In any event, your opinions about the case are the only ones that matter. You, and you alone, are the sole finders of the facts.

Also, on this same issue of the admission of evidence, the attorneys and I are required by law to take up certain matters out of your hearing from time to time. We may do this at what is known as a sidebar conference, where the lawyers come up and speak with me out of your hearing. Do not concern yourself with such a proceeding. While you may be interested in knowing what is being said, you must understand that these conferences are being held in order to assure that only legally sufficient and relevant

evidence is presented to you, and to give the attorneys an opportunity to state their positions on legal issues.

So, you must consider and weigh the testimony of each witness and give it the weight that, in your judgment, it is fairly entitled to receive. The matter of the credibility of a witness, that is, whether the testimony is believable in whole or in part, is solely for you determination. I will mention some of the factors that might bear on that determination: whether witnesses have any interest in the outcome of the case or have friendship or animosity toward other persons concerned in the case; the behavior of the witness on the witness stand, the witness' demeanor; the manner of testifying and whether witnesses show any bias or prejudice that might color their testimony; the accuracy of witnesses' memory and recollection; witnesses' ability and opportunity to acquire knowledge of or to observe the matters they are testifying about; and the consistency or inconsistency of their testimony as well as its reasonableness or unreasonableness in the light of all the evidence in the case.

When you judge credibility, you are doing something you do every day of your life. You do it with your family, with friends and business associates, you do it whenever you go shopping or when you are out. That is, you have to decide what is it that you see and hear? What is it that you are being told that you will accept as true, that you will accept as something on which you will base a decision?

That's the way you do your job. You do the job for which you have lived the years you have lived in your various walks of life. That's why each of you separately and all of you together are the judges of the facts in this case.

What do you believe?  What has the ring of truth about it amongst all of the answers, all of the evidence that you hear?  What are you willing to base an important decision on?

The next point I would like to address is:  how is a case presented to you?

Well, in a few minutes when I am done speaking we will have what are known as opening statements. That is, Mr. Wolk will tell you on behalf of his clients what he believes is the evidence that you will be hearing and seeing during the trial.  He does this so that you have an initial overview, if you will, of what this case is about.

When he is finished, Mr. Kelly has a right to make an opening statement on behalf of his clients; but he also has a right to make his opening statement later in the trial, instead, when it's his turn to present evidence.

In any event, after the opening statements, Mr. Wolk will begin presenting his evidence because the Plaintiffs have the burden of proof.  He will call witnesses on behalf of his clients to the witness stand and examine them on what is known as direct examination, which means that he will ask questions and the witnesses will give answers, which constitute evidence.

When each of the witnesses is done on direct examination, the witness will be subject to cross-examination by Mr. Kelly.  Cross-examination has two roles.  The first is to bring out facts that have not been brought out in direct examination, to add to your fund of information.  The second purpose of cross-examination is to ask questions that may help you to judge the credibility of the witness; so that, via the answers, you will have a better opportunity to judge what you shall believe and what you shall not.

When Mr. Wolk has completed the presentation of his case by way of his witnesses, Mr. Kelly then has the right to call witnesses, to question them on direct examination. Those witnesses will be subject to cross-examination by Mr. Wolk just as Mr. Kelly had the opportunity to cross-examine the plaintiff's witnesses.

When all of those witnesses are finished, Mr. Wolk will make a closing argument, and Mr. Kelly will make a closing argument, and Mr. Wolk will make a brief rebuttal argument. Those arguments from the lawyers are intended to marshal the evidence that you have heard, to suggest to you what you should find to be credible, and to suggest to you what your verdict should be in the case. That is the time for argument.

When the arguments are concluded, you will then receive from me the instructions on the law, what is sometimes called the charge. I will tell you the principles of law that apply to this case so that you will be able to put the facts into their proper sequence, answer the proper questions, and render the true and just verdict.

When I am finished, the case becomes yours. And you will then decide, you will reason together, you will deliberate, and you will then tell us what is this true and just verdict, of which I have spoken.

Now, as I told you, your duty is to decide this case on the evidence. You must not discuss the case, or anything connected with it, among yourselves, until all the evidence is in and you have received the final instructions from me and have retired to the jury room for deliberation to reach you verdict. Do not talk to anyone else about the case either—absolutely no one; and do not permit others to discuss the case with you, or in your presence. If such a thing should occur, advise me promptly. In addition, do not talk to counsel or the parties or witnesses on any subject. If you were to do so, even though

innocently, it could be misinterpreted and could create serious problems. And again, you must not under any circumstances look to any outside source whatsoever, about any issues in this case.

So that's the sequence we will follow, and in a moment we will begin with the opening statements.

One final thing: if there is anything we can do to make your service more comfortable, more meaningful, to assist you in understanding the evidence, all you need to do is to let me know. And the way in which you let me know—suppose you need to take a break, or suppose you can't see an exhibit, or suppose you can't hear a witness' answers—all you need to do is raise your hand and one of the courtroom officials will note it, or I will. We will then ask what it is we can do to help you, and we will respond in every way we are allowed to, and that we can, to make your service more comfortable and more meaningful.

