IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>  Plaintiffs,<br><br>  v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>  Defendants. | : CIVIL ACTION NO. 02CV4852<br>:<br>: JURY TRIAL DEMANDED |

## ORDER

**AND NOW**, this _____ day of October, 2005, upon consideration of Defendants' Motion in Limine to Preclude Evidence of Prior Accidents, and Plaintiffs' Response thereto, it is hereby **ORDERED** that said motion is **DENIED**.

BY THE COURT:

_____
**Berle M. Schiller, U.S.D.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>                      Plaintiffs,<br><br>        v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>                      Defendants. | :<br>:<br>: CIVIL ACTION NO. 02CV4852<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
IN LIMINE TO PRECLUDE EVIDENCE OF PRIOR ACCIDENTS**

Plaintiffs, by and through their attorneys, respond to Defendants' Motion in Limine to Preclude Evidence of Prior Accidents as follows:

1. Denied as stated. Plaintiffs' Amended Complaint speaks for itself.

2. Admitted.

3. Admitted.

4. Denied as stated. The subject engine was manufactured by Defendants as they are the alter egos of one another.

5. Denied. Plaintiffs' Amended Complaint speaks for itself.

6. Denied. Plaintiffs' Amended Complaint speaks for itself.

7. Denied. Plaintiffs' Amended Complaint speaks for itself.

8. It is admitted that Plaintiffs served an expert report authored by Mr. Raefsky. The remainder to the averments of this paragraph are denied. Mr. Raefsky's

report speaks for itself. By way of further response, Mr. Raefsky was deposed on August 24, 2005.

9. It is admitted that Plaintiffs served an expert report authored by Mr. Sommer. The remainder to the averments of this paragraph are denied. Mr. Sommer's report speaks for itself. By way of further response, Mr. Sommer was deposed on August 25, 2005.

10. Denied. Fed. R. Evid. 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

11. Denied. Fed. R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is ***substantially outweighed*** by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." [emphasis added]

12. Denied as stated. See Plaintiffs' Memorandum of Law which is incorporated herein by reference.

13. Denied as stated. See Plaintiffs' Memorandum of Law which is incorporated herein by reference.

14. Denied. Defendants never specifically requested that Plaintiffs identify any such "prior accidents", therefore, the suggestion that Plaintiffs have failed to do so is premature. Disregarding this fact, Defendants' attempt to limit the scope of evidence relating to other accidents is disingenuous. Defendants' own literature states that the

Rotax 582 engine "by its design, is subject to sudden stoppage." Also, Defendants have asserted, without authority, that ultralight flying is "inherently dangerous" because of the risk of engine failure. On this basis, they have tried to generalize an assumption of the risk argument so as to avoid referencing any specific defect in the engine. [*See e.g.*, Defendants' Motion for Summary Judgment.] Now, in an effort to foreclose evidence relating to "sudden stoppage" of Rotax 582 engines, Defendants claim that "Plaintiffs have not identified any ultralight aircraft accidents in which an ultralight aircraft lost engine power (as a result of all the alleged engine deficiencies set forth in Plaintiffs' Complaint and by their experts) while on final landing approach after having executed a go-around, struck power lines, and crashed into a cornfield." [Defendants' Memorandum of Law at p. 4] In other words, Defendants believe they should be permitted to offer any and all evidence beneficial to them under the guise of an assumption of the risk defense while Plaintiffs are precluded from offering any similar evidence to support a claim that the engine was defective or that Defendants were negligent. Obviously, if Defendants are permitted to argue that Plaintiffs assumed the risk of "sudden stoppage" on the basis of general statements like those contained in the Rotax manuals, then fundamental fairness dictates that Plaintiffs be permitted to counter that argument by offering evidence concerning accidents caused by "sudden stoppage."

15. Denied. Permitting Defendants to argue that Mr. Simeone and Mr. Lengyel assumed the risk of "sudden stoppage" in the Rotax 582 while precluding Plaintiffs from countering with evidence of other accidents caused by "sudden stoppage" would be prejudicial to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court deny Defendants' Motion in Limine to Preclude Evidence of Prior Accidents.

