**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THERESA MARIE SIMEONE, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BOMBARDIER-ROTAX GmbH, et al., | : | No. 02-4852 |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

Schiller, J.                                                              October 12, 2005

Plaintiffs Marie Simeone and Mary Ann Lengyel bring this action individually and as representatives of their late husbands' estates against Defendants Bombardier-Rotax GmbH and Bombardier Inc., aircraft engine manufacturers. Plaintiffs assert claims of strict product liability, negligence, breach of express and implied warranties, and willful and wanton misconduct, fraud and deceit, arising from an ultralight aircraft accident that resulted in the deaths of Mr. Simeone and Mr. Lengyel. Plaintiffs are now before this Court seeking to exclude evidence of waivers/releases between Decedent Simeone and Interplane USA, the entity which sold the aircraft to Mr. Simeone.

I.      **BACKGROUND**

Defendants claim that two separate Interplane USA waivers/releases signed by Decedent Simeone "show [his] awareness of the risks of ultralight flying and demonstrate[] the knowledge and experience base that Decedent Simeone brought to this situation, and support[] Defendants' contention that the cause of the accident was pilot error." (Defs.' Opp'n to Pls.' Mot. to Exclude Waivers/Releases at 1-2.) In addition, Defendants assert that one of the releases indemnifies them because they are suppliers of Interplane USA. (*Id.* at 4.) Plaintiffs counter that the releases do not

protect Defendants from these claims and cannot be used to support an assumption of the risk defense. (Pls.' Mot. to Exclude Waivers/Releases at 1.)  Plaintiffs also contend that the releases are not relevant to any issue in the case.  (*Id*. at 8.)

## II.    STANDARD OF REVIEW

A district court has "wide latitude" in determining the admissibility of evidence.  *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988).  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401 (2005).  In a jury trial, it is a district court's duty to screen out evidence that is confusing, misleading, wasteful, prejudicial or irrelevant.  *Romano*, 849 F.2d at 815.  *See also* FED. R. EVID. 402 & 403 (2005).  *In limine* orders serve this screening function and were "developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## III.    DISCUSSION

For the reasons set forth below, the Court finds that: (1) Decedent Simeone's awareness of the general risks of ultralight flying is irrelevant; (2) the releases have no bearing on Decedent's relevant experience base at the time of the accident; (3) the releases are not relevant to the theory that the accident was caused by pilot error; and (4) the releases do not shield Defendants from liability in this case.

### A.    Demonstration Ride Release & Waiver

Decedent Simeone signed an Interplane USA release & waiver form in connection with his ride in an Interplane USA demonstrator aircraft on March 5, 2000. (Defs.' Mot. for Summ. J. Ex. F.) The Court finds that this demonstration ride release & waiver is limited to that date. Decedent Simeone was required to sign the waiver prior to riding in the demonstration aircraft on March 5, 2000. (*Id.*) The language of the waiver shows that it applies only to that particular demonstration flight. (*Id.* (stating the undersigned "is fully aware this flight involves travel in three dimensions" and "that no warranties . . . have been given him concerning the safety of the flight . . . and that the flight is attempted solely at his own risk.")). Therefore, the demonstration ride waiver does not apply to Defendants' possible liability with regard to the aircraft that Decedent Simeone purchased on March 6, 2000.

Defendants claim that the demonstration ride release & waiver "demonstrate[s] Decedent Simeone's knowledge that ultralight flying can result in injury or death." (Defs.' Opp'n to Pls.' Mot. to Exclude Waivers/Releases at 4.) Defendants contend that such knowledge would buttress an assumption of the risk defense. *Id.* A plaintiff assumes a risk when the plaintiff knows of a product defect and still acts voluntarily and unreasonably in using that product. *See Wagner v. Firestone Tire & Rubber Co.*, 890 F.2d 652, 657 (3d Cir. 1989) (finding assumption of risk when plaintiff failed to use available safety devices, which he knew how to use, when operating a wheel assembly); *Aguilar v. Wei Equip.*, Civ. A. No. 03-1751, 2004 U.S. Dist. LEXIS 20998, at *5-*6 (E.D. Pa. Oct. 21, 2004) (finding assumption of risk when plaintiff knew sharp, powerful blade was near drain hole, yet still stuck his hand in hole). "Assumption of the risk thus depends upon *subjective awareness of the defect* . . . .[and] evidence that the plaintiff fully understood the *specific risk*. . . ." *Wagner*, 890 F.2d at 657 (emphasis added). Accordingly, notice of general risks associated with the proper

3

use of a defect-free product will not establish an assumption of risk defense. *See Barnes v. Am. Tobacco Co.*, 984 F. Supp. 842, 869 (E.D. Pa. 1997) (describing application of assumption of the risk doctrine as "very narrow" and stating that plaintiff's knowledge of specific defect and appreciation of precise risk is required); *see also Fish v. Gosnell*, 316 Pa. Super. 565, 578 (1983) ("[T]he essence of the assumption of the risk defense is that . . . . [b]efore the injury [plaintiff] intelligently acquiesced in a known danger and abandoned his right to complain, but afterwards, seeks to assert the claim he had waived."). The Court finds that the demonstration ride release & waiver is not relevant to Decedents' knowledge of any possible specific product defects and thus is not relevant to an assumption of the risk defense.

