**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THERESA MARIE SIMEONE, Personal | : | |
| Representative of the Estate of Albert Francis | : | |
| Simeone, Jr., Deceased, and THERESA MARIE | : | CIVIL ACTION NO. 02CV4852 |
| SIMEONE, In Her Own Right, and | : | |
| MARY ANN LENGYEL, Personal | : | |
| Representative of the Estate of George Lengyel, | : | |
| Deceased, and MARY ANN LENGYEL, | : | JURY TRIAL DEMANDED |
| In Her Own Right, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BOMBARDIER-ROTAX GmbH, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORDANDUM OF LAW IN SUPPORT
OF PLAINTIFFS' MOTION TO AWARD DELAY
DAMAGES PURSUANT TO PA. R. CIV. P. 238**

Pa. R. Civ. P. 238 (a) states that

(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.

Rule 238 is applicable to diversity actions in federal court. *Bullins v. City of Philadelphia*, 516 F. Supp. 728 (E.D. Pa. 1981); *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147 (3rd Cir. 1995); *Fauber Transport & Equipment Co.*, 876 F.2d 327 (3rd Cir. 1989).

Service of Process was first made in this action on September 5, 2002. [See Return of Service attached hereto as Exhibit "A"]  On October 21, 2005, a jury awarded the Lengyel Plaintiffs damages totaling $1,425,000.00 and the Simeone Plaintiffs damages totaling $550,000.00. [See Civil Judgment attached as Exhibit "B"] Accordingly, delay damages are to be calculated from September 5, 2003 through the date of the jury's verdict on October 21, 2005.

The prime rate for 2003 was 4 ¼%. [See Addendum to Rule 238 attached hereto as Exhibit "C"]  Therefore, the applicable interest rate for calculating delay damages during the period September 5, 2003 through December 31, 2003 is 5 1/4%.

The prime rate for 2004 was 4%. [See Addendum to Rule 238 attached hereto as Exhibit "C"]  Therefore, the applicable interest rate for calculating delay damages during the period January 1, 2004 through December 31, 2004 is 5%.

The prime rate for 2005 was 5 ¼%. [See Addendum to Rule 238 attached hereto as Exhibit "C"]  Therefore, the applicable interest rate for calculating delay damages during the period January 1, 2005 through October 21, 2005 is 6 ¼%.

Delay damages are computed as follows:

**A.     Lengyel Plaintiffs**

| | | | |
|---|---|---|---|
| 2003 | $1,425,000.00 x 5 ¼% | = $74,812.50 x 88/365 | = $18,029.81 |
| 2004 | $1,425,000.00 x 5% | = $71,250.00 x 365/365 | = $71,250.00 |
| 2005 | $1,425,000.00 x 6 ¼% | = $89,062.50 x 294/365 | = $71,695.31 |

**Total     $160,975.12**

**B.      Simeone Plaintiffs**

| | | | |
|---|---|---|---|
| 2003 | $550,000.00 x 5 ¼% | = $28,875.00 x 88/365 | = $6,958.87 |
| 2004 | $550,000.00 x 5% | = $27,500.00 x 365/365 | = $27,500.00 |
| 2005 | $550,000.00 x 6 ¼% | = $34,375.00 x 294/365 | = <u>$27,671.87</u> |

**Total      $62,130.74**

Rule 238 (b) provides that

(1) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(i) after the defendant made a written offer which complied with the requirements of subdivision (b)(2), provided that the plaintiff obtained a recovery which did not exceed the amount described in subdivision (b)(3), or

(ii) during which the plaintiff caused delay of the trial.

Defendant made no written offer of settlement in this action and Plaintiffs caused no delay of the trial.  As such, no reduction of delay damages is appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court mold the verdict to include delay damages as set forth above.

Respectfully submitted,


*Alan D. Mattioni /s/*
Arthur Alan Wolk, Esquire
Alan D. Mattioni, Esquire
The Wolk Law Firm
1710-12 Locust Street
Philadelphia, PA 19103
(215) 545-4220

*Attorneys for Plaintiffs*