Thank you for being here.

**Pa. SSJI (Civ) 1.01**

**PROPOSED JURY INSTRUCTION NO. 2**

**DESCRIPTION OF CASE**

This case involves an aircraft crash that occurred on July 22, 2000 at the York Airport in York Pennsylvania. The Plaintiffs, or the ones who filed the civil complaint in this case, are Theresa Marie Simeone, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and In Her Own Right, and Mary Ann Lengyel, Personal Representative of the Estate of George Lengyel, Deceased, and In Her Own Right. They are seated over there with their attorneys. They brought a cause of action against the Defendants, Bombardier-Rotax GmbH and Bombardier, Inc., whose representative is seated at the other table with their lawyers. Plaintiffs contend that defects in the aircraft's Rotax 582 engine caused the crash and seek damages for the deaths of Francis Simeone and George Lengyel.

**Pa. SSJI (Civ) 1.12**

## PROPOSED JURY INSTRUCTION NO. 3

## BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. Please understand that while you are waiting, we are working.

It is my responsibility, as the trial judge, to be sure evidence is presented to you, the jury, appropriately under the law. The purpose of these discussions is not to keep important information from you, but to be sure questions are asked of witnesses and evidence submitted to you properly.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a recess.

**Pa. SSJI (Civ) 1.38**

**PROPOSED JURY INSTRUCTION NO. 4**

**QUESTIONS BY JURORS**

While some of you may have questions you would like to ask a witness, this is not a permissible procedure here. You will have to decide the case based on the answers given by the witnesses to the lawyers' questions. The law on evidence places limitations and guidelines on the lawyers; therefore, there may be a valid reason why a certain question was not asked.

**Pa. SSJI (Civ) 1.40**

## PROPOSED JURY INSTRUCTION NO. 5

## BURDEN OF PROOF AND PREPONDERANCE OF EVIDENCE

The Plaintiffs are seeking damages in this case based upon a product liability claim.  In civil cases such as this one, the Plaintiff have the burden of proving those contentions that entitle them to relief.  The plaintiff has the burden of proving their case by a preponderance of the evidence.

A fair preponderance of the evidence means you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of the "scales of justice," which is really an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly, in favor of the plaintiff, your verdict must be for the plaintiff.  If the scales are equally balanced or tip in favor of the defendant, your verdict must be for the defendant.

In this case, the Plaintiffs have the burden of proving the following propositions: that the Rotax 582 engine was defective and that the defective condition of the engine was a cause of the accident.  If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the Plaintiffs.  Otherwise, your verdict should be for the defendant.

I will review the elements of the claims and the law at greater length at the end of the trial for you.

**Pa. SSJI (Civ) 1.42**

**PROPOSED JURY INSTRUCTION NO. 6**

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness's testimony or between such witness's testimony and that of other witnesses, if there were any, do not necessarily mean that [any] [such] witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**Pa. SSJI (Civ) 1.45**

## PROPOSED JURY INSTRUCTION NO. 7

### WHAT IS EVIDENCE, WHAT IS NOT EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers stipulate.

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Manual of Model Civil Jury Instructions (9th Cir.) 1.3, 1.4**

## PROPOSED JURY INSTRUCTION NO. 8

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Manual of Model Civil Jury Instructions (9th Cir.) 1.5**

## PROPOSED JURY INSTRUCTION NO. 9

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Manual of Model Civil Jury Instructions (9th Cir.) 1.7**

## PROPOSED JURY INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**Manual of Model Civil Jury Instructions (9th Cir.) 1.8**

## PROPOSED JURY INSTRUCTION NO. 11

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may either be direct evidence or circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You may decide the case solely based on circumstantial evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Pa. SSJI (Civ) 1.49; Manual of Model Civil Jury Instructions (9th Cir.) 1.6**

## PROPOSED JURY INSTRUCTION NO. 12

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and it is difficult and time-consuming for the court reporter to read lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

If at any point in the trial you cannot hear or understand a witness, a lawyer, or me, or see an exhibit, please let us know in order that we may resolve it immediately for you.

**Pa. SSJI (Civ) 1.50; Manual of Model Civil Jury Instructions (9th Cir.) 1.10**

**PROPOSED JURY INSTRUCTION NO. 13**

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**Manual of Model Civil Jury Instructions (9th Cir.) 1.11**

## PROPOSED JURY INSTRUCTION NO. 14

## DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

**Manual of Model Civil Jury Instructions (9th Cir.) 2.6**

**PROPOSED JURY INSTRUCTION NO. 15**

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Manual of Model Civil Jury Instructions (9th Cir.) 3.7**

## PROPOSED JURY INSTRUCTION NO. 16

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

**Manual of Model Civil Jury Instructions (9th Cir.) 1.9**

## PROPOSED JURY INSTRUCTION NO. 17

### ISSUES IN THE CASE AND FACTUAL CAUSE

The Plaintiffs claim that they the crash of the aircraft was a result of the negligent design and manufacture of the Rotax 582 engine by Defendants. The Plaintiffs have the burden of proving their claims.