                                              THE WOLK LAW FIRM

                                              _____

                                              Arthur Alan Wolk, Esquire
                                              Alan D. Mattioni, Esquire
                                              *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THERESA MARIE SIMEONE, Personal Representative of the Estate of Albert Francis Simeone, Jr., Deceased, and THERESA MARIE SIMEONE, In Her Own Right, and MARY ANN LENGYEL, Personal Representative of the Estate of George Lengyel, Deceased, and MARY ANN LENGYEL, In Her Own Right<br><br>Plaintiffs,<br><br>v.<br><br>BOMBARDIER-ROTAX GmbH, et al.<br><br>Defendants. | : <br> : <br> : CIVIL ACTION NO. 02CV4852<br> : <br> : <br> : <br> : <br> : JURY TRIAL DEMANDED<br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION**
**IN LIMINE TO PRECLUDE EVIDENCE OF PRIOR ACCIDENTS**

Even though Defendants have never specifically requested Plaintiffs to identify any "prior accidents", they now seek to limit the scope of such evidence at trial while, at the same time, leaving open the door to accuse Plaintiffs of assuming any and all risks associated with use of the Rotax 582 engine on the basis of non-specific "warnings" in their own literature. For example, the Rotax 582 Operator's Manual states that "[t]his engine, by its design, is subject to sudden stoppage." Similarly, Defendants have asserted, without authority, that ultralight flying is "inherently dangerous" because of the risk of engine failure. On this basis, they have tried to generalize an assumption of the risk argument while avoiding reference to any specific defect in the engine. [*See e.g.*, Defendants' Motion for Summary Judgment.] Now, in an effort to foreclose evidence relating to "sudden stoppage" of Rotax 582 engines, Defendants claim that "Plaintiffs

have not identified any ultralight aircraft accidents in which an ultralight aircraft lost engine power (as a result of all the alleged engine deficiencies set forth in Plaintiffs' Complaint and by their experts) while on final landing approach after having executed a go-around, struck power lines, and crashed into a cornfield." [Defendants' Memorandum of Law at p. 4]  In other words, Defendants believe they should be permitted to offer any and all evidence beneficial to them under the guise of an assumption of the risk defense while Plaintiffs are precluded from offering any similar evidence to support a claim that the engine was defective or that Defendants were negligent.

Fed. R. Evid. 401 states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Fed. R. Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is ***substantially outweighed*** by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." [emphasis added]

In product liability cases, "evidence of prior accidents involving the same product under similar circumstances is admissible to show notice to the defendant of the danger, to show existence of the danger, and to show the cause of the accident." *Gumbs v. International Harvester, Inc.*, 718 F.2d 88, 97 (3rd Cir. 1983).

In light of the foregoing, Plaintiffs must be permitted to offer evidence of "substantially similar" accidents caused by "sudden stoppage." *See, Medina v. Rose Art Industries, Inc.*, 2003 WL 1877563 (E.D. Pa. 2003)("We do not believe that the probative value of the evidence is outweighed by the prejudice to Rose Art because the prior

incidents are central to Plaintiff's prima facie case and essential to rebut anticipated testimony from Rose Art's expert witnesses. The prior incidents are central to the Medinas' claims because they are the key evidence regarding Rose Art's notice of prior injuries, the product's safety for the intended usage, and the defendant's alleged negligence. Without such evidence the plaintiff's case would be prejudiced.")

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion.

                                                        THE WOLK LAW FIRM

                                                        _____

                                                        Arthur Alan Wolk, Esquire
                                                       Alan D. Mattioni, Esquire
                                                       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 7, 2005, a true and correct copy of the foregoing was served upon the following via electronic service:

>Robert J. Kelly, Esquire
>WILSON ELSER MOSKOWITZ
>  EDELMAN & DICKER LLP
>33 Washington Street, 18th Floor
>Newark, NJ  07102

>THE WOLK LAW FIRM


>Alan D. Mattioni, Esquire
>1710-12 Locust Street
>Philadelphia, PA  19103
>*Attorneys for Plaintiffs*