For these reasons, the Interplane USA demonstration ride release & waiver is excluded from evidence.

**B.    Order Form Release**

The Interplane USA aircraft order form, which Decedent Simeone signed on March 6, 2000, includes a one paragraph release that reads:

> I understand that flying aircraft is a potentially dangerous activity that can result in mishap, injury or death. I acknowledge that no warranties, either express or implied, have been given to me concerning the fitness of the aircraft or any of its parts. I agree to indemnify and hold harmless Interplane USA and its suppliers from any action or cause arising from the sale and use of this aircraft and/or parts.

(Defs.' Mot. for Summ. J. Ex. G.) Exculpatory agreements such as this are disfavored and are strictly construed by courts, which must apply common sense when interpreting these agreements. *See Weiner v. Mt. Airy Lodge, Inc.*, 719 F. Supp. 342, 345 (M.D. Pa. 1989). Under Pennsylvania law, a court must examine five factors when determining whether an exculpatory agreement is valid:

(1) the contract must not contravene any policy of the law; (2) the contract must

> be an agreement between individuals relating to their private affairs; (3) each party must be a free bargaining agent, not simply one drawn into an adhesion contract, with no recourse but to reject the entire transaction; (4) the agreement must be construed strictly and against the party asserting it; and (5) the agreement must spell out the intent of the parties with the utmost particularity.

*Id*. The general validity of the order form release is not the focus of the Court's analysis. There is, however, a "social policy aimed at protecting the average consumer by prohibiting blanket immunization of a manufacturer or seller through the use of standardized disclaimers." *Keystone Aeronautics Corp. v. R.J. Enstrom Corp.*, 499 F.2d 146, 149 (3d Cir. 1974) (concluding that Pennsylvania law permits waivers of strict liability between businesses of equal bargaining power in contrast to waivers involving individual consumers). As a result of this policy, the order form release could not shield Defendants from strict product liability, which cannot be waived by a consumer who is injured by a defective product. *See id.*; *see also Jankowski v. Ski Roundtop Inc.*, 45 Pa. D. & C.3d 671, 675-77 (C. P. Adams Co. 1986). Such a release could be an effective shield against a negligence claim or a breach of warranty claim. *See Jankowski*, 45 Pa. D. & C.3d at 673-74 (involving negligence claim); *Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc.*, Civ. A. No. 97-7430, 1998 U.S. Dist. LEXIS 2223, at *10 (E.D. Pa. Feb. 26, 1998) (involving breach of warranty claim).

However, a release can only be an effective shield if it applies to the parties who seek its protection. Therefore, the Court must determine whether the release between Decedent Simeone and Interplane USA applies to Defendants Bombardier-Rotax GmBH and Bombardier Inc. *See Pulliam v. Pocono Int'l Raceway, Inc.*, Civ. A. No. 94-1766, 1996 U.S. Dist. LEXIS 22792, at *8-*9 (M.D. Pa. Feb. 27, 1996) (court must determine "whether the [exculpatory] clause should be interpreted and construed to relieve a contracting party from liability").

5

Decedent Simeone bought his ultralight aircraft from Interplane USA and executed the release at the time of purchase. (Defs.' Opp'n to Pls.' Mot. to Exclude Waivers/Releases at 2.) Interplane USA bought the aircraft from Interplane s.r.o., a Czech company. (Pls.' Mot. to Exclude Waivers/Releases at 3-4.) Interplane s.r.o. bought the aircraft's engine from a Czech distributor, which is the entity that directly purchased the engine from Rotax. (*Id*. at 5.) The order form release holds harmless Interplane USA's suppliers. (Defs.' Mot. for Summ. J. Ex. G.) Exculpatory language must reveal the intent of the parties with the "utmost particularity." *See Weiner*, 719 F. Supp. at 345. Here, the release speaks in generalities about unnamed suppliers. Additionally, Defendants were not parties to the agreement and are three degrees removed from Interplane USA. The Court finds that Defendants are not included in the release term "[Interplane USA's] suppliers," and therefore they are not shielded from liability with regard to Decedent Simeone's use of their engine product.

For the reasons stated earlier, the order form release is also not relevant to an assumption of the risk defense. *See supra* Part III.A. The Court also finds that the order form release, couched in generalities, does not inform a purchaser of any real risks associated with the product. In addition, the release is not relevant to possible pilot error because language that states, "flying aircraft is a potentially dangerous activity that can result in mishap, injury or death" does not make pilot error a more or less probable cause of the aircraft accident in this case. (Defs.' Mot. for Summ. J. Ex. G.); *see* FED. R. EVID. 401. Finally, in terms of being a component of Decedent Simeone's base of ultralight aircraft knowledge and experience, the one paragraph release is insignificant, making it unnecessary as evidence. The Court concludes that the release's probative value as a component of Simeone's backround would be substantially outweighed in

6

terms of prejudice and confusion to the jury on the issue of liability.  *See* FED. R. EVID. 403.  For these reasons, the Interplane USA order form release is excluded from evidence.

IV.    **CONCLUSION**

For the reasons discussed above, Plaintiffs' Motion in Limine to Exclude Evidence of Interplane USA Waivers/Releases is granted.  An appropriate Order follows.