The Defendants deny Plaintiffs' claims and assert as an affirmative defense that the Mr. Simeone and Mr. Lengyel were negligent and that such negligence was a factual cause of the accident. The Defendants have the burden of proving this affirmative defense.

Based upon the evidence presented at this trial, the only issues for you to decide with respect to Plaintiffs' Negligence claim are:

First: Were the Defendants negligent?

Second: Was the Defendants' conduct a factual cause in bringing about harm to the Plaintiffs?

Third: Were the Plaintiffs negligent and, if so, was such negligence a factual cause in bringing about the Plaintiffs' injury?

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

A defendant's negligent conduct need only be *a* factual cause of the plaintiff's harm. It does not need to be the only cause. The existence of other causes of the harm does not relieve the defendant from liability as long as the defendant's negligent conduct was a factual cause of the harm. If you find that one of the alleged acts of a defendant

was negligent and a factual cause of the harm, this is sufficient to subject that defendant to liability.

In order for the conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the negligent conduct of the defendant was more than an insignificant factor in bringing about any harm to the plaintiff. Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury. However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury. A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

To be a contributing factor, the defendant's conduct need not be the only factor. The fact that some other cause concurs with the negligence of the defendant in producing an injury does not relieve the Defendants from liability as long as their own negligence is a factual cause of the injury.

The negligence of a defendant may be found to be a factual cause of a Plaintiffs' harm even though it was relatively minor as compared to the negligence of the Plaintiffs. In effect, the test for factual causation has been met when the conduct in question has such an effect in producing the harm as to lead reasonable persons to regard it as one of the contributing causes that is neither insignificant nor inconsequential considering all the

circumstances.

**Pa. SSJI (Civ) 3.00**

## PROPOSED JURY INSTRUCTION NO. 18

## NEGLIGENCE—DEFINITION

The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here. Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.

**Pa. SSJI (Civ) 3.01**

## PROPOSED JURY INSTRUCTION NO. 19

## ORDINARY CARE—DEFINITION

Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case. It is the duty of every person to use ordinary care not only for his or her own safety and the protection of his or her property, but also to avoid injury to others. What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there. The amount of care required by the law must be in keeping with the degree of danger involved.

**Pa. SSJI (Civ) 3.02**

## PROPOSED JURY INSTRUCTION NO. 20

## CONTRIBUTORY NEGLIGENCE

The Defendants claim that the Plaintiffs were contributorily negligent. Contributory negligence is negligence on the part of Plaintiff that is a factual cause of the plaintiff's injury. The burden is not on the Plaintiffs to prove their freedom from contributory negligence.  The Defendants have the burden of proving contributory negligence by a fair preponderance of the credible evidence.  You must determine whether the Defendants have proven that Albert Francis Simeone and George Lengyel, under all the circumstances present, failed to use reasonable care for their own protection.

Even if you find that the Mr. Simeone and Mr. Lengyel were negligent, you must also determine whether the Defendants have proven that their conduct was a legal cause in bringing about their injuries.  If the Defendants have not sustained that burden of proof, then the defense of contributory negligence has not been made.  In determining legal cause, you will refer to my previous instruction.

**Pa. SSJI (Civ) 3.03**

**PROPOSED JURY INSTRUCTION NO. 21**

**COMPARATIVE NEGLIGENCE AND APPORTIONMENT
AMONG JOINT TORTFEASORS**

The court has already instructed you about what you may consider in determining whether the Defendants were negligent, whether the Plaintiffs' decedents were contributorily negligent, and whether such negligence, if any, was a factual cause in bringing about the decedents' harm. If you find, in accordance with these instructions, that the Defendants were negligent and such negligence was a factual cause in bringing about the decedents' harm, you must then consider whether the decedents were contributorily negligent. If you find that they were contributorily negligent and such contributory negligence was a factual cause in bringing about their harm, then you must apply the Comparative Negligence Act, which provides in section 1:

> The fact that a decedent may have been guilty of contributory negligence shall not bar a recovery by his legal representative where such negligence was not greater than that causal negligence of the defendant, or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the decedent.

Under this act, if you find that Defendants were causally negligent and you find that the decedents were also causally negligent, it is your duty to apportion the relative degree of causal negligence between the Defendants and the Plaintiffs. In apportioning the causal negligence you should use your common sense and experience to arrive at a result that is fair and reasonable under the facts of this occurrence as you have determined them from the evidence.

If you find that a decedents' causal negligence was greater than the causal negligence of Defendants, then the legal representative of that decedent is barred from recovery and you need not consider what damages should be awarded.

If you find that a decedent's causal negligence was equal to or less than the causal negligence of the Defendants then you must set forth the percentages of causal negligence attributable to the decedent and the percentage of causal negligence attributable to the Defendants. The total of these percentages must be 100 percent. You will then determine the total amount of damages to which each Plaintiff would be entitled if the decedent had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the decedent's fault. After you return your verdict, the court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attributed to each decedent.

**Pa. SSJI (Civ) 3.03A**

## PROPOSED JURY INSTRUCTION NO. 22

## ASSUMPTION OF RISK

The Defendants claim that Albert Francis Simeone and George Lengyel assumed the risk of injury and the Defendants have the burden of proving this was so. The elements of assumption of the risk are that the Plaintiffs fully understood the specific danger that caused their injury, appreciated its nature and extent, and voluntarily chose to encounter it under circumstances indicating a willingness to accept the specific danger.

This is a subjective test. The question is not whether a reasonable person in the their position would have understood the risk, but whether Mr. Simeone and Mr. Lengyel themselves actually did. Their knowledge and understanding of the specific danger may be proven by circumstantial evidence. Direct evidence is not required.

Not all voluntary risk-taking amounts to an assumption of the risk. The defense applies only to preliminary and deliberate conduct with an awareness of the specific risk. It does not apply to conduct close in time and place to the accident. Conduct more immediately leading to an accident may be negligent, but negligence is not a defense to a strict products liability action.

**Pa. SSJI (Civ) 3.04**

**PROPOSED JURY INSTRUCTION NO. 23**

**RECKLESS CONDUCT—DEFINED**

Reckless conduct is intentional acting or failing to act in reckless disregard of a risk of harm to others that is known or should be known to be highly probable and with a conscious indifference to the consequences. Reckless conduct is also acting or failing to act when existing danger is actually known and with an awareness that harm is reasonably certain to result.

**Pa. SSJI (Civ) 3.17**

## PROPOSED JURY INSTRUCTION NO. 24

## FACTUAL CAUSE

The plaintiffs must prove to you that the defendants' conduct caused the plaintiffs' damages. This is referred to as "factual cause." The question is: "Was the defendant's negligent conduct a factual cause in bringing about the plaintiffs' damages?"

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

A defendant's negligent conduct need only be a factual cause of the plaintiff's harm. It does not need to be the only cause. The existence of other causes of the harm does not relieve the defendant from liability as long as the defendant's negligent conduct was a factual cause of the injury. If you find that one of the alleged acts of a defendant was negligent and a factual cause of the harm, this is sufficient to subject that defendant to liability.

Remember, a factual cause is an actual, real factor, although the result may be unusual or unexpected. A factual cause can not be an imaginary or fanciful factor having no connection or only a significant connection with the injury. Although a factual cause can not be minimal or insignificant with regard to the injury, it can be relatively minor in relation to other factors and need not be quantified as being either considerable or large.

**Pa. SSJI (Civ) 3.25**

## PROPOSED JURY INSTRUCTION NO. 25

## VERDICT DIRECTING SUMMARY

You will now retire to consider all of the evidence received in this trial in the light of the various factors I have presented to you and apply the law as I have given it to the facts as found by you.

If you find that the Defendants were negligent, and that the Defendants' conduct was a factual cause of the harm to the Plaintiffs, your verdict must be in favor of the Plaintiff and against the Defendants.

If you find that Defendants were not negligent, or that their negligence was not a substantial factor in bringing about harm to the Plaintiffs, your verdict must be for the Defendants.

If your verdict is in favor of the Plaintiffs, you must then determine what damage the Plaintiffs have and will be caused to suffer by reason of the Defendants' negligence and return a verdict for the Plaintiffs in that amount.

**Pa. SSJI (Civ) 3.50**

**PROPOSED JURY INSTRUCTION NO. 26**

**ON SELLER'S MISREPRESENTATION OF A MATERIAL FACT—
RESTATEMENT (SECOND) OF TORTS § 402B**

(1)     A seller who makes a misrepresentation of a material fact about the character or quality of a product it sells is liable for all physical harm resulting from a person's reliance on the misrepresentation.  In order for the Plaintiffs to recover against the Defendants on such a claim, you must find: (1) that the they made a misrepresentation, (2) that the misrepresentation was of a material fact, (3) that the Plaintiffs relied on the misrepresentation in using the product, and (4) that the Plaintiffs' reliance on the misrepresentation was a substantial factor in causing the Plaintiffs' injury.

(2)     A misrepresentation is any assertion that is not true.  An assertion may be by words or by conduct.  An assertion by words may, for example, arise from statements contained in the labeling or in the advertising of a product.  An assertion by conduct may, for example, arise from a usage of trade or course in dealing.  An assertion by conduct may arise when the seller knows the particular purpose for which the user or consumer requires the product, and the seller furnishes the product for that particular purpose.

(3)     A material fact is a fact upon which a reasonable user or consumer of the product would rely in using the product.  A material fact, in other words, is one that would tend to influence or induce a normal user or consumer to use or consume the product at all, or would influence the consumer concerning when, where, or for what purpose to use or consume the product.  A material fact does not have to be

the sole or even a substantial factor in inducing or influencing a reasonable person's decision to use the product.

(4)    Reliance means that the user or consumer would not have acted (or would not have failed to act) as he did in using the product unless he considered the misrepresentation to be true.

(5)    This is a rule of strict liability.  Strict liability means that it makes no difference whether the seller's misrepresentation was innocent, negligent, or fraudulent. If you find that the misrepresentation was made, the seller's motive or intention is not relevant.

Strict liability also means that the Plaintiffs are not barred from recovery because of any negligence on his part.  For example, the user or consumer's failure to discover that the misrepresentation was untrue does not bar recovery even if a reasonable user would have discovered that fact.  However, if the user of the product actually discovered that the misrepresentation was untrue and, despite that knowledge, voluntarily used or consumed the product, the user or consumer can no longer be said to be relying on the misrepresentation.  In such a case, the seller's misrepresentation is not a substantial factor in causing the plaintiff's injury.

**Pa. SSJI (Civ) 8.00A**

**PROPOSED JURY INSTRUCTION NO. 27**

**GENERAL RULE OF STRICT LIABILITY**

The manufacturer of a product is liable for the injuries caused to the plaintiff by a defect in the article, which existed when the product left the possession of the manufacturer. Such liability is imposed even if the manufacturer has taken all possible care in the preparation and sale of the product.

**Pa. SSJI (Civ) 8.01**

**PROPOSED JURY INSTRUCTION NO. 28**

**DEFINITION OF "DEFECT"**

The manufacturer of a product is a guarantor of its safety. The product must be provided with every element necessary to make it safe for its intended use, and without any condition that makes it unsafe for its intended use. If you find that the product, at the time it left the defendant's control, lacked any element necessary to make it safe for its intended use, or contained any condition that made it unsafe for its intended use, then the product was defective and the defendants are liable for all harm caused by the defect.

**Pa. SSJI (Civ) 8.02**

**PROPOSED JURY INSTRUCTION NO. 29**

**DUTY TO WARN**

Even a perfectly made and designed product may be defective if not accompanied by proper warnings and instructions concerning its use. A supplier must give the user or consumer any warnings and instructions of the possible risks of using the product that may be required, or that are created by the inherent limitations in the safety of such use. If you find that such warnings or instructions were not given, the defendant is liable for all harm caused by the failure to warn.

**Pa. SSJI (Civ) 8.03**

**PROPOSED JURY INSTRUCTION NO. 30**

**FACTUAL CAUSE**

If you find that the Rotax 582 engine was defective, then the Defendants are liable for all harm caused by such defective condition.  A defective condition is the factual cause of harm if the harm would not have occurred absent the defect.

**Pa. SSJI (Civ) 8.04**

**PROPOSED JURY INSTRUCTION NO. 31**

**CAUSATION**

Under the law of Pennsylvania, if you find that a defect in the Rotax 582 engine contributed to the crash *in any way*, then you must find in favor of the Plaintiffs.

<u>*Madonna v. Harley Davidson, Inc.*</u>, 708 A.2d 507, 509 (Pa. Super. 1998)

**PROPOSED JURY INSTRUCTION NO. 32**

**STRICT LIABILITY UPON PROOF OF MALFUNCTION**

The Plaintiffs may prove their case merely by showing the occurrence of a malfunction of the Rotax 582 engine during normal use. The plaintiffs need *not* prove the existence of a specific defect in the engine. In the absence of showing a specific defect, the Plaintiffs must prove three facts: that the engine malfunctioned, that it was given only normal or anticipated use prior to the accident, and that no reasonable secondary causes were responsible for the accident.

**Pa. SSJI (Civ) 8.05**

## PROPOSED JURY INSTRUCTION NO. 33

## STRICT LIABILITY RESPONSIBILITY NONDELEGABLE

A defendant in a strict liability case who puts a defective product into the market remains liable to the user or consumer, despite the foreseeable conduct, negligent or otherwise, of others, for the harm created by the product as a result of the defect.

**Pa. SSJI (Civ) 8.06**

## PROPOSED JURY INSTRUCTION NO. 34

## SUBSTANTIAL CHANGE

A seller is responsible only for defects that exist at the time the product leaves his or her control.  The seller is not liable for defective conditions created by substantial changes in the product occurring after the product has been sold.  There is, however, an important qualification to this rule.  If you do find that defective conditions were created by substantial changes in the product occurring after it was sold, that finding would not, in itself, relieve the seller of liability.  Rather, the seller would still be liable, in that circumstance, unless you also find that the changes were ones that could not reasonably have been foreseen or expected by the seller.  That is because a seller's responsibility, under our law, extends to all dangers that result from foreseeable changes to the product.

**Pa. SSJI (Civ) 8.08**

## PROPOSED JURY INSTRUCTION NO. 35

## LIABILITY FOR HARM TO BYSTANDERS

The manufacturer/seller is liable for all harm for which his defective product is the factual cause, whether such harm be to a user, consumer, or bystander. The manufacturer/seller, by placing his or her product into the stream of commerce, is responsible to all who come within the boundaries of its use.

**Pa. SSJI (Civ) 8.10**

## PROPOSED JURY INSTRUCTION NO. 36

## MISREPRESENTATION

In order to meet the burden of proof for their claim for misrepresentation, Plaintiffs must prove that Defendants made a specific statement of material fact; that Mr. Simeone or Mr. Lengyel justifiably relied on the statement of material fact when they flew the aircraft; that the statement was false; and that Mr. Simeone and Mr. Lengyel were killed because the statement was false.

***Berkebile Brantly Helicopter Corp.***, **337 A.2d 893, 903 (Pa. 1975).**

## PROPOSED JURY INSTRUCTION NO. 37

## GENERAL INSTRUCTION ON WARRANTY

A warranty is a promise, either express or implied, made by a seller of goods that the goods it sells will possess a certain characteristic or characteristics. The Plaintiffs contend that the Defendants made an express and/or implied warranty that the Rotax 582 engine was suitable for use in aircraft and was otherwise safe. The Defendants deny making such warranties. I will give you the legal definitions of warranty, and you will find upon the evidence either that a warranty was or was not in effect in the manner the Plaintiffs contends. If you find that the warranty was in effect in the manner the Plaintiffs contend, you must then decide whether the Defendants breached the warranty. If you find that the Defendants breached the warranty, you must finally decide whether the Defendants' breach of the warranty was a substantial factor in causing the harm that the Plaintiffs claim they has suffered. The three questions you must decide are, therefore: (1) whether a warranty existed, (2) whether the Defendants breached the warranty, and (3) whether the breach of the warranty was a substantial factor in causing harm to the Plaintiffs. If you find in favor of the Plaintiffs on all three questions, you will return a verdict for the Plaintiffs. If you do not find in favor of the Plaintiffs on all three questions, you will return a verdict for the Defendants.

**Pa. SSJI (Civ) 9.00**

**PROPOSED JURY INSTRUCTION NO. 38**

**CREATION OF AN EXPRESS WARRANTY**

When a manufacturer/seller states a fact or makes a promise relating to the goods it sells, the manufacturer/seller has created an express warranty that the goods will conform to that statement or promise.

A description by the manufacturer/seller of the goods it sells creates an express warranty that the goods sold will conform to that description.

It is not necessary that a manufacturer/seller use formal words such as "warrant" or "guarantee" to create an express warranty. It is not necessary that a manufacturer/seller have a specific intention to create a warranty.

An express warranty may be made before, at the time of, or after the sale of goods.

**Pa. SSJI (Civ) 9.01**

**PROPOSED JURY INSTRUCTION NO. 39**

**CREATION OF IMPLIED WARRANTY OF FITNESS
FOR A PARTICULAR PURPOSE**

Where the manufacturer/seller at the time of the sale has reason to know the specific use for which the buyer is purchasing the goods and that the buyer is relying on or being induced or influenced to purchase by the seller's skill or judgment to select or furnish goods suitable for that use, an implied warranty is created that the goods will be fit for that particular purpose.

A manufacturer/seller need not actually know the specific use for which the buyer is purchasing the goods or of the buyer's reliance on the seller's skill or judgment, if the circumstances are such that the manufacturer/seller has reason to realize the purpose intended or that reliance exists.

**Pa. SSJI (Civ) 9.02**

**PROPOSED JURY INSTRUCTION NO. 40**

**CREATION OF IMPLIED WARRANTY OF MERCHANTABILITY**

A merchant is a person who deals in goods or has knowledge or skill peculiar to goods involved in the transaction. A merchant also can be one who employs others who have such knowledge or skill.

If the seller is a merchant of goods of the kind sold, an implied warranty of merchantability exists:

(1)     that the goods as described or designated are of a quality comparable to that generally acceptable in the trade;

(2)     that the goods are fit for the ordinary purposes for which such goods are used;

(3)     that the goods run, within variations permitted by the agreement of sale, of even kind, quality, and quantity within each unit and among all units involved;

(4)     that the goods conform to the promises or statements of fact made on the container or label.

**Pa. SSJI (Civ) 9.03**

**PROPOSED JURY INSTRUCTION NO. 41**

**DAMAGES**

If you find that the Defendants are liable to the Plaintiffs, you must then find an amount of money damages you believe will fairly and adequately compensate the Plaintiffs for all the physical and financial injury they have sustained as a result of the occurrence.  The amount you award today must compensate the Plaintiffs completely for damage sustained in the past, as well as damage the Plaintiffs will sustain in the future.

**Pa. SSJI (Civ) 6.00**

**PROPOSED JURY INSTRUCTION NO. 42**

**DAMAGES**

Keep in mind that proof of a claim for damages need not conform to a standard of mathematical exactness.  All the law requires is that a claim for damages be supported by a reasonable basis for the calculation.

***Fish v. Gosnell*, 316 Pa. Super. 565, 582-84, 463 A.2d 1043, 1051-52 (1983); *Pratt v. Stein*, 298 Pa. Super. 92, 133-134, 444 A.2d 674, 696 (1982).**

**PROPOSED JURY INSTRUCTION NO. 43**

**LOSS OF CONSORTIUM**

The plaintiff's spouse is entitled to be compensated for the past, present, and future loss of the injured party's services to [him] [her] and the past, present, and future loss of companionship of [his] [her] spouse. Consortium claims are losses arising out of the marital relationship. Consortium is the marital fellowship of a husband and a wife and includes the company, society, cooperation, affection, and aid of the other in the marital relationship. Such claims include a loss of support, comfort, and assistance, the loss of association and companionship, and the loss of ability to engage in sexual relations.

**6.01L (Civ)**

**PROPOSED JURY INSTRUCTION NO. 44**

**DAMAGES IN DEATH CASES**

When a person dies, the damages they would have been entitled to go to their estate or survivors.  The estate and survivors are just as entitled to these damages as the deceased person would have been had he survived.

The plaintiff, as the personal representative of the estate of the decedent, claims damages under the Wrongful Death Act and the Survival Act.  In this case, Mrs. Simeone, as the personal representative of her husband's estate, and Mrs. Lengyel, as the personal representative of her husband's estate, are is entitled to make claims under both acts, but the damages must not overlap or duplicate themselves.

A.     Under the Wrongful Death Act, the damages recoverable by the Plaintiffs are as follows:

(1)     Each Plaintiff is entitled to be awarded an amount that will cover all hospital, medical, funeral, burial, and estate administration expenses incurred.  It has been stipulated that these expenses amount to $_____ for Mr. Simeone and $_____ for Mr. Lengyel.

(2)     Each Plaintiff is entitled to be awarded an amount that will fairly and adequately compensate the family of the decedent (wife, children, parents, etc.) for their loss of any contributions they would have received between the time of the death of the decedent and today.  This includes all amounts of money that Mr. Simeone and Mr. Lengyel would have spent for or given to their families for such items as shelter, food, clothing, medical care, education, entertainment, gifts, and recreation.

(3)     The Plaintiffs are also entitled to be awarded the value of all sums that Mr. Simeone and Mr. Lengyel would have contributed to the support of their families between today and the end of their life expectancies.

(4)     In addition to the monetary contributions that Mr. Simeone and Mr. Lengyel each would have contributed to their families' support, the Plaintiffs are entitled to be awarded a sum that will fairly and adequately compensate the families for the monetary value of the services, society, and comfort that Mr. Simeone and Mr. Lengyel would have given to their

families had they lived, including such elements as work around the home, provision of physical comforts and services, and provision of society and comfort.

(5)     The Plaintiffs, on behalf of the surviving children, are entitled to be awarded an amount that will fairly compensate for the loss of the services that the Mr. Simeone and Mr. Lengyel as fathers would have contributed to their children.  It will be your duty to consider the monetary value of such services as guidance, tutelage, and moral upbringing that you believe the children would have received, up to the time you believe such services would have been provided, had the deaths not occurred.

B.     Under the Survival Act, the damages recoverable by the plaintiff are as

follows:

(1)     The Plaintiffs are entitled to be awarded the total net amount that the Mr. Simeone and Mr. Lengyel would have earned between the date of death and today.   Net earnings are determined as follows: you must first calculate the total amount of their gross earnings, including the fringe benefits, between the date of death and today; from this amount, you deduct the amount of monetary contributions they each would have made to their family during this period (which you have already awarded to the plaintiff under the Wrongful Death Act) and the amount of money that the they would have spent on themselves for personal maintenance during this period.   The probable cost of personal maintenance includes only the necessary and economical living expenses, such as food, shelter, and clothing, which would have been required in order to maintain life during this period.

(2)     The Plaintiffs are also entitled to be awarded the value of the net amount that the Mr. Simeone and Mr. Lengyel would have earned between today and the end of their life expectancy.   Again, net earnings for this period are determined as follows:  you must first calculate the total amount of their gross earnings between today and the end of their life expectancy; from this amount you must deduct the probable cost of necessary and economical living expenses required to sustain life during this period together with the amount of monetary contributions they would have made to their families during this period (which you have already awarded under the Wrongful Death Act).   Your award to the estate for total lost future net earnings thus represents the total net earnings over their work life expectancy.

(4)     The Plaintiffs are entitled to be awarded an amount that you believe will fairly and adequately compensate for the mental and physical pain and

suffering that Mr. Simeone and Mr. Lengyel endured from the moment of injury to the moment of death as a result of this crash.

C.     You are to add each of these items of damages together in its proper category and return your verdict for each Plaintiff in two lump sum amounts, one under the Wrongful Death Act and the second under the Survival Act.

**Pa. SSJI (Civ) 6.10; 42 Pa. C.S.A. § 8301; 42 Pa. C.S.A. § 8302.**

## PROPOSED JURY INSTRUCTION NO. 45

### DAMAGES—LIFE EXPECTANCY

In order to determine the damages recoverable in this case, you must first determine the number of years the Mr. Simeone and Mr. Lengyel would have lived had they not died as a result of this accident. According to statistics compiled by the United States Department of Health and Human Services, the average life expectancy of all persons of Mr. Simeone's age at the time of accident, sex, and race was _____ years. The average life expectancy of all persons of Mr. Lengyel's age at the time of accident, sex, and race was _____ years. These figures are offered to you only as a guide, and you are not bound to accept it if you believe that they would have lived longer or less than the average individual in their category. In reaching this decision, you are to consider health prior to the accident, manner of living, personal habits, and other factors that may have affected the duration of their lives.

**Pa. SSJI (Civ) 6.21; 1995 Life Tables**

## PROPOSED JURY INSTRUCTION NO. 46

## FUTURE LOSS OF EARNINGS AND LOST EARNING
## CAPACITY WHERE LOSS OF FUTURE PRODUCTIVITY IS PROVEN

The Plaintiffs are entitled to be compensated for any loss of future earnings that were sustained as a result of a loss of future productivity.

Future productivity is the increase in wages or compensation that Mr. Simeone and Mr. Lengyel would have received, had they not been killed. The Plaintiffs have submitted evidence through an actuary who has computed the loss of earnings of Mr. Simeone and Mr. Lengyel, adding a productivity factor. If you believe that the Plaintiffs have sustained a loss of productivity, you may use this evidence as a guide in reaching your decision as to the amount of the Plaintiffs' loss

**Pa. SSJI (Civ) 6.22**

**PROPOSED JURY INSTRUCTION NO. 47**

**PUNITIVE DAMAGES—GENERAL INSTRUCTIONS**

If you find that the Defendants' conduct was a factual cause of the harm the Plaintiffs are alleged to have suffered and you find that the conduct of the Defendants was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the Defendants for their conduct and to deter them and others from committing similar acts.

A company's conduct is outrageous when it acts with a bad motive or acts with reckless indifference to the interests of others.

**Pa. SSJI (Civ) 14.00**

**PROPOSED JURY INSTRUCTION NO. 48**

**PUNITIVE DAMAGES—AMOUNT OF AWARD**

If you decide that the Plaintiffs are entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

- the character of the Defendants' acts,

- the nature and extent of the harm to the Plaintiff that the Defendants caused, and

- the wealth of the defendant insofar as it is relevant in fixing an amount that will punish it, and deter it and others from like conduct in the future.

The amount of punitive damages awarded must not be the result of passion or prejudice against the Defendants on the part of the jury. The sole purpose of punitive damages is to punish the Defendants' outrageous conduct and to deter the Defendants and others from similar acts.

**Pa. SSJI (Civ) 14.02**

**PROPOSED JURY INSTRUCTION NO. 49**

**CONCLUDING INSTRUCTIONS**

(1)    You now have all the rules of law to properly reach a verdict in this case. In a few minutes, you will begin your deliberations.  Before you do so, I would like to give you a few final guidelines on conducting your deliberations and properly arriving at a verdict.

(2)    My responsibility, as judge, is to decide all questions of law; therefore, you must accept and follow my rulings and these instructions as to matters of law.  But I am not the judge of the facts.  You, the jurors, are the only judges of the facts.  So your responsibility is to consider the evidence and decide what are the true facts.  By applying the rules of law as given to you, to the facts as you find them, you must determine whether the Plaintiffs have proven their claims.

(3)    The decision in this case, as I am sure you understand, is a matter of considerable importance.  Your responsibility, as jurors, is to reach a verdict based on the evidence presented during the trial, and upon your evaluation of that evidence.  You must consider all the testimony you have heard, and all the other evidence presented during this trial, in order to determine the facts.

(4)    In deciding the facts, you may properly apply common sense and draw upon your own everyday practical knowledge of life.  You should keep your deliberations free of any bias or prejudice.  All parties have the right to expect you to consider the evidence conscientiously, and to apply the law as I have outlined it to you.

(5)     Before you begin to deliberate, you should select one of your group to be the foreperson.  The foreperson will announce the verdict in this courtroom after you have finished deliberating.  If, during deliberations, you have a serious doubt about some portion of these instructions, write your question in a note, signed by the foreperson. Give the note to the bailiff.  The bailiff will give it to me for response.  You should not, however, reveal to anyone how the jury stands numerically.

(6)     The verdict should be rendered only after careful and thoughtful deliberations.  In the course of your deliberations, you should consult with each other and discuss the evidence freely and fairly, in a sincere effort to arrive at a just verdict.  It is your obligation to consider the evidence and the issues presented with a view toward reaching agreement, if you can do so without violating your own individual judgment. Each juror must decide this case for him- or herself, after examining the issues and the evidence with proper regard to the opinions of other jurors.  Proper consideration of the issues before you means that you should be willing to reexamine your views and change your opinion, if convinced that it is erroneous; but you are not required to surrender an honest conviction as to the weight or effect of the evidence only because of another juror's opinion, or solely for the purpose of returning a verdict.

(7)     Please keep in mind that this dispute between the parties is, for them, a most serious matter.  They and the court rely upon you to give full and conscientious consideration to the issues and the evidence before you.  Neither sympathy nor prejudice may influence your deliberations.  You should not be influenced by anything other than the law and the evidence in this case, together with your own judgment and evaluation of

that evidence.  All parties stand equally before the court, and each is entitled to the same fair and impartial treatment in your hands.

(8)    In closing, I suggest that you will be able to deliberate more easily, and in a way that will be better for all concerned, if each of you treats your fellow jurors and their views with the same courtesy and respect as you want your views to be treated, and with the same courtesy and respect as you would treat any other person in your everyday life.

You may begin your deliberations.

**Pa. SSJI (Civ) 20.00**